LATHAM & WATKINS LLP
　　Patrick E. Gibbs (Bar No. 183174)
　　Matthew Rawlinson (Bar No. 231890)
140 Scott Drive
Menlo Park, California 94025
Telephone: +1.650.328.4600
Facsimile: +1.650.463.2600
*patrick.gibbs@lw.com*
*matt.rawlinson@lw.com*

LATHAM & WATKINS LLP
　　Melanie Blunschi (Bar No. 234264)
505 Montgomery Street, Suite 2000
San Francisco, California, 94111
Telephone:  +1.415.391.0600
Facsimile:  +1.415395.8095
*melanie.blunschi@lw.com*

Attorneys for Defendants
Advanced Micro Devices, Inc.,
Rory P. Read, Thomas J. Seifert,
Richard A. Bergman, and Lisa T. Su

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BABAK HATAMIAN and LUSSA DENNJ SALVATORE, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ADVANCED MICRO DEVICES, INC., RORY P. READ, THOMAS J. SEIFERT, RICHARD A. BERGMAN, AND LISA T. SU,<br><br>　　　　　Defendants. | CASE NO. 14-cv-00226-YGR<br><br>**STIPULATION REGARDING CONFIDENTIALITY AND [PROPOSED] PROTECTIVE ORDER** |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

1

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
14-cv-00226-YGR

**RECITALS**

WHEREAS Court-appointed Lead Plaintiffs Arkansas Teacher Retirement System and KBC Asset Management NV ("Lead Plaintiffs") and Defendants Advanced Micro Devices, Inc. ("AMD"), Rory P. Read, Thomas J. Seifert, Richard A. Bergman, and Lisa T. Su ("Defendants," and, together with Lead Plaintiffs, "the Parties"), will exchange documents and/or information between and among themselves, and may obtain further documents and/or information from third parties, through discovery in the above-captioned action (the "Action");

WHEREAS the Parties believe that some of the documents and information expected to be obtained through discovery in this Action may constitute or reflect trade secrets and/or other non-public, business, financial, commercial, proprietary, personal and/or other sensitive information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G) or Rule 45(d)(3)(B)(i) or other provisions of applicable federal and state law, which, if not kept confidential, could be injurious to the interests of the party making such disclosure and others;

WHEREAS the Parties have agreed that any confidential documents and confidential information obtained through discovery in this Action shall be kept confidential pursuant to the terms of the following Stipulation Regarding Confidentiality and the related Protective Order ("Stipulated Protective Order"), and any such amendments or additions to such Stipulated Protective Order as may be made by the Parties and/or the Court from time to time;

THEREFORE, Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Parties, by and through their respective counsel of record, hereby stipulate and agree to be bound by the following terms of this Stipulated Protective Order.

**STIPULATION REGARDING CONFIDENTIALITY**

This Stipulated Protective Order establishes a procedure governing the disclosure of confidential information in this litigation, imposes obligations on persons receiving confidential information to prevent unauthorized use or disclosure, and establishes a procedure for challenging confidentiality designations.

Subject to the protections of Rule 26(c) of the Federal Rules of Civil Procedure, this Stipulated Protective Order covers private, confidential, and proprietary information as

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

2

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
14-cv-00226-YGR

designated by the Parties or by a third party, and as defined below. Accordingly, it is agreed by and among the Parties that the following procedures shall be adopted for the protection of such information:

    1.    "<u>Producing Party</u>" means a party or non-party that produces documents, other material, or testimony to a Party in this Action.

    2.    "<u>Receiving Party</u>" means a Party that receives documents, other material, or testimony from a Producing Party, including any such material designated "CONFIDENTIAL."

    3.    "<u>Confidential Information</u>" means information that a Producing Party reasonably believes to constitute, reflect, or disclose trade secrets, proprietary data, commercial information, non-public, business, financial, personal, and/or confidential information protected by constitutional or other rights of privacy. Such information includes but is not limited to: the contents and subject matter of documents produced during discovery; answers to interrogatories; responses to requests for admissions; deposition transcripts; hearing and trial transcripts; and other tangible things that are designated "CONFIDENTIAL" at the time specified in this Stipulated Protective Order, including all information contained therein, and all copies, abstracts, excerpts, analyses, or other writings that contain, reflect, or disclose such information.

    4.    <u>Designation</u>. Any Producing Party may designate as "CONFIDENTIAL" any document (and copies thereof) or other material produced, furnished, authored, generated, or originated by such party, or testimony related thereto, which it contends is confidential, by marking such documents, material, or testimony with the word "CONFIDENTIAL." Deposition testimony may be designated "CONFIDENTIAL" by oral statement by any party at the deposition or in writing thereafter, in the manner described below. If portions of deposition testimony are designated "CONFIDENTIAL" during the deposition, the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL." Any party may designate portions of deposition transcripts as "CONFIDENTIAL" after the deposition by written notice to the reporter and to all counsel of record, given within ten (10) days after a deposition transcript is received by such party's counsel, in which case all counsel receiving the transcript shall be responsible for marking copies of the designated transcript in

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

3

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
14-cv-00226-YGR

their possession or under their control. During this ten (10) day designation period, all parties shall treat the deposition transcript as if it had been designated "CONFIDENTIAL."

