**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **BABAK HATAMIAN, ET AL.**, <br> Plaintiffs, <br> v. <br> **ADVANCED MICRO DEVICES, INC., ET AL.**, <br> Defendants. | Case No.: **14-CV-226 YGR** <br><br> **ORDER DENYING WITHOUT PREJUDICE JOINT MOTION TO ENTER PROPOSED STIPULATED PROTECTIVE ORDER** |

The parties' [Proposed] Stipulated Protective Order (Dkt. No. 125) is hereby **DENIED WITHOUT PREJUDICE**. The District's Model Protective Order for Standard Litigation is available online.[1] The parties are hereby advised that prior to submitting their revised stipulated protective order, the model order available online should be modified to reflect the following update to Paragraph 6.3, which concerns judicial intervention in the event of a challenged designation:

> 6.3   Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the parties shall follow the Court's Standing Order in Civil Cases regarding Discovery and Discovery Motions. The parties may file a joint letter brief regarding retaining confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by a

---

[1] *See* United States District Court, Northern District of California, "Stipulated Protective Orders," http://cand.uscourts.gov/stipprotectorder.

Designating Party to file such discovery dispute letter within the applicable 21 or 14 day period (set forth above) with the Court shall automatically waive the confidentiality designation for each challenged designation. If, after submitting a joint letter brief, the Court allows that a motion may be filed, any such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The Court, in its discretion, may elect to transfer the discovery matter to a Magistrate Judge.

In addition, the parties may file a joint letter brief regarding a challenge to a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. If, after submitting a joint letter brief, the Court allows that a motion may be filed, any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. The Court, in its discretion, may elect to refer the discovery matter to a Magistrate Judge.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a letter brief to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

1   In addition, the parties are directed to review the undersigned's discovery procedures.[2]

2   This Order terminates Docket No. 125.

3   **IT IS SO ORDERED**.

Date: June 23, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[2] *See* United States District Court, Northern District of California, Standing Orders of Judge Gonzalez Rogers, http://cand.uscourts.gov/ygrorders

3