UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BABAK HATAMIAN, et al.,

    Plaintiffs,

v.

ADVANCED MICRO DEVICES, INC., et al.,

    Defendants.

Case No. 14-cv-00226-YGR (JSC)

**ORDER GRANTING MOTION TO COMPEL**

Re: Dkt. No. 149

    In this securities fraud putative class action, Plaintiffs contend that defendant Advanced Microdevices, Inc. ("AMD") made misrepresentations regarding the launch of its "Llano" microprocessor, and in particular, misstatements regarding the Llano manufacturing plant's chip yield. As is the practice in such actions in which the plaintiffs must satisfy the heightened pleading standard of the PSLRA, the operative complaint relies upon statements from unidentified "confidential witnesses" who are generally identified by job title, employer, and dates of employment, but are not named. The question before the Court is whether the name of a confidential witness whose statements were used in a filed but later superseded complaint is work product not subject to production. The Court must also decide whether Plaintiffs may withhold the name of a person identified in the operative complaint as an "industry expert" until the time for expert discovery. After reviewing the arguments made by the parties in their joint letter brief (Dkt. No. 149), the Court concludes the answer to both questions is no.[1]

**DISCUSSION**

    In their amended complaint Plaintiffs included allegations from confidential witnesses,

---

[1] This discovery dispute has been referred to the undersigned magistrate judge for decision. (Dkt. No. 150.)

identified in the amended complaint as "CW1" through "CW9." (Dkt. No. 56 ¶¶ 93-114.) A couple of weeks after Plaintiffs filed the amended complaint, the parties stipulated to Plaintiffs' filing of a "corrected" amended complaint. (Dkt. No. 59.) The stipulation explained that after Plaintiffs sent a copy of the amended complaint to CW1, "CW1 insisted on being removed from the Complaint[.]" (Dkt. No. 59 at 2.) Accordingly, the corrected amended complaint removes all allegations attributable to CW1, but is otherwise identical to the amended complaint. (Dkt. No. 61.) The district court subsequently denied Defendants' motion to dismiss the corrected amended complaint (Dkt. No. 110), which is now the operative complaint.

At a case management conference held following the denial of the motion to dismiss, and in response to a comment from defense counsel, the district court asked Plaintiffs when they would provide Defendants with the names of the confidential witnesses. (Dkt. No. 142 at 12.) Plaintiffs responded that they would provide Defendants with the names of the confidential witnesses and, as promised, they have provided Defendants with the names of all but one of the confidential witnesses identified in the corrected amended complaint. They have refused, however, on work product grounds, to name CW1 given that all references to that witness are eliminated from the operative complaint. They have also refused to name an unnamed "industry expert" relied upon in the operative complaint.

### A.     Work Product does not Protect the Name of CW1

Plaintiffs do not dispute the relevance of CW1, and instead contend that CW1's name is protected from disclosure as attorney work product. Plaintiffs, as the parties asserting privilege from production, bear the burden of establishing that the work product doctrine applies. *See United States v. Chevron*, 241 F. Supp. 2d 1065, 1080-81 (N.D. Cal. 2002) (citation omitted). "At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *United States v. Nobles*, 422 U.S. 225, 238 (1975). "The work-product rule is . . . a qualified immunity protecting from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." *Admiral Ins. Co. v. U.S. Dist. Ct. for Dist. of Ariz.*, 881 F.2d 1486, 1494 (9th Cir. 1989) (citing Fed. R. Civ. P. 26(b)(3).).

Plaintiffs have identified by name those confidential witnesses who are referred to in the operative complaint; they contend, however, that the name of CW1 is work product because they are no longer relying on CW1 in the operative complaint. Thus, they argue, disclosure of the name of CW1 is tantamount to requiring Plaintiffs to disclose the names of all persons they interviewed in connection with their pre-complaint investigation and such information is protected attorney work product. *See Plumbers & Pipefitters Local 572 Pension Fund*, No. 01-cv-20418 JW, 2005 WL 1459555, at *4 (N.D. Cal. June 21, 2005). The Court disagrees.

