UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BABAK HATAMIAN, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>ADVANCED MICRO DEVICES, INC., et al.,<br><br>        Defendants. | Case No. 14-cv-00226-YGR   (JSC)<br><br>**ORDER RE: DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 185 |

In this securities fraud class action, Plaintiffs contend that defendant Advanced Microdevices, Inc. ("AMD") made misrepresentations regarding the launch of its "Llano" microprocessor, and in particular, misstatements regarding the Llano manufacturing plant's chip yield. Now pending before the Court is Plaintiffs' request for an order compelling Defendants to add AMD's former CEO Dirk Meyer ("Meyer") as a custodian for collection of electronically stored material ("ESI") for the pre-Class Period timeframe. (Dkt. No. 185.) Having reviewed the parties' submissions, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. L.R. 7-1(b), and GRANTS Plaintiffs' request as set forth below.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b). "The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Keith H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652, 655-56 (C.D. Cal. 2005) (citation omitted).

In an Order of November 16, 2015, the Court expanded the temporal scope of discovery to include "pre-Class Period" dating to April 2010 but excluding "custodians relevant only to the Llano inventory write-down or documents responsive to the 2012 forecasting allegations." (Dkt. No. 162 at 4.) The parties have since met and conferred regarding the ESI custodians for the pre-Class Period, ultimately agreeing to sixteen individuals, but reaching an impasse as to Meyer. Plaintiffs offered to exchange one of the agreed-upon custodians, Chris Raeder, for Meyer, but Defendants refused. This discovery dispute followed, in which the parties dispute whether Meyer is a relevant ESI custodian for the pre-Class Period.

Defendants have failed to meet their burden of establishing that Meyer should not be a custodian for the pre-Class Period. Meyer was AMD's CEO during that time. The complaint alleges, among other things, that he oversaw the final stages of AMD's Accelerated Processing Unit ("APU") effort, oversaw the rollout of Llano's APU predecessor and approved the decision to launch that chip ahead of Llano contrary to the company's original plans, was involved in high-level negotiations with key customers regarding potential Llano sales in 2010, and provides context to his successor's transition into the CEO role. (Dkt. No. 61 ¶¶ 48, 54, 75, 67, 76-77, 127, 132.) Because Meyer has information relevant to Llano's production status, the information is relevant, and Defendants have not established otherwise. Defendants contend that Meyer's information is too high-level to be relevant; they concede that he "may have managed groups or aspects of AMD's operations that were involved in Llano's production" but argue that this high-level management is too general to render his e-mails discoverable. (Dkt. No. 185 at 5.) Not so. "Despite the recent amendments to Rule 26, discovery relevance remains a broad concept." *Fed. Nat'l Mortg. Ass'n v. SFR Invs. Pool 1, LLC*, No. 1:14-cv-02046-JAD-PAL, 2016 WL 778368, at *2 n.16 (D. Nev. Feb. 25, 2016) (citing Fed. R. Civ. P. 26(b)(1)). Defendants have failed to establish that Meyer has no information about Llano's production and the decisions that AMD made prior to its roll out. He is therefore a relevant custodian.

Nor have Defendants established that including Meyer as a pre-Class Period ESI custodian would not be proportional to the needs of the case, as their portion of the letter brief solely challenges his relevance. (*See* Dkt. No. 185 at 3-6.) The knowledge that AMD employees and

*United States District Court*
*Northern District of California*

officers had of Llano's production problems in the pre-Class Period is relevant to the falsity of the later misrepresentations about the product's production.  There is a significant amount in controversy in this action.  Only Defendants have access to Meyer's ESI.  Defendants imply that Meyer's documents might be cumulative to other lower-level employees that he supervised, but fail to address Plaintiffs' assertions that Meyer as CEO may have unique knowledge about certain Llano-related issues, including high-level negotiations with clients, which suggests that his documents would not be cumulative.  Notably, Defendants say nothing about the burden or expense of the proposed discovery.  And indeed, the burden of Plaintiffs' proposal seems minimal given (1) their offer to exchange Raeder for Meyer as a custodian; and (2) the limited, nine-month time period for the Meyer search (specifically, April 1, 2010 through January 10, 2011).  Moreover, if, as Defendants contend, Meyer is not actually a relevant custodian, then there should be few responsive hits when they run the search terms on Meyer's e-mails, so there would be very little burden on Defendants in reviewing and producing those documents.

In short, because they have not demonstrated that Meyer is not a relevant custodian or that searching his ESI during the requested narrow time period would be out of proportion with the needs of the case, Defendants have failed to demonstrate that substituting Meyer for Raeder as a pre-Class Period ESI custodian is unwarranted.  The Court therefore GRANTS Plaintiff's request for an order compelling Defendants to substitute Meyer for Raeder as a custodian for the collection of ESI during the pre-Class Period.

This Order disposes of Docket No. 185.

**IT IS SO ORDERED.**

Dated: April 13, 2016

                                                                                    _____
                                                                                    JACQUELINE SCOTT CORLEY
                                                                                    United States Magistrate Judge

3