UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BABAK HATAMIAN, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>ADVANCED MICRO DEVICES, INC., et al.,<br><br>  Defendants. | Case No. 14-cv-00226-YGR   (JSC)<br><br>**ORDER RE: DISCOVERY DISPUTE PERTAINING TO NUMBER OF DEPOSITIONS**<br><br>Re: Dkt. No. 198 |

In this securities fraud class action, Plaintiffs contend that defendant Advanced Microdevices, Inc. ("AMD") made misrepresentations regarding the launch of its "Llano" microprocessor, and in particular, misstatements regarding the Llano manufacturing plant's chip yield. Now pending before the Court is the parties' joint letter brief regarding a discovery dispute. (Dkt. No. 198.) Specifically, Plaintiffs seek an order increasing the presumptive limitation of ten fact depositions per party under Federal Rule of Civil Procedure 30(a)(2)(A) to 28 fact depositions per party. Defendant proposes a more modest increase of 15 total fact depositions per side.

Generally, courts do not grant leave for a party to take additional depositions until the moving party has exhausted the 10-deposition limit imposed by Rule 30(a)(2). *See Authentec, Inc. v. Atrua Techs., Inc.*, No. C 08-1423 PJH, 2008 WL 5120767, at *1 (N.D. Cal. Dec. 4, 2008) (denying motion for leave to take additional depositions before plaintiff had taken a single deposition). Courts have departed from this "exhaustion rule" where there are multiple plaintiffs and defendants and the complexity of the case clearly warrants more than ten depositions. *See, e.g.*, *Del Campo v. Am. Corrective Counseling Servs., Inc.*, No. 01-cv-21151 JW (PVT), 2007 WL 3306496, at *6 (N.D. Cal. Nov. 6, 2007) (in complex case with five plaintiffs and eleven defendants, finding it prejudicial to require plaintiffs to choose to take ten depositions before they

knew whether they would be granted more).  Here, Plaintiffs have taken only three of their ten noticed fact depositions to date, and Defendant has already agreed to increase the number of depositions to 15.  While this case is complex, Plaintiffs have not met their burden of showing a particularized need for more than 15 depositions at this time.  Accordingly, the Court DENIES without prejudice Plaintiffs' request for 28 fact depositions.  Each party may take up to 15 fact depositions.  Plaintiffs may renew their request for additional depositions after taking the first 15 and establishing a particularized need for more depositions in light of those witnesses' testimony.

This Order disposes of Docket Number 198.

**IT IS SO ORDERED.**

Dated: May 16, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge