UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| BABAK HATAMIAN, et al., | Case No. 14-cv-00226-YGR |
| Plaintiffs, | CLASS ACTION |
| v. | [PROPOSED] ORDER APPROVING CLASS NOTICE AND PROPOSAL FOR DISSEMINATION |
| ADVANCED MICRO DEVICES, INC., et al., | |
| Defendants. | |

1  On October 3, 2016, the parties submitted their Joint Notice of Filing Class Notice and
2  Proposal for Dissemination. (Dkt. No. 226.) The Court has considered the proposed plan of notice,
3  including the attachments detailing the forms of notice.

4  The Court **APPROVES** the method of providing and forms of notice, as agreed to by the
5  parties, and finds that they meet the requirements of due process. Specifically, the Court finds the
6  proposed publication notice and long-form notice to be posted on the website dedicated to the action,
7  together with notice sent by U.S. mail, provide the best notice practicable under the circumstances in
8  this action. The Court further finds the forms of notice accurately, and in plain language, describe the
9  litigation and Class Members' options regarding the litigation and thereby constitute due and sufficient
10 notice to all persons entitled to such notice.

11 The Court **APPROVES** the format and contents of the class notice documents attached as
12 Exhibits A, B, and C hereto, and the proposed plan for dissemination of such documents, including the
13 retention of Epiq Class Action & Claims Solutions, Inc. as Administrator.

14 The Court further **ORDERS** that:

15 To the extent they are not already produced, Defendant Advanced Micro Devices, Inc. will
16 provide to Lead Plaintiffs and the Administrator, in electronic searchable form and at no cost to the
17 Class, the names and addresses of all registered, record holders of Advanced Micro Devices, Inc.
18 ("AMD") common stock during the Class Period within seven (7) business days of the entry of this
19 Order. Nothing herein obligates AMD to obtain and provide information sufficient to identify
20 beneficial owners associated with the shares held by any record holder. Class Counsel shall be
21 responsible for all other costs associated with providing the notices.

22 Within thirty (30) calendar days of the receipt of the list of registered, record holders of AMD
23 common stock, as set forth above, the Administrator shall cause to be mailed via U.S. mail the Postal
24 Notice to potential Class Members who can be identified with reasonable effort. The Administrator
25 shall also use reasonable efforts to give notice to nominee purchasers such as brokerage firms and
26 other persons and entities who may have, for the beneficial interest of any person or entity other than
27 itself or themselves, purchased the publicly traded common stock of AMD during the Class Period.
28 Such nominees SHALL EITHER: (A) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the

Postal Notice, provide a list of the names and addresses of all such beneficial owners to the Administrator and the Administrator is ordered to send the Postal Notice promptly to such identified beneficial owners.; or (B) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the Postal Notice, request from the Administrator sufficient copies of the Postal Notice to forward to all such beneficial owners and WITHIN SEVEN (7) CALENDAR DAYS of receipt of those Postal Notices from the Administrator forward them to all such beneficial owners.  Nominees who choose "B" and elect to send the Postal Notice to their beneficial owners SHALL ALSO send a statement to the Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the action.  Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Administrator with proper documentation supporting the expenses for which reimbursement is sought.

Contemporaneously with the mailing of the Postal Notice, the Administrator shall establish a website for the action and make available to potential Class Members the following information to view and print:  (1) the Court's Order Granting Plaintiffs' Motion for Class Certification (Dkt. No. 181); (2) Lead Plaintiffs' Corrected Amended Class Action Complaint (Dkt. No. 61); (3) Defendant's Answer (Dkt. No. 119); and (4) the Postal Notice and Long-Form Notice, as well as other such documents as the parties may agree or the Court shall require.  The website will be available until at least one-year after settlement or the conclusion of trial in this action.  The Administrator shall also establish a toll-free telephone number for potential Class Members to call if they have questions or to request copies of the Class notices or other documents.  The Administrator shall provide live operators during business hours to answer the telephone, respond to ministerial matters such as requests for copies of the notices, and direct any substantive questions to Class Counsel (as appointed in the Court's March 16, 2016 Order Granting Plaintiffs' Motion for Class Certification).

Within fourteen (14) calendar days of the mailing of the Postal Notice, the Administrator shall cause the Summary Notice to be published in *Investor's Business Daily* and disseminated using PR Newswire as a means of reaching potential Class Members not receiving individual Postal Notice.  The Administrator shall certify to the Court that publication occurred.

Class Members shall be bound by all determinations and judgments in this action, whether favorable or unfavorable, unless such persons and entities request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such a request shall mail the request in written form by first class mail, postmarked no later than ninety (90) calendar days after the Court's entry of this Order, to the address designated in the Postal Notice. Such request for exclusion shall clearly state that the Class Member requests exclusion from the Class in the Advanced Micro Devices, Inc. Securities Litigation, No. 4:14-cv-00226-YGR and must (i) state the name, address and telephone number of the person or entity requesting exclusion; (ii) state the number of shares of AMD common stock purchased and/or sold during the Class Period, as well as the dates and prices of each such purchase and/or sale; and (iii) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

Nothing in this Order shall restrict Defendants' rights to move to de-certify the Class, in whole or in part, or to seek the exclusion from the Class of certain entities or individuals at a later date.

Any Class Member who retains separate counsel in connection with this matter must enter an appearance pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure, as set out in the Postal Notice, no later than ninety calendar days after entry of this Order.

Within fifteen (15) business days following the expiration of the exclusion deadline, Class Counsel shall file with the Court proof of mailing of the Postal Notice, proof of publication of the Summary Notice, and an affidavit or declaration setting forth a list of all persons and entities who have validly and timely requested exclusion from the Class.

**IT IS SO ORDERED.**

Dated: October 21, 2016

_____
**YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE**