UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BABAK HATAMIAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ADVANCED MICRO DEVICES, INC., et al.,<br><br>    Defendants. | Case No. 14-cv-00226-YGR (JSC)<br><br>**ORDER RE: ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 207 |

Now pending before the Court is Lead Plaintiffs' administrative motion to file under seal a joint discovery letter regarding depositions and materials filed in support of that letter. (Dkt. No. 207.) By Order of September 1, 2016, the Court granted in part Plaintiff's request for discovery relief but did not rule on the sealing request (Dkt. No. 210), which the Court addresses here.

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "It is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public. [Federal Rule of Civil Procedure] 26(c) authorizes a district court to override this presumption where 'good cause' is shown." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir.1999). Sealing is appropriate only where the requesting party "establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law." N.D. Cal. Civ. L.R. 79-5(a). A party must "narrowly tailor" its request to sealable material only. *Id.*

Here, Plaintiffs seek to seal the joint discovery letter in its entirety, along with two documents—Schedules B and C—filed in support of the letter. (Dkt. No. 207.) Plaintiffs argue that these documents should be sealed in their entirety because they incorporate material

1  designated "Confidential" subject to the parties' Protective Order (Dkt. No. 136).  Sealing an
2  entire document is appropriate where it contains almost exclusively protected information.  So it is
3  with Schedules A and B filed in support of the letter; Plaintiffs' motion is GRANTED IN PART to
4  file these documents under seal.  But not so with this discovery letter itself.  The bulk of the letter
5  is legal argument and references only categories or types of protected information—*e.g.*, financial
6  metrics, sales forecasting and analysis, and supply allocation decisions—without divulging the
7  actual confidential information itself.  Plaintiffs shall submit by **November 4, 2016** a version of
8  the letter with narrowly tailored redactions.

9  **IT IS SO ORDERED.**

10  Dated: October 27, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

2