Matthew Rawlinson
Direct Dial: +1.650.463.3076
Matt.Rawlinson@lw.com

140 Scott Drive
Menlo Park, California 94025
Tel: +1.650.328.4600  Fax: +1.650.463.2600
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Milan |
| Barcelona | Moscow |
| Beijing | Munich |
| Boston | New Jersey |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

February 14, 2017

**VIA ECF**

Hon. Yvonne Gonzalez Rogers
United States District Court
Northern District of California
Oakland Courthouse, Courtroom 1
1301 Clay Street, 4th Floor
Oakland, CA 94612

Re:   *Hatamian, et al. v. Advanced Micro Devices, Inc.*, No. 4:14-cv-00226-YGR

Dear Judge Gonzalez Rogers:

After nearly two years of extensive discovery, Plaintiffs have uncovered no evidence of securities fraud at AMD. Plaintiffs cannot meet their burden on the elements of falsity, scienter, or loss causation. Any one of these failures requires summary judgment in favor of Defendants.[1] In accordance with Rule 9 of the Court's Standing Order in Civil Cases, we therefore write to request the Court's leave to file a motion for summary judgment. Given the breadth of Plaintiffs' claims—which challenge 51 different alleged misstatements about AMD's Llano microprocessor over an 18-month Class Period—Defendants request leave to file a 50-page motion. Defendants ask that the Court set a pre-filing conference on the motion for March 1 or 8, 2017, at 2:00 PM.

Plaintiffs seek to recover damages based on AMD's failure to meet its public earnings forecasts for each of three fiscal quarters spread out over an 18-month period in 2011 and 2012. Plaintiffs do not assert (and certainly cannot prove) that any of AMD's public earnings forecasts was false or misleading when made. Instead, Plaintiffs claim that dozens of generally optimistic statements about Llano were false or misleading, because AMD did not simultaneously disclose a number of operational details that Plaintiffs have cherry-picked from the record. But the undisputed evidence will show that AMD's public guidance took into account all of the operational information known to AMD's senior management at the time, and it reflected AMD's best judgment at the time about what those operational details meant for AMD's business as a whole. Having hung their damages claim entirely on AMD's failure to meet that public guidance, Plaintiffs' failure to challenge AMD's guidance undermines their entire case. As to the statements they do challenge, Plaintiffs cannot prove falsity, scienter, or loss causation.

*First*, Plaintiffs cannot establish falsity with respect to any category of challenged statements. All of the statements were based on the best information available to AMD at the

---

[1] Defendants are Advanced Micro Devices, Inc. ("AMD") and Rory P. Read, Thomas J. Seifert, Richard A. Bergman, and Lisa T. Su (the "Individual Defendants").

LATHAM&WATKINS LLP

time and were either reasonable projections of the future, inactionable, or objectively true. In addition, all of the statements occurred in the context of robust cautionary disclosures.

- The majority of the statements at issue are forward-looking. *See*, *e.g.*, "[F]or the second half of the year, we expect the Llano ramp will outpace the Brazos ramp"; "[W]e are looking forward to see [sic] a higher mix of Llano-based products in the second half."; "I think we left now the 32 nanometer issues behind us." Given the difficulties inherent in predicting the future, the securities laws set a very high bar to establish that a forward-looking statement is "false": Plaintiffs must show that AMD had "actual knowledge" that these predictions were not true at the time it made them. Here, there is zero evidence that AMD had "actual knowledge" that any forward-looking statement was false when made. Plaintiffs' claims rest on the illogical assertion that AMD had "actual knowledge" in April 2011 that (i) its supplier would later encounter manufacturing issues (ii) that would limit Llano sales in 3Q11 enough to undermine the (unchallenged) guidance AMD would announce in July 2011, and (iii) Llano sales would thereafter improve, but then decline six to nine months later when AMD missed (also unchallenged) guidance issued in April and July 2012, amidst major shifts in consumer preferences and weak economies in AMD's key markets. There is no support for this claim.[2]

- Most other statements are inactionable "puffery" as a matter of law. For example, AMD's statements that Llano was "a good product" or that Llano production was "on the right track" or "on target" are general statements of optimism too vague to state a claim. *See*, *e.g.*, *Police Ret. Sys. v. Intuitive Surgical, Inc.*, 759 F. 3d 1051, 1060 (9th Cir. 2014) ("statements of optimism like 'good,' 'well-regarded,' or other feel good monikers" are non-actionable); *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 880 (N.D. Cal. 2004) (same regarding "on track"). In any event, even these statements were supported by the evidence: when AMD stated that Llano production was on target as of April 4, 2011, production yield had exceeded internal as well as (more conservative) publicly announced projections, and was trending upward.

