**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **BABAK HATAMIAN**, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> **ADVANCED MICRO DEVICES, INC.**, *et al.*, <br><br> Defendants. | Case No.: 14-cv-00226 YGR <br><br> **ORDER DENYING JOHN F. LACKEY'S MOTION TO INTERVENE** <br><br> Re: Dkt. No. 232 |

Lead plaintiffs Arkansas Teacher Retirement System and KBC Asset Management NV (collectively, "plaintiffs") bring this putative securities fraud class action pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder.

Currently before the Court is a motion to intervene filed by class member John F. Lackey. (Dkt. No. 232.) Having carefully considered the papers submitted and for the reasons set forth below, the Court **DENIES** Lackey's motion to intervene.

## I. Factual Background

On January 15, 2014, plaintiffs publicized the pendency of this securities class action in accordance to the Private Securities Litigation Reform Act. (Dkt. No. 17-3.) Lackey received a notice of the pendency of this action on December 28, 2016. (Dkt. No. 237.) Lackey was afforded an opportunity to opt out by January 19, 2017 and he did not. (Dkt. No. 235.) As such, Lackey is currently a class member. Lackey now moves pro se to intervene as a party plaintiff under Federal Rules of Civil Procedure 24(a) and 24(b).[1] (Dkt. No. 232.) The Court addresses each below.

---

[1] The motion to intervene references only Federal Rule of Civil Procedure 5.02(b), which does not exist. Only in his reply to plaintiffs' opposition does Lackey seek intervention under both Federal Rule of Civil Procedure 24(a) and (b). Lackey's motion to intervene focuses on his desire to receive court filings in this action. Plaintiffs have offered to provide Lackey with courtesy copies of pleadings, which are also publicly available. Furthermore, both Lackey's motion and reply are in violation of Local Rule 3-4(a) and (c).

## II.     Rule 24(a): Intervention as of Right

Under Federal Rule of Civil Procedure 24(a), an applicant seeking intervention as of right must show either an "unconditional right to intervene by a federal statute" or satisfy a four-factor test. The applicant must (1) assert a significant protectable interest relating to the property or transaction that is the subject of the action; (2) be represented inadequately by the parties to the action; (3) be situated such that disposition of the action, as a practical matter, may impair or impede one's ability to protect that interest; and (4) file a timely motion. Fed. R. Civ. P. 24(a); *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (citing *Prete v. Bradbury,* 438 F.3d 949, 954 (9th Cir.2006)). Failure to satisfy any one of the requirements is fatal to the application, and a court need not reach the remaining elements if one of the elements is not satisfied. *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

Lackey does not argue that a federal statute grants him the right to intervene in this action. Rather, he argues that he meets the four-factor test. With respect to the first factor, plaintiffs do not dispute that Lackey has a significant protectable interest relating to the subject of this class action. However, he fails to satisfy the second and third factor. In that regard, Lackey has not demonstrated that the existing parties inadequately represent his interests. He merely concludes that plaintiffs would not be in the position to offer an adequate defense for him if defendants were to move to de-certify the class or seek his exclusion from the class. The Court finds no support for this argument. The class representatives are sophisticated investors with a substantial stake in the outcome of the litigation and are represented by qualified attorneys. They are more than adequate to represent the class. Furthermore, Lackey's reliance on *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893 (9th Cir. 2011) is inapposite. There, the existing parties did not adequately represent the intervenors' interests—intervenors were seeking the broadest possible restrictions on recreational use of motorized vehicles, while the United States Forest Service ("Forest Service") was seeking minimal restrictions in compliance with their statutory mandate. *Citizens*, 647 F.3d at 899. In fact, the possibility existed that the Forest Service would abandon its defense and withdraw the restrictions altogether if its appeal of a prior district court ruling (which was the result of applicants' prior successful litigation) were to succeed. *Id.* at n.4. Lackey has made no such showing of inadequate representation of his interests.

Similarly, Lackey has not demonstrated that the disposition of this matter without his participation could impair or impede his ability to protect this own interests. He only argues that the disposition substantially affects his interests. Nowhere does he explain how he is impaired or impeded. Lackey was afforded the opportunity to opt out of the action and will be afforded the opportunity to object to any potential settlement.

Because Lackey fails to satisfy at least two separate factors, the Court need not address the remaining Rule 24(a) factor. *See Perry*, 587 F.3d at 950. The motion is denied as to Rule 24(a).

### III.     Rule 24(b): Permissive Intervention

Alternatively, Lackey asks this Court to allow him to intervene permissively pursuant to Federal Rule of Civil Procedure 24(b).  Under this rule, an applicant, on timely motion, must show either a conditional right to intervene pursuant to a federal statute or that an asserted claim or defense shares a "common question of law or fact" with the main action. Fed. R. Civ. P. 24(b)(1).  In exercising their discretion, courts must "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3); *see also In re Benny*, 791 F.2d 712, 722 (9th Cir. 1986).

Lackey fails to address the legal standard under Rule 24(b). It is his burden to demonstrate how he meets this standard, and he has failed to do so. Instead, Lackey only argues that there is no undue delay or prejudice to the original parties because discovery is ongoing and he is an experienced lawyer. However, Lackey's experience as a lawyer is not relevant to a finding of prejudice. Given the procedural posture of this case and the impeding deadlines, the Court finds a significant potential for delay. In light of this potential and the lack of any affirmative showing, the Court will not allow Lackey to intervene permissively under Rule 24(b).

### IV.     Conclusion

For the foregoing reasons, Lackey's motion to intervene is **DENIED**.

This Order terminates Docket Number 232.

**IT IS SO ORDERED**.

Dated: March 22, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**