1

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**

2

Joy A. Kruse (State Bar No. 142799)
Katherine C. Lubin (State Bar No. 259826)

3

275 Battery Street, 29th Floor
San Francisco, CA  94111-3339

4

Telephone: (415) 956-1000
Facsimile: (415) 956-1008

5

*Liaison Counsel*

6

7

**LABATON SUCHAROW LLP**
Jonathan Gardner (*pro hac vice*)

8

Carol C. Villegas (*pro hac vice*)
Alec T. Coquin (*pro hac vice*)

9

140 Broadway
New York, NY  10005

10

Telephone: (212) 907-0700
Facsimile: (212) 818-0477

**MOTLEY RICE LLC**
James M. Hughes (*pro hac vice*)
William S. Norton (*pro hac vice*)
Max N. Gruetzmacher (*pro hac vice*)
Michael J. Pendell (*pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450

11

12

*Co-Lead Counsel for the Class*

13

14

15

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

16

**OAKLAND DIVISION**

17

18

BABAK HATAMIAN and LUSSA DENNJ
SALVATORE, individually and on behalf of
all others similarly situated,

19

20

Plaintiffs,

21

v.

22

ADVANCED MICRO DEVICES, INC.,
RORY P. READ, THOMAS J. SEIFERT,
RICHARD A. BERGMAN, AND LISA T.
SU,

23

24

Defendants.

**CASE NO. 4:14-cv-00226-YGR (JSC)**

<u>**CLASS ACTION**</u>

**CLASS REPRESENTATIVES' NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date:   October 24, 2017
Time:   2:00 p.m.
Place:  Courtroom 1, 4th Floor
Judge:  The Hon. Yvonne Gonzalez Rogers

25

26

27

28

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................ ii

NOTICE OF MOTION .................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES .................................. 2

I.      PRELIMINARY STATEMENT ............................................................ 2

        A.     Procedural Background .......................................................... 3

        B.     Fact Discovery ...................................................................... 4

        C.     Class Certification ................................................................ 5

        D.     Expert Discovery .................................................................. 6

        E.     Summary Judgment .............................................................. 6

        F.     Settlement Discussions ......................................................... 7

        G.     The Proposed Settlement ...................................................... 7

        H.     Proposed Schedule of Events ............................................... 8

II.     ARGUMENT ........................................................................................ 9

        A.     The Settlement Merits Preliminary Approval ....................... 9

        B.     The Settlement Is the Result of a Thorough, Rigorous, and Arm's-Length
               Process ................................................................................ 10

        C.     The Settlement Is Well Within the Range of Reasonableness ............................ 12

        D.     The Proposed Notice Program Satisfies Rules 23(e), Due Process, and the
               PSLRA Requirements .......................................................... 15

        E.     Proposed Plan of Allocation ............................................... 18

        F.     Anticipated Legal Fees, Litigation Expenses, and Administrative Fees ............ 19

III.    CONCLUSION ................................................................................... 20

1

## **TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

*Ching v. Siemens Indus., Inc.,*

5
　No. 11-cv-4838 MEJ, 2013 WL 6200190 (N.D. Cal. Nov. 27, 2013)...................................16

6

*Grant v. Capital Mgmt. Servs., L.P.,*
　No. 10-cv-2471-WQH (BGS), 2013 WL 6499698 (S.D. Cal. Dec. 11, 2013)................9, 10

7

*In re HP Sec. Litig.,*

8
　No. 12-cv-05980-CRB, 2015 WL 4477936 (N.D. Cal. July 20, 2015).....................................16

9

*Int'l Bhd. of Elec. Workers Local 697 Pension Fund v. Int'l Game Tech., Inc.,*

10
　No. 3:09-cv-00419-MMD-WGC, 2012 WL 5199742 (D. Nev. Oct. 19, 2012)...................13

11

*Lane v. Facebook, Inc.,*
　696 F.3d 811 (9th Cir. 2012) ...........................................................................................15

12

*In re Linkedin User Privacy Litig.,*

13
　309 F.R.D. 573 (N.D. Cal. 2015).....................................................................................14

14

*Linney v. Cellular Alaska P'ship,*
　No. 96-cv-3008 DLJ, 1997 WL 450064 (N.D. Cal. July 18, 1997) *aff'd*, 151

15
　F.3d 1234 (9th Cir. 1998) ...............................................................................................10

16

*Lo v. Oxnard European Motors, LLC,*

17
　No. 11-cv-1009 JLS (MDD), 2011 WL 6300050 (S.D. Cal. Dec. 15, 2011) .......................15

18

*McPhail v. First Command Fin. Planning, Inc.,*
　No. 05cv179-IEG- JMA, 2009 WL 839841 (S.D. Cal. Mar. 30, 2009) ...............................13

19

20

*In re Mercury Interactive Corp. Sec. Litig.,*
　618 F.3d 988 (9th Cir. 2010) .............................................................................................9

21

*Nisch v. Dreamworks Animation Skg Inc.,*

22
　No. 14-cv-04062-LHK, 2017 U.S. Dist. LEXIS 29920
　(N.D. Cal. Mar. 2, 2017)..................................................................................................16

23

*Noll v. eBay, Inc.,*

24
　309 F.R.D. 593 (N.D. Cal. 2015).......................................................................................9

25

*In re NVIDIA Corp. Derivative Litig.,*

26
　06-cv-06110-SBA (JCS), 2008 WL 5382544 (N.D. Cal. Dec. 22, 2008) ...........................12

27

*In re Omnivision Techs., Inc.,*
　559 F. Supp. 2d 1036 (N.D. Cal. 2008) ....................................................................12, 13

28

Class Representatives' Notice of Motion and Unopposed Motion for
Preliminary Approval of Proposed Class Action Settlement   Case No. 4:14-cv-00226-YGR

ii

*Orvis v. Spokane Cty*,
   281 F.R.D. 469 (E.D. Wash. 2012)................................................................. 15

*In re Portal Software, Inc. Sec. Litig.*,
   No. 03-cv-5138 VRW, 2007 WL 1991529 (N.D. Cal. June 30, 2007) ............... 10

*Satchell v. Fed. Express Corp.*,
   No. 03-cv-2659, 2007 WL 1114010 (N.D. Cal. Apr. 13, 2007).......................... 11

*In re Syncor ERISA Litig.*,
   516 F.3d 1095 (9th Cir. 2008) ........................................................................... 9

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
   MDL No. 551, 1988 WL 158947 (W.D. Wash. July 28, 1988) ........................... 14

*West v. Circle K Stores, Inc.*,
   No. 04-cv-438 WBS (GGH), 2006 WL 1652598 (E.D. Cal. June 13, 2006) ................. 9, 12

*Young v. Polo Retail, LLC*,
   No. 02-cv-4546 VRW, 2006 WL 3050861 (N.D. Cal. Oct. 25, 2006)................. 10