5. <u>Limitation on Use of Documents</u>. Except as hereinafter provided, all documents, other material, or testimony produced in this Action, whether or not designated "CONFIDENTIAL," shall be used by a Receiving Party only in this Action and only for purposes necessary to the prosecution or defense of the claims at issue therein. No documents, other material, or testimony produced in this Action shall be used by a Receiving Party for any other purpose, including but not limited to commercial, business, competitive, or other purposes, for any reason whatsoever, or in or for any other judicial or administrative proceedings, disputes, or cases without consent of the Producing Party, except as provided in Paragraph 14.

6. <u>Scope of Order</u>. Documents and information designated "CONFIDENTIAL" shall not be disclosed by a Receiving Party to anyone except as provided in this Stipulated Protective Order.

7. <u>Objections</u>. If any party objects to the designation of any material as "CONFIDENTIAL," the objecting party will meet and confer with the Producing Party in an effort to resolve the dispute. If the meet and confer process does not resolve the dispute, the objecting party may apply to the Court for an order removing the "CONFIDENTIAL" designation. The contested information shall retain its confidential status pending resolution of the dispute.

8. <u>Good Faith</u>. To expedite the production of documents in this case, and to obviate the costs and time burdens associated with a document-by-document confidentiality review, a Producing Party may designate all documents as "CONFIDENTIAL" at the time of production. However, because over-designation of documents as "CONFIDENTIAL" may complicate the filing of documents with the Court, interfere with preparation for trial, and otherwise unduly raise the costs of litigation to all concerned, the Parties agree to exercise good faith in responding to requests from a Requesting Party to de-designate material as "CONFIDENTIAL."

9. <u>Disclosure to Qualified Persons</u>. Confidential Information may be disclosed only to the Court; court personnel; court reporters and video personnel recording depositions where

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

4

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
14-cv-00226-YGR

Confidential Information is disclosed; counsel for the parties; support staff of the parties and their counsel (e.g., paralegals, secretaries, law clerks, internal or external copying services); and "Qualified Persons," defined as follows:

    (a)    Individuals employed by Arkansas Teacher Retirement System, KBC Asset Management NV, or AMD with direct responsibility for overseeing the prosecution or defense of this Action;

    (b)    Expert witnesses or consultants retained by the Parties or their respective counsel;

    (c)    Witnesses during depositions designated as "CONFIDENTIAL" in accordance with Paragraphs 4 and 5 above; and

    (d)    Mediators or arbitrators, and their support personnel, engaged by the Parties for settlement purposes in this Action.

10.    <u>Verification</u>.  Before a Receiving Party may disclose another party's Confidential Information to a Qualified Person, counsel for the Receiving Party shall provide each such Qualified Person with a copy of this Stipulated Protective Order and shall obtain from the Qualified Person an executed copy of the Non-Disclosure Certificate attached hereto as Exhibit A.

11.    <u>Inspection and Copying</u>.  In the event that a Producing Party agrees to make documents available to a Receiving Party to inspect and specify certain documents for copying, the Producing Party need not designate any documents as Confidential Information in advance of such inspection.  For purposes of the inspection, and any subsequent inspection of original documents, all documents produced for inspection shall be treated as if they were marked "CONFIDENTIAL."  Thereafter, upon the Receiving Party's selection of specified documents for copying, the Producing Party may mark copies of such documents with the appropriate confidentiality designation at the time the copies are produced to the Receiving Party.

12.    <u>Filing Under Seal</u>.  Should a Receiving Party wish to file with the Court any document, other material, or testimony designated "CONFIDENTIAL," such material shall be filed in accordance with Northern District of California Civil Local Rule 79-5, subject to the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

5

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
14-cv-00226-YGR

provisions of Local Rule 7-11(b).  Whenever practical, the Receiving Party shall meet and confer with the Producing Party in advance of the filing to determine whether the designation of Confidential Information may be waived or narrowed.

13.  **Disclosure at Hearing**.  Prior to the disclosure at any hearing in this Action of any document, other material, or testimony designated "CONFIDENTIAL," the Receiving Party seeking to disclose such Confidential Information shall take reasonable steps to afford the Producing Party the opportunity to object to such disclosure in open court.