In the amended complaint Plaintiffs alleged that CW1 made certain statements. Plaintiffs described CW1 by identifying his former and current employers, job titles and dates of employment. (Dkt. No. 56 ¶ 93.) Defendants do not seek any information regarding how Plaintiffs came to include those allegations in the amended complaint, who else Plaintiffs spoke to about the allegations, or who Plaintiffs interviewed but did not include in their amended complaint; instead, Defendants merely seek the name of the person Plaintiffs identified (except by name) in the amended complaint. Such information is not work product.

*Plumbers & Pipefitters Local 572 Pension Fund*, upon which Plaintiffs rely, supports a finding of no work product. There the district court explained:

> "When the terms of the interrogatory are not cast in terms of identification of persons with knowledge but rather in terms of the identification of persons interviewed by counsel, the work-product doctrine may be applicable." *Mass. v. First Nat'l Supermarkets, Inc.*, 112 F.R.D 149, 152 (D. Mass. 1986). The Court is persuaded by the rationale underlying this distinction; that is, "if the identity of interviewed witnesses is disclosed, the opposing counsel can infer which witnesses counsel considers important, revealing mental impressions and trial strategy." *In re MTI Tech. Corp. Sec. Litig. II*, 2002 WL 32344347 (C.D. Cal. June 13, 2002).

2005 WL 1459555, at *4. Here, Defendants seek the identity of a person Plaintiffs have already identified as someone with knowledge. Such request does not seek work product. *See In re Harmonic, Inc. Sec. Litig.*, 245 F.R.D. 424, 427 (N.D. Cal. 2007); *Miller v. Ventro Corp.*, No. C 01-01287 SBA (EDL), 2004 WL 868202, at *2 (N.D. Cal. April 21, 2004).

Plaintiffs' decision to exclude CW1 from the corrected amended complaint because CW1 did not want to be included does not transform CW1's name into work product. The cat is out of

3

1  the bag. Plaintiffs previously disclosed that a specific person has knowledge relevant to this
2  lawsuit. Revealing that person's name does not disclose "counsel's tactical or strategic thoughts."
3  *Plumbers & Pipefitters Local 572 Pension Fund*, 2005 WL1459555, at *4.
4      As the name of CW1 is not work product Defendants' motion to compel disclosure of
5  CW1's name is granted. That being said, the Court accepts Plaintiffs' representation that *publicly*
6  disclosing CW1's name could have negative repercussions for CW1. Accordingly, as Defendants
7  have offered (Dkt. No. 149 at n.1) the Court orders that any disclosure be subject to an attorneys'
8  eyes only protective order.

**B.    Disclosure of the Unnamed Expert A is not Premature**

Plaintiffs' operative complaint relies on "Industry Expert A" to support an inference that Defendants' statements were false when made. (Dkt. No. 61 at ¶¶ 112-133.) Plaintiffs identify Expert A having "25 years of direct industry experience with microprocessor and chip design, yield, and supply chain management, and gained this experience through various high-level positions at IBM, Intel, Samsung, Sandisk, Texas Instruments, and Qualcomm." (*Id.* at ¶ 112.) Plaintiffs do not contend that the name of Expert A is work product or that it is not relevant; instead, they baldly assert that as the parties are not required to disclose their experts until next summer, Plaintiffs may hide the name of Expert A until that time. Again, the Court disagrees. Plaintiffs have chosen to utilize an expert in their complaint. Plaintiffs have not articulated any prejudice or reason not to treat that "confidential witness" as any other "confidential witness" in the complaint, at least for the purpose of disclosing the confidential expert witness's name. Further, as Plaintiffs agreed in open court before the district court to identify the "confidential witnesses" in the complaint, that Defendants have not made a formal request for the name of Expert A is of no matter. Plaintiffs shall also provide Defendants with the name of Expert A.

This Order disposes of Docket No. 149.

**IT IS SO ORDERED.**

Dated: September 24, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4