- The few other statements at issue are objectively true based on undisputed facts.

   ***Second***, Plaintiffs' claims fail for the independent reason that Plaintiffs cannot establish scienter, *i.e.*, that AMD made the challenged statements with fraudulent intent. As the Ninth Circuit has recognized, "[p]roblems and difficulties are the daily work of business people. That they exist does not make a lie out of any of the alleged false statements." *Ronconi v. Larkin*, 253 F.3d 423, 434 (9th Cir. 2001). Plaintiffs' complaint survived dismissal largely on the promise that testimony from "confidential witnesses" would reveal that AMD chose to mislead the market about these difficulties. But that testimony never materialized. Instead, every Confidential Witness either disclaimed the statements Plaintiffs had attributed to him or demonstrated that he had no personal knowledge of the issues. Undisputed facts, as established by testimony from dozens of knowledgeable witnesses and millions of pages of documents, confirm that each challenged statement was based on thorough analysis and reflected AMD's

---

[2] If Plaintiffs now claim that they are challenging the earnings guidance (a claim flatly at odds with the record) then their claims would fail just as clearly because they have produced no evidence whatsoever that the earnings guidance offered by AMD was false or misleading.

best view of the available data regarding the future of its business. Any suggestion that AMD was perpetrating a fraud to inflate the value of its stock is completely at odds with the fact that Individual Defendants accumulated more AMD stock during the Class Period and maintained their holdings through the announcements of the earnings misses and ensuing price declines.

*Third*, summary judgment is required because Plaintiffs cannot establish loss causation. In fact, Plaintiffs do not even attempt to meet the operative loss causation standard in the Ninth Circuit, which requires them to establish that their damages were caused when the market "learned of and reacted to the company's fraudulent *practices* as opposed to the financial impact of those practices." *Loos v. Immersion Corp.*, 762 F.3d 880, 888 (9th Cir. 2014); *see also In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 392 (9th Cir. 2010) (share price drop must be caused by "market learning of and reacting to Defendants' purported fraud, as opposed to [AMD]'s poor financial health generally."). Tacitly acknowledging that they cannot demonstrate such a link, Plaintiffs disavow any obligation to establish a "fact-for-fact relationship between the misrepresentations/omissions and the corrective disclosure." (Coffman Rebuttal Report at 41.) But controlling Ninth Circuit authority requires Plaintiffs to show that the purported "corrective" disclosures *actually corrected* the alleged misstatements and that AMD's stock price dropped *in response to* the corrections. *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 (9th Cir. 2009).

Plaintiffs' inability to meet the Ninth Circuit standard cuts across all of the challenged statements. All of Plaintiffs' claimed losses occurred when AMD's stock price dropped in response to announcements that AMD's quarterly earnings fell short of initial public forecasts—not any revelation of fraud. Plaintiffs can offer no credible explanation of how, for example, AMD's September 2011 announcement that it expected to miss companywide earnings forecasts that it first disclosed in July 2011 somehow revealed that statements about Llano production in April 2011 were false. The undisputed evidence will show that, in each of these quarters, AMD's senior management considered a wide range of operational information and attempted to forecast the company's results for that quarter, and then used those forecasts to formulate high-level guidance that AMD announced to the market. Without connecting the allegedly undisclosed facts to that guidance issued by AMD—which Plaintiffs have resolutely refused to do, because they cannot demonstrate that the "facts" they cite actually falsify the higher-level conclusions about the business undergirding the guidance—Plaintiffs cannot demonstrate that these facts somehow constitute a fraud that was revealed by AMD's missing its forecasts.

Finally, due to the breadth of Plaintiffs' allegations, Defendants seek leave to file a 50-page motion, supported by a 30-page separate statement of undisputed facts. Plaintiffs challenge 51 different statements (many of which are taken out of the context of longer statements) across an 18-month Class Period. Merely quoting the statements at issue exceeds 25 pages. Defendants will be concise, but a fair and orderly presentation of the dispositive arguments here requires relief from the standard page limits.

                Sincerely,

                /s/ Matthew Rawlinson
                Matthew Rawlinson
                of LATHAM & WATKINS LLP