*In re Zynga Inc. Sec. Litig.*,
   No. 12-cv-04007 (JSC), 2015 WL 6471171 (N.D. Cal. Oct. 27, 2015) ..................... 9, 10, 11

**Statutes**

15 U.S.C. § 78u-4(a)(7)(A)-(F)........................................................................... 17

**Rules**

Fed. R. Civ. P. 23 ......................................................................................... 1, 9, 16

Fed. R. Civ. P. 23(a) ............................................................................................. 2

Fed. R. Civ. P. 23(b)(3)........................................................................................ 2

Fed. R. Civ. P. 23(c)(2)(B) ................................................................................. 15

Fed. R. Civ. P. 23(e) ............................................................................................. 2

**Other Authorities**

Manual for Complex Litigation (Fourth) (2004) ................................................... 9

CLASS REPRESENTATIVES' NOTICE OF MOTION AND UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT   CASE NO. 4:14-cv-00226-YGR

iii

# NOTICE OF MOTION

TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 24, 2017, at 2:00 p.m., or as soon thereafter as they may be heard, Class Representatives Arkansas Teacher Retirement System ("ATRS") and KBC Asset Management NV ("KBC"), on behalf of themselves and all members of the certified Class, will move this Court for an Order, pursuant to Rule 23 of the Federal Rules of Civil Procedure:  (i) granting preliminary approval of the proposed Settlement; (ii) approving the form and substance of the proposed long-form notice, proof of claim, and publication notice, as well as the proposed methods of disseminating notice to the Class; (iii) scheduling a date for the final settlement hearing; and (iv) providing such other and further relief as this Court deems just and proper.

This motion is supported by the following memorandum of points and authorities, the accompanying Declaration of Jonathan Gardner ("Gardner Decl.") and the exhibits attached thereto, including the Stipulation and Agreement of Settlement, dated as of October 9, 2017 ("Stipulation"), which is annexed as Exhibit 1.[1]

A proposed Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement ("Preliminary Approval Order"), with annexed exhibits, which was negotiated by the Parties, is also submitted herewith.

## STATEMENT OF ISSUES TO BE DECIDED

(1)    Should the Court grant preliminary approval of the proposed Settlement on the terms set forth in the Stipulation?

(2)    Should the Court should approve the form and substance of the proposed Notice of Proposed Settlement and Motion for Attorneys' Fees and Expenses ("Settlement Notice"), Proof of Claim and Release form ("Proof of Claim"), and the Summary Notice of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses ("Summary Notice"), appended as Exhibits A-1 through A-3 to the proposed Preliminary Approval Order, as well as the manner

---

[1] All capitalized terms used herein are defined in the Stipulation and have the same meanings as set forth therein.  All references to "Ex. ___" herein are references to exhibits attached to the Gardner Declaration.

CLASS REPRESENTATIVES' NOTICE OF MOTION AND UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT   CASE NO. 4:14-CV-00226-YGR

1

of notifying the Class of the Settlement?

(3)     Should the Court schedule a hearing to determine whether the Settlement and Plan of Allocation should be finally approved and to consider Class Counsel's application for an award of attorneys' fees and payment of expenses ("Settlement Hearing")?

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     PRELIMINARY STATEMENT

ATRS and KBC ("Lead Plaintiffs," "Class Representatives," or "Plaintiffs"), through their counsel Labaton Sucharow LLP ("Labaton Sucharow") and Motley Rice LLC ("Motley Rice," and collectively with Labaton Sucharow, "Class Counsel"), submit this memorandum of points and authorities in support of their motion, pursuant to Federal Rules of Civil Procedure 23(a), (b)(3), and (e), for preliminary approval of a proposed class action settlement (the "Settlement") in the amount of $29,500,000 in cash, pursuant to the terms set forth in the Stipulation and Agreement of Settlement, dated as of October 9, 2017.  Class Representatives entered into the Stipulation with each of the defendants in the Action:  Advanced Micro Devices, Inc. ("AMD" or the "Company"), and Rory P. Read, Thomas J. Seifert, Richard A. Bergman, and Lisa T. Su (the "Individual Defendants" and with AMD, the "Defendants").

Class Representatives respectfully submit that the Settlement is a very good result for the Class and should be preliminarily approved by the Court.  The decision to settle was informed by a comprehensive investigation, extensive fact and expert discovery, intensive summary judgment motion practice, and two rounds of mediated full-day, in-person, and arm's-length negotiations.  The first mediation session was conducted by the Honorable Judge Layn R. Phillips (Ret.), a former United States Attorney and United States District Judge who is one of the most well respected mediators in the country for securities fraud class actions.  The second mediation session was conducted by both Judge Phillips and the Honorable Gary A. Feess (Ret.), a former United States District Judge in the Central District of California.  For the reasons stated herein, Class Representatives respectfully request that the Court grant this motion.

Class Representatives' Notice of Motion and Unopposed Motion for
Preliminary Approval of Proposed Class Action Settlement   Case No. 4:14-cv-00226-YGR

2

### A. Procedural Background

The initial class action complaint was filed on January 15, 2014, alleging that Defendants violated the federal securities laws.  On March 17, 2014, three separate movants filed motions seeking to be appointed as lead plaintiff and for approval of their selection of counsel.  ECF Nos. 9-23.  On April 4, 2014, the Court issued an order appointing ATRS and KBC as Lead Plaintiffs and approving their selection of Labaton Sucharow and Motley Rice as Lead Counsel and Lieff Cabraser Heimann & Bernstein, LLP as Liaison Counsel for the Class. ECF No. 37.

On May 23, 2014, Lead Plaintiffs filed the Amended Complaint for Violation of the Federal Securities Laws, alleging violations of §§ 10(b) and 20(a) of the Securities and Exchange Act of 1934 ("Exchange Act").  ECF No. 56.  On June 11, 2014, Lead Plaintiffs filed the Corrected Amended Class Action Complaint for Violations of the Federal Securities Laws ("CAC").  ECF No. 61.

The CAC was based upon Lead Counsel's extensive factual investigation, which included, among other things, the review and analysis of:  (i) press releases, news articles, transcripts, and other public statements issued by or concerning AMD and the Individual Defendants; (ii) research reports issued by financial analysts concerning AMD's business; (iii) reports filed publicly by AMD with the U.S. Securities and Exchange Commission (the "SEC"); (iv) an investigation conducted by and through Lead Plaintiffs' attorneys, which included interviews of numerous former employees of AMD, GlobalFoundries, Inc. ("GlobalFoundries") (AMD's manufacturing semiconductor foundry during the Class Period), and AMD's customers, on a confidential basis; (v) news articles, media reports and other publications concerning the microprocessor technology industry and markets; (vi) certain pleadings filed in another pending litigation naming AMD as a nominal defendant; (vii) other publicly available information and data concerning AMD, its securities, and the markets therefor; and (viii) information provided by a consultant with expertise in electrical engineering, microprocessor fabrication, and the microprocessor market.  Lead Counsel also consulted with economic experts regarding loss causation and damages.