14.  **Disclosure in Another Action**.  In the event any Party or a Qualified Person subject to this Stipulated Protective Order:  (a) is subpoenaed in another action; (b) is served with a demand in another action to which any of the Parties or a Qualified Person is a party; or (c) is served with any other legal process that seeks Confidential Information that was produced by someone other than the person or party who receives the subpoena, demand or other legal process, the recipient of such subpoena, demand or other legal process shall give prompt written notice of the receipt of such subpoena, demand or other legal process to the producing party. Nothing herein shall be construed as requiring a person or party from whom Confidential Information is sought, or anyone else subject to this Stipulated Protective Order, to challenge or appeal any order requiring production of the Confidential Information protected by this Stipulated Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

15.  **Destruction of Materials**.  Within 60 days of the final determination of this Action, including any appeal, any person or entity that is in possession of a document, other material, or testimony marked "CONFIDENTIAL" shall return such material to the Producing Party or shall destroy it.  Written confirmation of such return or destruction shall be forwarded to counsel for the Producing Party.  Notwithstanding this provision, however, Confidential Information need not be returned or destroyed if it:  (a) has been filed in pleading files maintained by counsel; or (b) is mentioned in notes, memoranda, or other writings prepared by counsel and covered by the work product doctrine.  Confidential Information contained in

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

6

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
14-cv-00226-YGR

1  counsels' pleadings files or work product shall not thereafter be disclosed to any person or used
2  for any purpose.

3      16.    <u>Inadvertent Failure to Designate</u>.  If a Producing Party inadvertently produces
4  Confidential Information without designating it as such in accordance with the provisions of this
5  Stipulated Protective Order, the failure to do so shall not be deemed a waiver of its
6  confidentiality in this or any other proceeding.  If a Producing Party designates any previously
7  produced document, other material, or testimony as "CONFIDENTIAL," all recipients thereof
8  shall promptly: (a) mark the material as "CONFIDENTIAL"; or  (b) return the material to the
9  Producing Party for confidential designation pursuant to the provisions of this Stipulated
10 Protective Order.  In any event, if a Receiving Party understands that confidential treatment was
11 intended for any document, other material, or testimony, such material shall be treated as if
12 marked "CONFIDENTIAL" notwithstanding the absence of such designation.

13     17.    <u>Inadvertent Disclosure of Privileged Material</u>. If a Producing Party learns that it
14 has disclosed or produced a document or other material subject to a claim of privilege or work
15 product protection, the Producing Party may demand in writing that any Receiving Party return
16 or destroy such document or material, including any copies thereof.  Upon receipt of such
17 demand, the obligations of the Receiving Party shall be those set forth in Federal Rule of Civil
18 Procedure 26(b)(5)(B) and Federal Rule of Evidence 502 shall apply.  Within fourteen (14) days
19 of the Receiving Party's receipt of such written notice, the Receiving Party shall notify the
20 Producing Party in writing of any objections to the assertion or privilege or inadvertent
21 disclosure.  The Receiving Party shall also return, or otherwise confirm destruction of, the
22 document to the Producing Party within fourteen (14) days of the notice of inadvertent
23 production, subject to the following exception: the Receiving Party may retain one copy of any
24 such document claimed to be subject to the applicable privilege or immunity for use in
25 connection with a motion to the Court to challenge the assertion of privilege or inadvertent
26 disclosure of such document.  Such motion shall be filed under seal, and shall not rely upon in
27 any manner or assert as a ground for entering such an Order the fact or circumstances of the
28 inadvertent production or disclosure, including whether sufficient efforts were made by the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

7

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
4-cv-00226-YGR

1  Producing Party to prevent the production or disclosure.  If this motion is not served or filed

2  within fourteen (14) days after the Receiving Party has given the Producing Party written notice

3  that it objects to the assertion of privilege or inadvertent disclosure, then the Receiving Party

4  waives its right to make such motion, and the document must be destroyed or returned.  Such

5  return or destruction shall not constitute an acknowledgement that the claimed document or

6  information is in fact privileged or entitled to the claimed privileges or immunity.

7      18.  <u>Reservation of Rights</u>.  This Stipulated Protective Order is entered without

8  prejudice to the right of any Producing Party to use any of its own Confidential Information in

9  any manner that party deems appropriate, including the right of any Producing Party to provide

10  its own Confidential Information to parties in related litigation.

11      19.  <u>Duration</u>.  This Stipulated Protective Order shall survive the final conclusion of

12  this litigation and shall continue in full force and effect.  The Court shall retain jurisdiction over

13  the Parties, and any other person bound by this Stipulated Protective Order, to enforce this Order.

14      20.  <u>Sanctions</u>.  All persons bound by this Stipulated Protective Order are hereby

15  notified that if this Stipulated Protective Order is in any manner violated, the person or entity

16  who commits such violation may be subject to such sanctions as the Court, on motion and after

17  notice and a hearing, deems just.