CLASS REPRESENTATIVES' NOTICE OF MOTION AND UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT   CASE NO. 4:14-CV-00226-YGR

3

1    Defendants moved to dismiss on July 7, 2014.  ECF No. 66.  Following briefing, the

2    Court heard oral argument on October 28, 2014, ECF No. 101, and denied Defendants' motion

3    on March 31, 2015, ECF No. 110.  Defendants filed their answer to the CAC on May 14, 2015.

4    ECF No. 119.

5    **B.    Fact Discovery**

6    Following the denial of Defendants' motion to dismiss, Plaintiffs proceeded with

7    discovery.  Plaintiffs served interrogatories and requests for production of documents on both

8    Defendant AMD and the Individual Defendants.  Plaintiffs also served document subpoenas on

9    27 third-party individuals and entities, including GlobalFoundries, AMD's customers, and the

10   investment analysts that analyzed and reported on the Company's operations and financial

11   results.  In total, Class Representatives received and analyzed more than 2,420,000 pages of

12   documents produced by Defendants and third parties.

13   Class Representatives took or defended 25 fact depositions and served 192 requests for

14   admission on Defendants.

15   Class Representatives ATRS and KBC each separately responded to 20 interrogatories

16   and 41 requests for production of documents from Defendants, and each produced witnesses

17   who sat for depositions noticed by Defendants.

18   During fact discovery, the Parties briefed, and the Court ruled on, several discovery

19   disputes.  For example, on April 13, 2016, the Court granted Plaintiffs' request for an order

20   compelling Defendants to add AMD's former CEO Dirk Meyer as a custodian for collection of

21   electronically stored material for the pre-Class Period timeframe.  ECF No. 189.  On May 6,

22   2016, the Court denied Defendants' motion to compel Plaintiffs to produce certain reports and

23   work product reflecting communications with several confidential witnesses.  ECF No. 194.  On

24   September 1, 2016, the Court issued an order permitting Plaintiffs to take an additional five

25   depositions.  ECF No. 210.

26   On September 27, 2016, the Court ruled on "three discovery letter briefs," *see* ECF

27   Nos. 214, 215, 218, and held that because "fact discovery, with some limited exceptions, is now

28   closed" the parties must "provide full disclosure of the factual bases for their claims and

affirmative defenses." ECF No. 223. Accordingly, on November 28, 2016, Plaintiffs supplemented their interrogatory responses with more than 200 pages of detailed references to documents and testimony. Defendants supplemented their interrogatory responses on January 27, 2017.

## C.    Class Certification

On September 4, 2015, Lead Plaintiffs filed their motion for class certification. ECF No. 143. On October 22, 2015, Defendants filed their opposition to class certification. ECF No. 155. Lead Plaintiffs filed their reply on December 14, 2015, ECF No. 169. The Court held oral argument on Plaintiffs' motion on February 2, 2016. ECF No. 177.

On March 16, 2016, the Court issued an order granting Lead Plaintiffs' motion, certifying the Class, appointing Lead Plaintiffs ATRS and KBC as Class Representatives, and appointing Labaton Sucharow and Motley Rice as Class Counsel. ECF No. 181. The Court certified a class of:

> all persons and entities that, during the period from April 4, 2011 through October 18, 2012, inclusive (the "Class Period"), purchased or otherwise acquired shares of the publicly traded common stock of [AMD] (collectively, the "Class"). Excluded from the Class are AMD and Rory P. Read ("Read"), Thomas J. Seifert ("Seifert"), Richard A. Bergman ("Bergman") and Dr. Lisa T. Su ("Su"), (collectively, the "Individual Defendants" and with AMD, the "Defendants"); members of the immediate families of the Individual Defendants; AMD's subsidiaries and affiliates; any person who was an officer or director of AMD or any of AMD's subsidiaries or affiliates during the Class Period; any entity in which any Defendant has a controlling interest; AMD's employee retirement and benefit plan(s); and the legal representatives, heirs, successors and assigns of any such excluded person or entity.

*Id*.

On October 3, 2016, the Class Representatives and Defendants filed a joint motion to approve the form, content, and method for providing notice of the pendency of the Action to the Class, including the appointment of Epiq Systems, Inc. as the notice administrator. ECF No. 226. On October 21, 2016, the Court issued an order, ECF No. 227, approving the notice-of-pendency program, which included a notice that was mailed by first-class mail (the "Class Notice"), a website long-form notice, and a publication summary notice. The notices were

Class Representatives' Notice of Motion and Unopposed Motion for
Preliminary Approval of Proposed Class Action Settlement   Case No. 4:14-cv-00226-YGR

5

1  disseminated as ordered by the Court.  ECF No. 239.  There were 15 valid and timely requests

2  for exclusion from the Class.  ECF No. 239-3.

3       On January 12, 2017, a putative class member filed a motion to intervene, ECF No. 232,

4  which Class Representatives opposed, ECF No. 235, and which the Court denied on March 22,

5  2017, ECF No. 250.

6      **D.**   **Expert Discovery**

7       The case involved extensive expert analysis and testimony on a wide array of subject

8  matters.  On November 18, 2016, Plaintiffs served the opening expert reports of their three

9  proffered expert witnesses in microprocessor chip supply and demand, accounting, and damages

10  and loss causation, respectively.

11       On December 21, 2016, Defendants served the rebuttal expert reports of their four

12  proffered expert witnesses in accounting and financial reporting, financial economics, the

13  semiconductor industry, and wafer and chip manufacturing, respectively.

14       On January 17, 2017, Plaintiffs served their expert rebuttal reports.

15       Between February 16, 2017 and March 17, 2017, Class Representatives took depositions

16  of Defendants' four experts, and defended the depositions of Plaintiffs' three experts.

17       At the close of expert discovery, the Parties' challenged the other side's experts.

18  Between April 25, 2017 and July 5, 2017, the Parties briefed and opposed motions to exclude

19  the various experts.  ECF Nos. 264-265, 278, 284, 306, 310.

20      **E.**   **Summary Judgment**

21       On April 25, 2017, Defendants filed their opening motion for summary judgment and

22  request for judicial notice, challenging each element of Class Representatives' claims.   ECF

23  Nos. 254-56.

24       On May 30, 2017, Plaintiffs filed their: opposition to Defendants' motion for summary

25  judgment; cross motion for partial summary judgment as to certain allegedly false statements;

26  objections to Defendants' request for judicial notice; and motion to strike several of Defendants'

27  declarations submitted in support of Defendants' summary judgment motion.  ECF Nos. 281-

28  283.

On July 5, 2017, Defendants filed their reply in support of summary judgment, opposition to Plaintiffs' motion for partial summary judgment, and in opposition to Plaintiffs' motion to strike.  ECF Nos. 307, 312.

On July 25, 2017, Plaintiffs filed their reply in further support of their cross motion for summary judgment.  ECF No. 317.