18  **IT IS SO STIPULATED.**

19  Dated:  June 17, 2015         Respectfully submitted,
20                                LATHAM & WATKINS LLP

21                                By:     */s/ Patrick E. Gibbs*
                                            Patrick E. Gibbs

22
                                  Attorney for Defendants ADVANCED MICRO
23                                DEVICES, INC., RORY P. READ, THOMAS J.
                                  SEIFERT, RICHARD A. BERGMAN, AND LISA T. SU
24

25  Dated:  June 17, 2015         Respectfully submitted,
26                                LABATON SUCHAROW LLP

27                                By:     */s/  Jonathan Gardner*
                                            Jonathan Gardner
28
                                  Attorney for Lead Plaintiffs KBC ASSET

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

8

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
14-cv-00226-YGR

| | |
|---|---|
| 1 | MANAGEMENT NV and ARKANSAS TEACHER RETIREMENT SYSTEM |
| 2 Dated: June 17, 2015 | Respectfully submitted, |
| 3 | MOTLEY RICE LLC |
| 4 | By:      /s/ James Hughes |
| 5 |             James Hughes |
| 6 | Attorney for Lead Plaintiffs KBC ASSET MANAGEMENT NV and ARKANSAS TEACHER RETIREMENT SYSTEM |
| 7 | |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

9

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
14-cv-00226-YGR

**[PROPOSED] ORDER**

Having read the foregoing Stipulation Regarding Confidentiality and good cause therefor appearing,

**IT IS SO ORDERED.**

Dated: _____

THE HON. YVONNE GONZALES ROGERS
United States District Judge

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

10

STIPULATION AND
[PROPOSED] PROTECTIVE ORDER
14-cv-00226-YGR

# EXHIBIT A

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

11

EXHIBIT A
NON-DISCLOSURE CERTIFICATE
14-cv-00226-YGR

| | |
|---|---|
| 1 | LATHAM & WATKINS LLP |
| |     Patrick E. Gibbs (Bar No. 183174) |
| 2 |     Matthew Rawlinson (Bar No. 231890) |
| | 140 Scott Drive |
| 3 | Menlo Park, California 94025 |
| | Telephone: +1.650.328.4600 |
| 4 | Facsimile: +1.650.463.2600 |
| | *patrick.gibbs@lw.com* |
| 5 | *matt.rawlinson@lw.com* |
| 6 | LATHAM & WATKINS LLP |
| |     Melanie Blunschi (Bar No. 234264) |
| 7 | 505 Montgomery Street, Suite 2000 |
| | San Francisco, California, 94111 |
| 8 | Telephone:  +1.415.391.0600 |
| | Facsimile:  +1.415395.8095 |
| 9 | *melanie.blunschi@lw.com* |

Attorneys for Defendants
Advanced Micro Devices, Inc.,
Rory P. Read, Thomas J. Seifert,
Richard A. Bergman, and Lisa T. Su

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BABAK HATAMIAN and LUSSA DENNJ SALVATORE, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>ADVANCED MICRO DEVICES, INC., RORY P. READ, THOMAS J. SEIFERT, RICHARD A. BERGMAN, AND LISA T. SU,<br><br>    Defendants. | CASE NO. 14-cv-00226-YGR<br><br>**NON-DISCLOSURE CERTIFICATE** |

I certify my understanding that access to materials designated as "CONFIDENTIAL" is provided to me pursuant to the terms and restriction of a Stipulation Regarding Confidentiality and Protective Order entered in the above-captioned litigation on _____ (the "Order").  I certify that I have been given a copy of, and have read, the Order and agree to comply with its terms. I understand that the contents of any material designated

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

12

EXHIBIT A
NON-DISCLOSURE CERTIFICATE
14-cv-00226-YGR

"CONFIDENTIAL," and any notes or other memoranda or any other forms of information which copy or disclose material designated "CONFIDENTIAL," shall not be disclosed to anyone other than in accordance with the Order and shall be used only for the purposes set forth therein.

  I agree to be subject to the jurisdiction of this Court for purposes of enforcement of this Non-Disclosure Certificate and the Order.

By: _____

Title: _____

Representing: _____

Date: _____

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

13

EXHIBIT A
NON-DISCLOSURE CERTIFICATE
14-cv-00226-YGR

## ATTESTATION CLAUSE

I, Patrick Gibbs, am the ECF User whose identification and password are being used to file this Stipulation Regarding Confidentiality and [Proposed] Protective Order pursuant to Civil Local Rule 5-1. I hereby attest that Jonathan Gardner and James Hughes have concurred in this filing. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 17 day of June 2015, at Menlo Park, California.

Dated: June 17, 2015                    LATHAM & WATKINS LLP


By:  _____*/s/ Patrick E. Gibbs*_____
         Patrick E. Gibbs

Attorney for Defendants ADVANCED MICRO DEVICES, INC., RORY P. READ, THOMAS J. SEIFERT, RICHARD A. BERGMAN, AND LISA T. SU