The Court set a hearing on the Parties' summary judgment motions and the above *Daubert* motions for September 12, 2017.  ECF No. 315.

### F.    Settlement Discussions

On January 14, 2016, the Parties attended a full-day, in-person mediation with Judge Phillips.  The mediation involved a protracted effort to settle the claims and was preceded by the exchange of mediation statements and reply mediation statements.  Although the Parties were unable to reach an agreement, Judge Phillips continued his efforts to facilitate discussions among the Parties following the mediation.

The Parties attended a second full-day, in-person mediation conducted by both Judge Phillips and Judge Feess on August 8, 2017.  As a result of the mediation on August 8, 2017, the Parties reached an agreement-in-principle to settle the Action, pending approval by AMD's Board of Directors.  In August 2017, AMD's Board approved the principal terms of the Settlement.

### G.    The Proposed Settlement

Pursuant to the proposed Settlement, Defendants shall cause their insurers to pay the $29,500,000 Settlement Amount into an escrow account within twenty (20) calendar days after (i) entry of the Preliminary Approval Order, and (ii) Class Counsel's provision to AMD of payment instructions.  In exchange for this payment, upon the Effective Date of the Settlement, Class Representatives and the Class will release all Released Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Defendant Parties.  The definition of Released Claims and Unknown Claims has been tailored to release only claims that relate to transactions in AMD publicly traded common

stock during the Class Period that were raised or could have been raised by Class Members in the Action.  *See* Stipulation ¶¶ 1(dd), 3.

### H.    Proposed Schedule of Events

Class Representatives respectfully propose the following schedule for the various Settlement-related events:

| | |
|---|---|
| Deadline for mailing individual Settlement Notices and Proofs of Claim (the "Notice Date") | *10 business days after entry of the Preliminary Approval Order* |
| Deadline for publication of Summary Notice in *Investor's Business Daily* and transmission over *PR Newswire* | *Within 14 calendar days of the Notice Date* |
| Deadline for filing motions in support of the Settlement, the Plan of Allocation, and Class Counsel's application for an award of attorneys' fees and expenses | *No later than 35 calendar days before the Settlement Hearing* |
| Deadline for submission of additional requests for exclusion from the Class, requests to opt-back into the Class, or objections to the Settlement, Plan of Allocation, or the request for attorneys' fees and expenses | *No later than 21 calendar days before the Settlement Hearing* |
| Deadline for filing reply papers in support of the Settlement, the Plan of Allocation, and/or Class Counsel's application for an award of attorneys' fees and expenses | *No later than 14 calendar days before the Settlement Hearing* |
| Deadline for submission of Proofs of Claim | *Postmarked or electronically submitted no later than 14 calendar days before the Settlement Hearing* |
| Deadline for Class Counsel to file submission with the Court concerning claims received to date | *No later than 7 calendar days before the Settlement Hearing* |
| Settlement Hearing | *At the Court's convenience, but no fewer than 100 calendar days after the date of the entry of the Preliminary Approval Order* |

The foregoing schedule is similar to those used and approved by numerous courts in class action settlements and complies with the Ninth Circuit's ruling in *In re Mercury*

CLASS REPRESENTATIVES' NOTICE OF MOTION AND UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT   CASE NO. 4:14-CV-00226-YGR

8

*Interactive Corp. Sec. Litig.*, 618 F.3d 988 (9th Cir. 2010) (requiring that fee motion be made available to the class before the deadline for objecting to the fee).

## II.    ARGUMENT

### A.    The Settlement Merits Preliminary Approval

As a matter of public policy, settlement is a strongly favored method for resolving disputes, especially in complex class actions.  *See, e.g.*, *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) ("[T]here is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned.") (citation omitted); *Grant v. Capital Mgmt. Servs., L.P.*, No. 10-cv-2471-WQH (BGS), 2013 WL 6499698, at *2 (S.D. Cal. Dec. 11, 2013) ("Voluntary conciliation and settlement are the preferred means of dispute resolution in complex class action litigation.") (citation and internal quotations omitted).

Federal Rule of Civil Procedure 23 requires court approval for any settlement of a class action.  Approval of class action settlements normally proceeds in two stages:  (i) preliminary approval, followed by notice to the class; and (ii) final approval.  *See, e.g.*, *Noll v. eBay, Inc.*, 309 F.R.D. 593, 602 (N.D. Cal. 2015); *West v. Circle K Stores, Inc.*, No. 04-cv-438 WBS (GGH), 2006 WL 1652598, at *2 (E.D. Cal. June 13, 2006); Manual for Complex Litigation (Fourth) § 13.14 (2004).  By this motion, Class Representatives request that the Court take the first step in the approval process:  preliminary approval of the Settlement.

The preliminary approval standard involves "both a procedural and a substantive component."  *Young v. Polo Retail, LLC,* No. 02-cv-4546 VRW, 2006 WL 3050861, at *5 (N.D. Cal. Oct. 25, 2006).  As the court in *Young* explained:

> If the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval, then the court should direct that the notice be given to the class members of a formal fairness hearing. . . .

*Id*. (citing Manual for Complex Litigation (Second) § 30.44 (1985)) (alterations in original); *see also In re Zynga Inc. Sec. Litig.*, No. 12-cv-04007 (JSC) 2015 WL 6471171, at *8-11 (N.D. Cal.

CLASS REPRESENTATIVES' NOTICE OF MOTION AND UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT   CASE NO. 4:14-CV-00226-YGR

9

Oct. 27, 2015) (granting preliminary approval after finding proposed settlement was "non-collusive," "lacks obvious deficiencies," and was "within the range of possible approval").

A court "need not conduct a full settlement fairness appraisal before granting preliminary approval." *Grant*, 2013 WL 6499698, at *5 (citation and internal quotations omitted). "The Court cannot fully assess all of [the] fairness factors until after the final approval hearing; thus, 'a full fairness analysis is unnecessary at this stage.'" Instead, 'the settlement need only be potentially fair, as the Court will make a final determination of its adequacy at the hearing on Final Approval after such time as any party has had a chance to object and/or opt out.'"[2] *Zynga Inc.*, 2015 WL 6471171, at *8 (internal citations omitted). Applying the standards set forth above, the Settlement should be preliminarily approved.

**B.     The Settlement Is the Result of a Thorough, Rigorous, and Arm's-Length Process**

There is an initial presumption that a proposed settlement is fair and reasonable when it is the "product of arms-length negotiations." *In re Portal Software, Inc. Sec. Litig.*, No. 03-cv-5138 VRW, 2007 WL 1991529, at *6 (N.D. Cal. June 30, 2007); *see also Linney v. Cellular Alaska P'ship*, No. 96-cv-3008 DLJ, 1997 WL 450064, at *5 (N.D. Cal. July 18, 1997) *aff'd*, 151 F.3d 1234 (9th Cir. 1998) ("The involvement of experienced class action counsel and the fact that the settlement agreement was reached in arm's length negotiations, after relevant discovery had taken place create a presumption that the agreement is fair.")(citation omitted). Here, the Parties have vigorously investigated and litigated the Action since its inception and the Settlement was achieved only after a thorough arm's-length mediation process under the supervision of experienced mediators with considerable knowledge and expertise in the field of

---

[2] In connection with final approval of the Settlement, the Court will be asked to review the following factors identified by the Ninth Circuit:  "(1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement." *Zynga Inc.*, 2015 WL 6471171, at *8 (citing *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011)).

1    federal securities law, including securities fraud class actions under the Securities Exchange

2    Act.

3            Courts have recognized that "[t]he assistance of an experienced mediator in the

4    settlement process confirms that the settlement is non-collusive." *Satchell v. Fed. Express*

5    *Corp.*, No. 03-cv-2659, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007). Here, Hon. Layn

6    R. Phillips (with the assistance of Hon. Gary A. Feess) played an active role in addressing the

7    relevant issues with the Parties and bringing about the Settlement. Indeed, "[t]he use of a

8    mediator and the presence of discovery 'support the conclusion that the Plaintiff was

9    appropriately informed in negotiating a settlement.'" *Zynga Inc.*, 2015 WL 6471171, at *9

10   (quoting *Villegas v. J.P. Morgan Chase & Co.*, No. 09-cv-00261 (SBA), 2012 WL 5878390, at

11   *6 (N.D. Cal. Nov. 21, 2012)).

12           Before and during the mediation sessions, the strengths and weaknesses of Class

13   Representatives' and Defendants' respective claims and defenses were fully explored by the

14   Parties. Class Counsel developed a deep understanding of the facts of the case and merits of the

15   claims through their analysis of, *inter alia*:  (i) publicly available information regarding the

16   Company and interviews of former employees of AMD, GlobalFoundries, and AMD's

17   customers; (ii) substantive briefing on Defendants' motion to dismiss; (iii) extensive fact and

18   expert discovery, including 25 merits depositions and 7 expert depositions; (iv) consultations

19   with experts in microprocessor manufacturing, accounting, damages, and loss causation;

20   (v) intensive summary judgment and *Daubert* motion practice and briefing; and (vi) frank

21   discussions with the mediators during the mediation process. With an informed understanding,

22   the Class Representatives agreed to the Settlement. There has been no collusion.

23           Additionally, throughout the Action, Class Representatives had the benefit of the advice

24   of knowledgeable counsel with extensive experience in shareholder class action litigation and

25   securities fraud cases. Labaton Sucharow and Motley Rice are among the most experienced and

26   skilled firms in the securities litigation field, and have long and successful track records in such

27   cases. *See* Exs. 2 - 3. Labaton Sucharow has served as lead counsel in a number of high profile

28   matters. *See, e.g.*, *In re Am. Int'l Grp, Inc. Sec. Litig.*, No. 04-cv-8141 (S.D.N.Y.) ($1 billion

recovery); *In re HealthSouth Corp. Sec. Litig.*,   No. 03-1500 (N.D. Ala.) ($600 million recovery); and *In re Countrywide Sec. Litig.*, No. 07-5295 (C.D. Cal.) ($600 million recovery).

Motley Rice has also served as lead counsel in a number of high profile securities fraud cases and class action litigation.  *See, e.g.*, *In re Barrick Gold Sec. Litig.*, No. 1:13-cv-03851 (RPP) (S.D.N.Y.) ($140 million recovery); *Bennett v. Sprint Nextel Corp.*, No. 2:09-cv-02122-EFMKMH (D. Kan.) ($131 million recovery); *Minneapolis Firefighters' Relief Ass'n v. Medtronic, Inc.*, No. 08-6324 (PAM/AJB) (D. Minn.) ($85 million recovery).

Courts give considerable weight to the opinion of experienced and informed counsel. *See, e.g.*, *In re NVIDIA Corp. Derivative Litig.*, 06-cv-06110-SBA (JCS), 2008 WL 5382544, at *4 (N.D. Cal. Dec. 22, 2008) ("[S]ignificant weight should be attributed to counsel's belief that settlement is in the best interest of those affected by the settlement.") (citation omitted).  In *In re Omnivision Technologies, Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008), the court held that the recommendation of counsel weighed in favor of settlement given their familiarity with the dispute and their significant experience in securities litigation.  *Id* at 1043. Class Counsel's belief in the fairness and reasonableness of the Settlement warrants a presumption of reasonableness.

### C. The Settlement Is Well Within the Range of Reasonableness

"[A]t this preliminary approval stage, the court need only 'determine whether the proposed settlement is within the range of possible approval.'"  *West*, 2006 WL 1652598, at *11 (citation omitted).   This Settlement is well within the range of reasonableness for several reasons.

Class Representatives' damages expert has estimated that if liability were to be established with respect to all of the claims, including all five alleged corrective disclosures, the likely maximum aggregate damages recoverable at trial would be at least $430 million.  This damages figure was developed following years of extensive fact discovery, and reflects the portion of the estimated $958 million of trading losses that Class Representatives' damages expert believes was attributable to the alleged fraud.  As a percentage of this maximum estimate of damages, the $29.5 million Settlement represents a recovery of approximately 6.9%.  Since

CLASS REPRESENTATIVES' NOTICE OF MOTION AND UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT   CASE NO. 4:14-CV-00226-YGR

12

the passage of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), courts have approved settlements that recovered a similar, or smaller, percentage of maximum damages. *See, e.g.*, *McPhail v. First Command Fin. Planning, Inc.*, No. 05cv179-IEG- JMA, 2009 WL 839841, at *5 (S.D. Cal. Mar. 30, 2009) (finding a $12 million settlement recovering 7% of estimated damages was fair and adequate); *Omnivision*, 559 F. Supp. 2d at 1042 ($13.75 million settlement yielding 6% of potential damages after deducting fees and costs was "higher than the median percentage of investor losses recovered in recent shareholder class action settlements") (citation omitted); *Int'l Bhd. of Elec. Workers Local 697 Pension Fund v. Int'l Game Tech., Inc.*, No. 3:09-cv-00419-MMD-WGC, 2012 WL 5199742, at *3 (D. Nev. Oct. 19, 2012) (approving $12.5 million settlement recovering about 3.5% of the maximum damages that plaintiffs believe could be recovered at trial and noting that the amount is within the median recovery in securities class actions settled in the last few years).

Moreover, the 6.9% estimated recovery assumes that Class Representatives were able to establish damages based on all alleged corrective disclosures. In contrast, in Defendants' motion for summary judgment, they argued that since each alleged corrective disclosure date occurred when the Company announced quarterly financial results, including that AMD missed its earnings guidance, and that Class Representatives never challenged AMD's earnings guidance as false, there can be no loss causation. If this argument prevailed at summary judgment, the Class would have recovered nothing.

Alternatively, had Defendants succeeded at summary judgment in eliminating the corrective disclosure dates for the later part of the Class Period (*i.e.*, for the claims related to weak demand for Llano in 2012), Class Representatives would have been left with only one corrective disclosure (September 29, 2011) and a truncated Class Period. Under this very real possibility, maximum aggregate damages for the Class would have been approximately $210 million and the recovery here would represent 14.0% of recoverable damages in that scenario.

Defendants have also argued that Class Representatives failed to account for July 22, 2011 and October 28, 2011 as inflation causing dates, which they argue should offset the price effect of the alleged corrective disclosures and reduce Class wide damages from the beginning

of the Class Period.  Treating these as inflation causing dates would further reduce the Class' maximum damages, which would equate to a higher percentage of recovery.[3]

The Settlement also represents a prompt and substantial tangible recovery, without the considerable risk, expense, and delay of prevailing on summary judgment motions, trial, and post-trial litigation.  *See, e.g.*, *In re Linkedin User Privacy Litig.*, 309 F.R.D. 573, 587 (N.D. Cal. 2015) ("Generally unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results.") (citation omitted); *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, MDL No. 551, 1988 WL 158947, at *4 (W.D. Wash. July 28, 1988) (finding settlement to be in the "best interests of the class . . . before it is subjected further to the vagaries of litigation").  While Class Representatives believe they could have succeeded in establishing each of the elements of their claims, they faced considerable obstacles in continuing the Action.

For instance, if the case were to proceed, Class Representatives would have had to argue, and the Court would rule on, the pending *Daubert* and summary judgment motions. Defendants' *Daubert* motions sought the exclusion of each of Class Representatives' experts. Their summary judgment motion sought judgment as a matter of law on each element of Plaintiffs' case, *i.e.,* falsity, materiality, scienter, and loss causation.  There was no guarantee that Plaintiffs would prevail upon these motions, and, even if they did, how the Court's rulings would affect how the case would be presented to the jury.  These risks aside, the trial of Class Representatives' claims would inevitably be complex and long, and even a favorable verdict would likely spur a lengthy post-trial and appellate process.

Accordingly, in light of the substantial risks and expense of continued litigation, and compared to the certain and prompt recovery of $29,500,000, the Settlement is a very good result that is well within the range of reasonableness.  *See, e.g.*, *Orvis v. Spokane Cty*, 281

---

[3] Further, assuming September 29, 2011 is the only corrective disclosure date for a truncated class period ending on that date and that July 22, 2011 is treated as an inflation causing date, the maximum recovery for the Class would be even further reduced and a $29.5 million Settlement would represent an even higher percentage of recovery.

CLASS REPRESENTATIVES' NOTICE OF MOTION AND UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT   CASE NO. 4:14-CV-00226-YGR

14

F.R.D. 469, 475 (E.D. Wash. 2012) ("the proposed benefit to class members appears to the Court to be within the range of fair and reasonable compensation given the uncertain outcome of the legal arguments and the risks and probable delay for Plaintiff and class members if litigation were to proceed toward trial"); *Lo v. Oxnard European Motors, LLC*, No. 11-cv-1009 JLS (MDD), 2011 WL 6300050, at *5 (S.D. Cal. Dec. 15, 2011) (addressing preliminary approval and stating that "'[c]onsidering the potential risks and expenses associated with continued prosecution of the Lawsuit, the probability of appeals, the certainty of delay, and the ultimate uncertainty of recovery through continued litigation,' the Court finds that, on balance, the proposed settlement is fair, reasonable, and adequate") (alteration in original) (citation omitted).

For all the foregoing reasons, Class Representatives respectfully request that the Court preliminarily approve the proposed Settlement.

### D.    The Proposed Notice Program Satisfies Rules 23(e), Due Process, and the PSLRA Requirements

Class Counsel propose that notice be given to the Class in the form of the mailed Settlement Notice and published Summary Notice, attached as Exhibits A-1 and A-3 to the proposed Preliminary Approval Order.  Notice to the Class in the form and in the manner set forth in the proposed Preliminary Approval Order will fulfill the requirements of due process and comply with the Federal Rules of Civil Procedure and the PSLRA.  Class Counsel have also reviewed the Court's orders and approved notices in *Nathanson v. Polycom, Inc., et al.*, No. 4:13-cv-03476-YGR (N.D. Cal. Feb. 9, 2016), and *In re Violin Memory Inc. Securities Litigation*, No. 14:13-cv-05486-YGR (N.D. Cal. Feb. 23, 2016) for guidance in drafting the proposed notice packet.

Notice must be given to class members in the most practicable manner under the circumstances and must describe "'the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'"  *See, e.g.*, *Lane v. Facebook, Inc.*, 696 F.3d 811, 826 (9th Cir. 2012) (quoting *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 962 (9th Cir. 2009)); *see also* Fed. R. Civ. P. 23(c)(2)(B).  Class Representatives

CLASS REPRESENTATIVES' NOTICE OF MOTION AND UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT   CASE NO. 4:14-CV-00226-YGR

15

propose to give Class Members notice in two ways:  (i) by first-class mailing of the long-form Settlement Notice, addressed to all Class Members who can reasonably be identified and located; and (ii) by publication of the Summary Notice in *Investor's Business Daily* and its transmission over *PR Newswire*.  *See In re HP Sec. Litig.*, No. 12-cv-05980-CRB, 2015 WL 4477936, at *2 (N.D. Cal. July 20, 2015) (finding the procedures for notice, including mailing individual notice and publication notice satisfy Rule 23, the PSLRA, and constitute the best notice practicable).  Neither Defendants, Class Counsel, nor the Claims Administrator have access to potential Class Members' email addresses for dissemination of the Settlement Notice; however, the Notices will be posted on the case website, established in connection with the Class Notice, and Class Counsel's websites.

The form and substance of the notice program are also sufficient.  The proposed forms of notice describe the terms of the Settlement and the Class' recovery; the considerations that caused Class Representatives and Class Counsel to conclude that the Settlement is fair, adequate, and reasonable; the maximum attorneys' fees and expenses that may be sought; the procedure for requesting exclusion from the Class;[4] the procedure for objecting to the Settlement; the procedure for participating in the Settlement; the proposed Plan of Allocation; and the date and place of the Settlement Hearing.  *See Ching v. Siemens Indus., Inc.*, No. 11-cv-4838 MEJ, 2013 WL 6200190, at *6 (N.D. Cal. Nov. 27, 2013) (approving notice that "adequately describes the nature of the action, summarizes the terms of the settlement, identifies the class and provides instruction on how to opt out and object, and sets forth the proposed fees

---

[4] During the notice of pendency process, Class Members were given until January 19, 2017 to request exclusion from the Class.  In connection with the Settlement, Class Members are being given a second chance to opt-out or, if they already did so, to request that they be allowed back into the Class in order to participate in the Settlement.  AMD may terminate the Settlement if a certain threshold of exclusion requests is received, pursuant to the Parties' Confidential Supplemental Agreement Regarding Requests for Exclusion, dated October 9, 2017.  *See* Stipulation ¶ 40.  The Supplemental Agreement has not been filed with the Court given the confidential nature of the Termination Threshold.  *See, e.g.*, *Nisch v. Dreamworks Animation Skg Inc.*, No. 14-cv-04062-LHK, 2017 U.S. Dist. LEXIS 29920, at *8-9 (N.D. Cal. Mar.  2, 2017) (granting motion to seal supplemental agreement and noting reasons to maintain confidentiality).  However, the Supplemental Agreement can be provided to the Court *in camera* at the hearing on the instant motion.

CLASS REPRESENTATIVES' NOTICE OF MOTION AND UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT   CASE NO. 4:14-CV-00226-YGR

16

and expenses to be paid to Plaintiff's counsel and the settlement administrator in clear, understandable language").

The Settlement Notice also satisfies the PSLRA's separate disclosure requirements by, *inter alia*, stating:   (i) the amount of the Settlement determined in the aggregate and on an average per share basis; (ii) that the Parties do not agree on the average amount of damages per share that would be recoverable in the event Class Representatives prevailed; (iii) that Class Counsel intend to make an application for an award of attorneys' fees and expenses (including the amount of such fees and expenses determined on an average per share basis), and a brief explanation of the fees and expenses sought; (iv) the name, telephone number, and address of one or more representatives of counsel for the Class who will be available to answer questions concerning any matter contained in the Settlement Notice; and (v) the reasons why the Parties are proposing the Settlement.  *See* 15 U.S.C. § 78u-4(a)(7)(A)-(F).  The proposed Settlement Notice contains all of the information required by the PSLRA.[5]

The Notices will, when mailed and published as provided for in the Preliminary Approval Order submitted herewith, fairly apprise Class Members of the Settlement and their options with respect thereto, and fully satisfy all due process requirements.

Class Counsel also propose that the Court appoint Epiq Systems, Inc. ("Epiq") as the Claims Administrator for the Settlement in order to provide all notices approved by the Court to Class Members, to process Claim Forms, and to administer the Settlement.  Epiq was approved as the administrator for the previously issued Class Notice and is a recognized leader in legal administration services for class action settlements and legal noticing programs in the country. *See* Ex. 4.

---

[5] As set forth in the Settlement Notice, the average recovery per allegedly damaged share of publicly traded common stock of AMD would be $0.039 per allegedly damaged share before deduction of Court-approved fees and expenses, such as attorneys' fees and expenses, and approximately $0.023 per allegedly damaged share after deduction of attorneys' fees and expenses.

1

### E.    Proposed Plan of Allocation

2     At the Settlement Hearing, the Court will be asked to approve the proposed Plan of

3  Allocation for the Settlement proceeds, which is reported in full in the Settlement Notice.  The

4  Plan of Allocation was drafted with the assistance of Class Representatives' damages expert,

5  based on the measure of damages for claims under the Exchange Act.  *See* Settlement Notice,

6  pp. 19 to 24.

7     For losses to be compensable damages under the Exchange Act, the disclosure of the

8  allegedly misrepresented information must be the cause of the decline in the price of AMD

9  common stock.   In this case, Class Representatives allege that Defendants issued false

10  statements and omitted material facts from April 4, 2011 through October 18, 2012, inclusive,

11  (the Class Period) which artificially inflated the price of AMD common stock.  It is alleged that

12  the corrective information released to the market after market hours on September 28, 2011,

13  July 9, 2012, July 19, 2012, October 11, 2012, and October 18, 2012, impacted the market price

14  of AMD common stock in a statistically significant manner and removed the alleged artificial

15  inflation from AMD common stock prices on September 29, 2011, July 10, 2012, July 20, 2012,

16  October 12, 2012, and October 19, 2012.   Accordingly, in order to have a compensable loss,

17  AMD common stock must have been purchased or otherwise acquired during the Class Period

18  and held through at least one of the alleged corrective disclosures listed above.

19     Individual claimants' recoveries will depend upon when and how much AMD stock they

20  bought and sold.  Eligible claimants will recover their proportioned "*pro rata*" amount of the

21  Net Settlement Fund based on their "Recognized Loss," as set forth in the Plan of Allocation.

22  The Recognized Loss Amounts are based on the amount of artificial inflation allegedly in the

23  prices of AMD's common stock.

24     The Claims Administrator will calculate claimants' Recognized Losses using the

25  transactional information provided by Claimants in their claim forms.  Because most securities

26  are held in "street name" by the brokers that buy them on behalf of clients, the Claims

27  Administrator, Class Counsel, and Defendants do not have Class Members' transactional data.

28

1    Once the Claims Administrator has processed all submitted claims, distributions will be

2  made to eligible Authorized Claimants.  After an initial distribution of the Net Settlement Fund,

3  if there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds,

4  uncashed checks or otherwise) after at least six (6) months from the date of initial distribution,

5  Class Counsel will, if feasible and economical, re-distribute the balance among Authorized

6  Claimants who have cashed their checks.  These re-distributions will be repeated until the

7  balance in the Net Settlement Fund is no longer feasible to distribute to Authorized Claimants.

8  Any balance that still remains in the Net Settlement Fund after re-distribution(s), which is not

9  feasible or economical to reallocate, after payment of any outstanding Notice and

10  Administration Expenses or Taxes, will be donated in equal amounts to Bay Area Legal Aid and

11  Consumer Federation of America – both of which have programs that assist consumers facing

12  financial fraud and other unfair treatment.  *See* Stipulation ¶ 25; *see also*

13  https://baylegal.org/what-we-do/stability/consumer-protections/;

14  http://consumerfed.org/issues/consumer-protection/fraud/.

15    **F.    Anticipated Legal Fees, Litigation Expenses, and Administrative Fees**

16    As set forth in the Settlement Notice, Class Counsel intend to move for attorneys' fees

17  of no more than 30% of the Settlement Fund and litigation expenses of no more than $3 million,

18  which would include an application for reimbursement by the Class Representatives pursuant to

19  the PSLRA.

20    A 30% fee would amount to $8,850,000, which is substantially less than the legal fees

21  Plaintiffs' Counsel have expended in this case, which total more than $25 million.  The

22  requested fee would provide a significant negative "multiplier" to Plaintiffs' Counsel.  The basis

23  of Class Counsel's fee and expense request will be detailed in their upcoming motion requesting

24  fees and expenses.

25    Class Counsel's maximum expense figure is based upon total-to-date expenses of

26  approximately $3 million, which includes the amounts below, plus PSLRA reimbursement for

27  the Class Representatives, and an additional sum to cover incurred expenses that have not yet

28

been invoiced or expenses that will be incurred between now and Class Counsel's motion for fees and expenses:

| CATEGORY | AMOUNT |
|---|---:|
| Experts/Consultants | $1,750,000 |
| Mediation | $37,000 |
| Court Hearing/ Deposition Reporting | $125,500 |
| Database Management/ Litigation Support | $340,000 |
| Long-Distance Telephone/ Conference Calling/Facsimile | $5,000 |
| Postage | $250 |
| Electronic Research | $74,000 |
| Work-Related Transportation/ Meals/Hotels | $272,000 |
| Filing & Service Fees | $8,600 |
| Duplicating | $230,000 |
| Messenger/FedEx/UPS | $16,100 |
| **TOTAL** | **$2,858,450** |

With respect to Notice and Administration Expenses, the Claims Administrator has incurred $137,885 through July 2017 in connection with the Notice of the Pendency of Class Action. The Claims Administrator currently estimates that its fees and expenses in connection with the Settlement notices and claims process may be in the range of $350,000 to $500,000. This estimate assumes that 175,000 notice packets of a certain size (consisting of a Settlement Notice and Claim Form) will be mailed and that 43,750 claims will be received. In the event that actual experience differs from these assumptions, the administrative fees and expenses incurred in connection with this Settlement will differ from this estimate.

## III.   CONCLUSION

For the foregoing reasons, Class Representatives respectfully request that the Court issue an order substantially in the form of the proposed Preliminary Approval Order: (a) preliminarily approving the Settlement; (b) holding that the manner and forms of notice set forth in the Preliminary Approval Order satisfy due process and provide the best notice

1   practicable under the circumstances, and ordering that notice be provided to the Class;

2   (c) setting a date for the Settlement Hearing; (d) appointing Epiq as Claims Administrator; and

3   (e) granting such other and further relief as may be required.

4

5   Dated: October 9, 2017                    Respectfully submitted,

6                                             *s/ Jonathan Gardner*
                                              **LABATON SUCHAROW LLP**
7                                             Jonathan Gardner (*pro hac vice*)
                                              Carol C. Villegas (*pro hac vice*)
8                                             Alec T. Coquin (*pro hac vice*)
                                              140 Broadway
9                                             New York, NY  10005
                                              Telephone:  (212) 907-0700
10                                            Facsimile:   (212) 818-0477

11                                            **MOTLEY RICE LLC**
12                                            James M. Hughes (*pro hac vice*)
                                              William S. Norton (*pro hac vice*)
13                                            Max N. Gruetzmacher (*pro hac vice*)
                                              Michael J. Pendell (*pro hac vice*)
14                                            28 Bridgeside Blvd.
15                                            Mt. Pleasant, SC  29464
                                              Telephone:  (843) 216-9000
16                                            Facsimile:   (843) 216-9450

17                                            *Co-Lead Counsel for Class Representatives and*
                                              *the Class*
18

19                                            **LIEFF CABRASER HEIMANN &**
                                              **BERNSTEIN, LLP**
20                                            Joy A. Kruse (State Bar No. 142799)
                                              Katherine C. Lubin (State Bar No. 259826)
21                                            275 Battery Street, 29th Floor
                                              San Francisco, CA  94111-3339
22                                            Telephone:  (415) 956-1000
                                              Facsimile:   (415) 956-1008
23

24                                            *Liaison Counsel*

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I will mail the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Service List, if any.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 9, 2017

/s/ *Jonathan Gardner*
JONATHAN GARDNER

1

**Mailing Information for a Case 4:14-cv-00226-YGR**

2

*Hatamian et al v. Advanced Micro Devices, Inc. et al*

3

**Electronic Mail Notice List**

4

The following are those who are currently on the list to receive e-mail notices for this case.

5

6
- **Melanie Marilyn Blunschi**
  melanie.blunschi@lw.com,christina.teeter@lw.com,#sflitigationservices@lw.com,
7
  sf-litigation-services-4917@ecf.pacerpro.com,melanie-blunschi-
  5434@ecf.pacerpro.com
8
- **Alec T. Coquin**
  acoquin@labaton.com,kgutierrez@labaton.com,electroniccasefiling@labaton.com
9
- **Jonathan Gardner**
  jgardner@labaton.com,kgutierrez@labaton.com,jjohnson@labaton.com,
10
  cvillegas@labaton.com,tdubbs@labaton.com,ryamada@labaton.com,cboria@labaton.
  com,acoquin@labaton.com,fmalonzo@labaton.com,acarpio@labaton.com,
11
  agreenbaum@labaton.com
- **Patrick Edward Gibbs**
12
  pgibbs@cooley.com,bgiovannoni@cooley.com
- **Michael M. Goldberg**
13
  michael@goldberglawpc.com
- **Max Nikolaus Gruetzmacher**
14
  mgruetzmacher@motleyrice.com,wtinkler@motleyrice.com
- **Jason C. Hegt**
15
  jason.hegt@lw.com,jason-hegt-2094@ecf.pacerpro.com
- **James Michael Hughes**
16
  jhughes@motleyrice.com,mgruetzmacher@motleyrice.com,erichards@motleyrice.com,
  kweil@motleyrice.com
17
- **Willem F. Jonckheer**
  wjonckheer@schubertlawfirm.com,kmessinger@schubertlawfirm.com,
18
  epawson@schubertlawfirm.com,paralegal@schubertlawfirm.com
- **Joy Ann Kruse**
19
  jakruse@lchb.com,kbenson@lchb.com
- **Nicole Catherine Lavallee**
20
  nlavallee@bermantabacco.com,ysoboleva@bermantabacco.com
- **Sharon Maine Lee**
21
  slee@lchb.com
- **Katherine Collinge Lubin**
22
  klubin@lchb.com,rtexier@lchb.com
- **Meredith B. Miller**
23
  mbmiller@motleyrice.com
- **William H. Narwold**
24
  bnarwold@motleyrice.com,mjasinski@motleyrice.com,kweil@motleyrice.com,
  ajanelle@motleyrice.com
25
- **William S. Norton**
  bnorton@motleyrice.com
26
- **Michael J. Pendell**
  mpendell@motleyrice.com
27
- **Matthew Rawlinson**
  matt.rawlinson@lw.com,zoila.aurora@lw.com,
28
  matthew-rawlinson3894@ecf.pacerpro.com,jenny.duckworth@lw.com,
  #SVLitigationServices@lw.com
- **Paul J. Scarlato**

pscarlato@labaton.com

- **Carol C. Villegas**
  cvillegas@labaton.com,kgutierrez@labaton.com,thoffman@labaton.com,
  jchristie@labaton.com,mpenrhyn@labaton.com,acoquin@labaton.com,
  fmalonzo@labaton.com,acarpio@labaton.com,electroniccasefiling@labaton.com
- **Avraham Noam Wagner**
  avi@thewagnerfirm.com
- **Kara M. Wolke**
  kwolke@glancylaw.com
- **Roger W. Yamada**
  ryamada@labaton.com,kgutierrez@labaton.com,fmalonzo@labaton.com,
  acarpio@labaton.com,electroniccasefiling@labaton.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing).

(No manual recipients)