**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| BABAK HATAMIAN and LUSSA DENNJ SALVATORE, individually and on behalf of all others similarly situated, | Case No. 4:14-cv-00226-YGR |
| Plaintiffs, | CLASS ACTION |
| v. | **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT** |
| ADVANCED MICRO DEVICES, INC., RORY P. READ, THOMAS J. SEIFERT, RICHARD A. BERGMAN, AND LISA T. SU, | |
| Defendants. | |

WHEREAS, as of October 9, 2017, Arkansas Teacher Retirement System ("ATRS") and KBC Asset Management NV ("KBC") (collectively, "Class Representatives"), on behalf of themselves and each of the members of the certified Class (defined below), on the one hand, and Advanced Micro Devices, Inc. ("AMD" or the "Company"), and Rory P. Read ("Read"), Thomas J. Seifert ("Seifert"), Richard A. Bergman ("Bergman"), and Lisa T. Su ("Su") (collectively, the "Individual Defendants" and with AMD, the "Defendants"), on the other hand,

entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned Action, which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the Settlement of this Action; and

WHEREAS, by Order entered March 16, 2016, the Court certified a Class of: all persons and entities that, during the period from April 4, 2011 through October 18, 2012, inclusive, (the "Class Period") purchased or otherwise acquired shares of the publicly traded common stock of AMD (the "Class"). Excluded from the Class are AMD and the Individual Defendants; members of the immediate families of the Individual Defendants; AMD's subsidiaries and affiliates; any person who was an officer or director of AMD or any of AMD's subsidiaries or affiliates during the Class Period; any entity in which any Defendant has a controlling interest; AMD's employee retirement and benefit plan(s); any person or entity that validly and timely sought exclusion from the Class in connection with the Notice of Pendency of Class Action (the "Class Notice") previously disseminated who has not opted back into the Class; and the legal representatives, heirs, successors and assigns of any such excluded person or entity. Also excluded from the Class shall be any person or entity that seeks exclusion by timely submitting a valid request for exclusion in connection with the Settlement Notice (defined below), which is accepted by the Court pursuant to the requirements set forth herein;

WHEREAS, pursuant to this Court's Order entered March 16, 2016, the Class Notice was mailed to potential members of the Class to notify them of, among other things: (a) the Action pending against the Defendants; (b) the Court's certification of the Action as a class action on behalf of the certified Class; (c) the effect of remaining in the Class on any person or entity that falls within the definition of the Class ("Class Members") (including that Class Members will be bound by all past, present, and future orders and judgments in the Action, whether favorable or unfavorable); and (d) the right of Class Members to request exclusion from the Class, the requirements for requesting exclusion, and the effect of exclusion;

WHEREAS, a list of all timely and valid requests for exclusion in connection with the Class Notice was filed with the Court on February 8, 2017. ECF No. 239-3.

WHEREAS, the Court has reviewed and considered the Stipulation and the accompanying exhibits, which is annexed hereto as Exhibit 4;

WHEREAS, the Parties to the Stipulation have consented to the entry of this order; and

WHEREAS, all capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 25th day of October, 2017 that:

1. The Court has reviewed the Stipulation and preliminarily finds the Settlement set forth therein to be fair, reasonable and adequate, subject to further consideration at the Settlement Hearing described below.

2. A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on **February 27, 2018, at 2:00 p.m.** for the following purposes:

(a) to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b) to determine whether the Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered;

(c) to determine whether the Plan of Allocation is fair, reasonable and adequate, and should be approved by the Court;

(d) to consider Class Counsel's motion for an award of attorneys' fees and expenses; and

(e) to rule upon such other matters as the Court may deem appropriate.

3. The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Class of any kind. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses. The Court may also

adjourn the Settlement Hearing or modify any of the dates herein without further notice to members of the Class.

4.      The Court approves the form, substance and requirements of the Notice of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses (the "Settlement Notice") and the Proof of Claim and Release form ("Proof of Claim"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively.

5.      The Court approves the retention of Epiq Class Action & Claims Solutions, Inc. as the Claims Administrator.  The Claims Administrator shall cause the Settlement Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Class Members who can be identified with reasonable effort, including by using the mailing records obtained in connection with the Class Notice.  AMD, to the extent it has not already done so, shall use its best efforts to obtain and provide to Class Counsel, or the Claims Administrator, its transfer records in electronic searchable form containing the names and addresses of purchasers of the publicly traded common stock of AMD during the Class Period, to the extent that information is available, no later than five (5) business days after entry of this Preliminary Approval Order.

6.      In the previously disseminated Class Notice, brokers and other nominees ("Nominees") were advised that if, for the beneficial interest of any person or entity other than themselves, they purchased AMD publicly traded common stock during the Class Period they must either:  (i) request from the administrator sufficient copies of the Class Notice to forward to all such beneficial owners, and forward them to all such beneficial owners; or (ii) provide a list of the names and addresses of all such beneficial owners to the administrator.

(a)      For Nominees who previously chose the first option (*i.e.*, elected to mail the Class Notice directly to beneficial owners), the Claims Administrator shall forward the same number of Claim Packets to such Nominees, and the Nominees SHALL, WITHIN SEVEN (7) CALENDAR DAYS of receipt of the Claim Packets, mail them to the beneficial owners.

Unless the Nominee has identified additional beneficial owners whose names and addresses **WERE NOT** previously provided to the Claims Administrator, such Nominees need not take any further action;

(b)     For Nominees who previously chose the second option (*i.e.*, provided a list of names and addresses of beneficial holders to the Claims Administrator), the Claims Administrator shall promptly mail a copy of the Claim Packet to each of the beneficial owners whose names and addresses the Nominee previously supplied.  Unless the Nominee has identified additional beneficial owners whose names and addresses **WERE NOT** previously provided to the Claims Administrator, such Nominees need not take any further action;

(c)     For Nominees that have identified additional beneficial owners who **WERE NOT** previously identified in connection with the Class Notice, such Nominees SHALL EITHER: (i) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the Claim Packet, provide a list of the names and addresses of all such additional beneficial owners to the Claims Administrator, or (ii) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the Claim Packet, request from the Claims Administrator sufficient copies of the Claim Packet to forward to all such additional beneficial owners which the Nominee SHALL, WITHIN SEVEN (7) CALENDAR DAYS of receipt of the Claim Packets from the Claims Administrator, mail to the beneficial owners;

(d)     Nominees who elect to send the Claim Packet to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and SHALL RETAIN their mailing records for use in connection with any further notices that may be provided in the Action;

(e)     Upon full and timely compliance with this Order, Nominees who mail the Claim Packets to beneficial owners, or who provide additional names and addresses of beneficial owners to the Claims Administrator, may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such

properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses subject to review by the Court.

7.      Class Counsel shall, at least fourteen (14) calendar days before the Settlement Hearing, file with the Court proof of mailing of the Settlement Notice and Proof of Claim.

8.      The Court approves the form of the Summary Notice of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses ("Summary Notice"), substantially in the form annexed hereto as Exhibit 3, and directs that Class Counsel shall cause the Summary Notice to be published in *Investor's Business Daily* and be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date.  Class Counsel shall, at least fourteen (14) calendar days before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

9.      The form and content of the notice program described herein, and the methods set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

10.     In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(a)      A properly executed Proof of Claim, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Settlement Notice, postmarked or electronically submitted no later than fourteen (14) calendar days before the Settlement Hearing.  Such deadline may be further extended by Court

order or by Class Counsel in their discretion.  Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid).  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Settlement Notice.  Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court or allowed by Class Counsel, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 12 of this order.  Notwithstanding the foregoing, Class Counsel shall have the discretion (but not the obligation) to accept for processing late-submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed. Class Counsel shall have no liability for their discretion in accepting late claims.

        (b)       The Proof of Claim submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator with such supervision by Class Counsel as necessary; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of her current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

        (c)       As part of the Proof of Claim, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

11. Any Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If any Class Member does not enter an appearance, he, she or it will be represented by Class Counsel.

12. Class Members shall be bound by all orders, determinations and judgments in this Action, whether favorable or unfavorable, unless such Persons either requested exclusion in connection with the Class Notice, and are listed in ECF No. 239-3, or request exclusion from the Class in a timely and proper manner, as hereinafter provided.

(a) A Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Settlement Notice for such exclusions, such that it is postmarked no later than twenty-one (21) calendar days before the Settlement Hearing. Such request for exclusion must state the name, address and telephone number of the Person seeking exclusion, must state that the sender requests to be "excluded from the Class in *Hatamian v. Advanced Micro Devices, Inc., et al.,* No. 14-cv-00226 (N.D. Cal.)" and must be signed by such Person. Such Persons requesting exclusion are also directed to state the information requested in the Settlement Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases and acquisitions and/or sales of AMD publicly traded common stock during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court or the Parties.

13. Any Person that has requested exclusion from the Class in connection with the Class Notice may elect to opt-back into the Class. By opting back into the Class, such Person shall be eligible to submit a Proof of Claim for payment from the Net Settlement Fund. Any such Person who wishes to opt-back into the Class must either, individually or through counsel, request to opt-back into the Class in writing to the Claims Administrator within the time and in the manner set forth in the Settlement Notice, which provides that any such request to opt-back into the Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days before the Settlement Hearing, at the address set forth in the Settlement Notice.

Each request to opt-back into the Class must: (a) provide the name, address and telephone number of the person or entity requesting to opt-back into the Class; (b) state that such person or entity "requests to opt-back into the Class in *Hatamian v. Advanced Micro Devices, Inc., et al.*, No. 14-cv-00226 (N.D. Cal.)"; and (c) be signed by the person or entity requesting to opt-back into the Class or an authorized representative.

14. Class Members who have requested exclusion from the Class, and who do not opt-back into the Class, shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Settlement Notice.

15. The Court will consider any Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Class Member has (i) served by hand or by mail his, her or its written objection and supporting papers, such that they are postmarked on or before twenty-one (21) calendar days before the Settlement Hearing, and mailed to Class Counsel, Jonathan Gardner, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005 and James M. Hughes, Motley Rice LLC, 28 Bridgeside Blvd., Mt. Pleasant, SC 29464, and Defendants' Counsel, Matthew Rawlinson, Latham & Watkins LLP, 140 Scott Drive, Menlo Park, California 94025 and Patrick E. Gibbs, Cooley LLP, 3175 Hanover Street, Palo Alto, California 94304; and (ii) filed said objections and supporting papers with the Clerk of the Court, United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612. Any Class Member who does not make his, her, or its objection in the manner provided for in the Settlement Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given. The Court will consider all proper objections even if a Class Member does not attend the Settlement Hearing. However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses are required

to indicate in their written objection their intention to appear at the Settlement Hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

16.     Pending final determination of whether the Settlement should be approved, Class Representatives, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against the Released Defendant Parties.

17.     As provided in the Stipulation, before the Effective Date, Class Counsel may pay the Claims Administrator fees and costs associated with giving notice to the Class and the review of claims and administration of the Settlement in an amount up to $500,000.00 (five hundred thousand dollars and zero cents) out of the Settlement Fund without further approval from Defendants and without further order of the Court.

18.     All papers in support of the Settlement, Plan of Allocation, and Class Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days before the Settlement Hearing. Any reply papers are to be filed with the Court and served no later than fourteen (14) calendar days before the Settlement Hearing. No later than seven (7) calendar days before the Settlement Hearing, Class Counsel shall file a submission with the Court concerning the claims received to date.

19.     The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No person who is not a Class Member or Class Counsel shall have any right to any portion of, or to any distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

20.     All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

21.     Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation or any application for attorney's fees or expenses submitted by Class Counsel or Class Representatives, and such matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

22.     If the Settlement fails to become effective as defined in the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of August 8, 2017.

23.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

24.     The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

Dated:   October 25        , 2017

HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
Joy A. Kruse (State Bar No. 142799)
Katherine L. Benson (State Bar No. 259826)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Liaison Counsel*

**LABATON SUCHAROW LLP**
Jonathan Gardner (*pro hac vice*)
Carol C. Villegas (*pro hac vice*)
Alec T. Coquin (*pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Co-Lead Counsel for the Class*

**MOTLEY RICE LLC**
James M. Hughes (*pro hac vice*)
William S. Norton (*pro hac vice*)
Max N. Gruetzmacher (*pro hac vice*)
Michael J. Pendell (*pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| BABAK HATAMIAN and LUSSA DENNJ SALVATORE, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>ADVANCED MICRO DEVICES, INC., RORY P. READ, THOMAS J. SEIFERT, RICHARD A. BERGMAN, AND LISA T. SU,<br><br>    Defendants. | Case No. 4:14-cv-00226-YGR<br><br>CLASS ACTION<br><br>**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**<br><br>EXHIBIT 1 |

**If you purchased or acquired the publicly traded common stock of Advanced Micro Devices, Inc. during the period from April 4, 2011 through October 18, 2012, inclusive, you may be entitled to receive money from a class action settlement.**

*A Federal Court authorized this Notice. This is <u>not</u> a solicitation from a lawyer.*

This Settlement Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement or wish to be excluded from the Class. *This notice is different from the Notice of Pendency of Class Action ("Class Notice"), which you might have received at the end of 2016 alerting you to the fact that the Class had been certified.*

- The Settlement, if approved by the Court, will provide a total recovery of **$29,500,000** (on average approximately $0.039 per share before the deduction of Court-approved fees and expenses) in cash for the benefit of the Class (described below).[1]

- The Settlement resolves claims by Class Representatives Arkansas Teacher Retirement System ("ATRS") and KBC Asset Management NV ("KBC") in a class action against Advanced Micro Devices, Inc. ("AMD" or the "Company"), and Rory P. Read ("Read"), Thomas J. Seifert ("Seifert"), Richard A. Bergman ("Bergman"), and Lisa T. Su ("Su") (collectively, the "Individual Defendants" and with AMD, the "Defendants").

- Class Representatives claim that Defendants made materially false and misleading statements and omissions about the manufacturing and subsequent launch of, as well as the demand for, AMD's Llano microprocessor from April 4, 2011 through October 18, 2012, inclusive (the "Class Period"). Plaintiffs also allege that the false and misleading statements inflated the price of AMD's common stock and that, when Defendants disclosed the truth of the ongoing problems with Llano, AMD's stock price dropped. Defendants deny any wrongdoing in this lawsuit. The Court did not decide in favor of either the investors or Defendants.

- Court-appointed lawyers for the investors will ask the Court for no more than $8,850,000 in attorneys' fees (30% of the Settlement Fund) and up to $3,000,000 in expenses for their and the Class Representatives' work litigating the case and negotiating the Settlement. If approved by the Court, these amounts (totaling on average approximately $0.016 per share) will be deducted from the $29,500,000 Settlement.

---

[1] All capitalized terms not defined in this Settlement Notice have the meanings provided in the Stipulation and Agreement of Settlement, dated as of _____, 2017 (the "Stipulation"), which can be viewed at www.amdsecuritieslitigation.com.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made only if the Court approves the Settlement and after any appeals are resolved. Please be patient.

- **If you are a Class Member, your legal rights will be affected by this Settlement whether you act or do not act. Please read this Settlement Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM BY _____, 201__** | The <u>only</u> way to get a payment. |
| **OPT-BACK INTO THE CLASS BY SUBMITTING REQUEST BY_____, 201_** | If you previously submitted a request for exclusion from the Class in connection with the previously mailed Class Notice and now want to be part of the Class in order to receive a payment, you must follow the steps for "Opting-Back Into the Class." |
| **EXCLUDE YOURSELF BY _____, 201__** | You will get no payment. This is the only option that, assuming your claim is timely brought, might allow you ever to bring or be part of any other lawsuit against the Defendants and/or the other Released Defendant Parties concerning the Released Claims. |
| **OBJECT BY _____, 201__** | Write to the Court about why you do not like the Settlement, the Fee and Expense Application, or the proposed Plan of Allocation. |
| **GO TO A HEARING ON _____, 2018** | Ask to speak in Court about the Settlement. |
| **DO NOTHING** | Get no payment AND give up your rights to bring your own individual action. |

**Identification of Attorneys' Representatives**

Class Representatives and the Class are being represented by Labaton Sucharow LLP and Motley Rice LLC, Court-appointed Class Counsel. Any questions regarding the Settlement should be directed to Jonathan Gardner, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com, and James Hughes, Motley Rice LLC, 28 Bridgeside Blvd., Mt. Pleasant, SC 29464, (800) 768-4026, www.motleyrice.com. **Please do not contact the Court regarding this notice.**

## BASIC INFORMATION

| 1. Why did I get this Settlement Notice? |
| --- |

The Court authorized that this Settlement Notice be sent to you because you or someone in your family may have purchased or acquired the publicly traded common stock of AMD from April 4, 2011 through October 18, 2012, inclusive.

If this description applies to you or someone in your family, you have a right to know about the proposed Settlement of this class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows.

This Settlement Notice explains the lawsuit, the Settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of this Action is the United States District Court for the Northern District of California (the "Court"), and the case is known as *Hatamian, et al. v. Advanced Micro Devices, Inc., et al*., Case No. 14-cv-00226-YGR (N.D. Cal.) (the "Action"). The Action is assigned to the Honorable Yvonne Gonzalez Rogers, United States District Judge.

The Court did not decide in favor of the Plaintiffs or the Defendants. Instead, they have agreed to a settlement. For Class Representatives, the principal reason for the Settlement is the certain benefit of a substantial cash recovery for the Class, in contrast to the risk that the Court may grant, in whole or in part, some or all of Defendants' pending motion for summary judgment, the uncertainty of being able to prove the allegations at a jury trial, and the difficulties and delays inherent in such litigation (including any appeals).

For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that any Class Members were damaged, the principal reasons for entering into the Settlement are to bring to an end the substantial burden, expense, uncertainty, and risk of further litigation.

Notice of Proposed Class Action Settlement and Motion
for Attorneys' Fees and Expenses
Case No. 4:14-cv-00226-YGR                                                            4

## 2. What is this lawsuit about? What has happened so far?

AMD is a multinational semiconductor company. During the Class Period, a majority of AMD's revenue was derived from the sale of computer microprocessors, chipsets, and embedded processors, while the remainder of its revenue came primarily from the sale of graphics, video, and multimedia products. Class Representatives' claims center on the launch of AMD's "Llano" microprocessor, an Accelerated Processing Unit ("APU") product that combined a Computer Processing Unit ("CPU") with a Graphics Processing Unit ("GPU") onto one piece of silicon. As detailed in the operative complaint, Class Representatives allege that Defendants made materially false and misleading statements and omissions concerning Llano's production, launch, demand, and sales, among other things. Class Representatives further allege that when certain disclosures pertaining to Llano's production and supply, and the related impact on AMD's financial results and inventories, were made, AMD's stock price fell, allegedly damaging class members.

On January 15, 2014, the initial complaint *Hatamian v. Advanced Micro Devices, Inc.*, No. 14-cv-226, was filed in the Court. On April 4, 2014, the Court issued an order appointing ATRS and KBC as lead plaintiffs and approving their selection of Labaton Sucharow LLP and Motley Rice LLC as co-lead counsel (collectively, "Co-Lead Counsel" or "Class Counsel").

Lead Plaintiffs filed an Amended Complaint for Violation of the Federal Securities Laws on May 23, 2014, alleging violations §§ 10(b) and 20(a) of the Securities and Exchange Act of 1934 ("Exchange Act"). Lead Plaintiffs filed the operative Corrected Amended Class Action Complaint for Violations of the Federal Securities Laws ("CAC") on June 11, 2014. On July 7, 2014, the Defendants moved to dismiss the CAC, which was denied by the Court on April 22, 2015. Defendants answered the CAC on May 14, 2015, denying Lead Plaintiffs' allegations and asserting affirmative defenses.

On September 4, 2015, Lead Plaintiffs moved for class certification, appointment of ATRS and KBC as class representatives, and appointment of Labaton Sucharow LLP and Motley Rice LLC as class counsel. Defendants opposed the motion. On March 16, 2016, the Court

issued an Order granting the motion and certifying the Class. Beginning on November 11, 2016, the Class Notice was mailed to potential Class Members and information was posted on the case website www.amdsecuritieslitigation.com. The Class Notice informed investors of the class action, their right to be excluded from the Class, the requirements for requesting exclusion, and of a January 19, 2017 deadline for seeking exclusion.

On April 25, 2017, Defendants filed a motion for summary judgment and a motion to exclude Class Representatives' expert witnesses; that same day, Class Representatives filed a motion to exclude Defendants' expert witnesses. On May 30, 2017, Class Representatives filed an omnibus memorandum, opposing Defendants' motion for summary judgment and affirmatively moving for summary judgment as to the alleged falsity of certain statements. As of July 25, 2017, before the date that the agreement in principle to settle was reached, the cross-motions for summary judgment and motions to exclude, including related evidentiary motions, were fully briefed. The motions were scheduled to be heard by the Court on September 12, 2017.

Class Representatives, through Class Counsel, have conducted a thorough investigation of the claims, defenses, and underlying events and transactions that are the subjects of the Action. This process included reviewing and analyzing: (i) documents filed publicly by the Company with the U.S. Securities and Exchange Commission ("SEC"); (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company and the Defendants; (iii) research reports issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company; (v) approximately 2,325,000 pages of documents produced by Defendants during discovery and approximately 97,000 pages of documents produced by third-parties; and (vi) the applicable law governing the claims and potential defenses.

Counsel for Class Representatives and Defendants have also completed voluminous class, fact and expert discovery that included: taking or defending approximately 34 depositions, including the depositions of Class Representatives, the Individual Defendants, and seven experts;

and exchanging 10 expert reports directed at semiconductor manufacturing, supply and demand, product gross margins, macroeconomic industry trends, loss causation, and damages.

Defendants and Class Representatives engaged the Hon. Layne R. Phillips (Ret.), a well-respected and highly experienced mediator and former federal judge, to assist them in exploring a potential negotiated resolution of the claims in the Action. On January 14, 2016, counsel for the Parties met with Judge Phillips in an attempt to reach a settlement. The mediation involved an extended effort to settle the claims and, prior to the mediation, the Parties exchanged detailed mediation statements. However, they were unable to reach an agreement at that time. Following the mediation, Judge Phillips continued his efforts to facilitate discussions among the Parties. Class Counsel and Defendants' Counsel participated in a second mediation on August 8, 2017, conducted by both Judge Phillips and the Honorable Gary A. Feess (Ret.), a former United States District Judge in the Central District of California. A settlement was ultimately reached at the August 8, 2017 mediation.

| **3.** | **Why is this a class action**? |
|---|---|

In a class action, one or more persons or entities (in this case, the Class Representatives), sue on behalf of people and entities that have similar claims. Together, these people and entities are a class, and each is a class member. Bringing a case, such as this one, as a class action allows the Court to resolve many similar claims of persons and entities that might be economically too small to bring as individual actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.

## WHO IS IN THE SETTLEMENT

| **4.** | **How do I know if I am part of the Class?** |
|---|---|

The Court has certified the following Class, subject to certain exceptions identified below:

> All persons and entities that, during the period from April 4, 2011 through October 18, 2012, inclusive, purchased or otherwise acquired shares of the publicly traded common stock of AMD.

Check your investment records or contact your broker to see if you purchased or acquired the publicly traded common stock of AMD during the period from April 4, 2011 through October 18, 2012, inclusive.

| **5.** | **Are there exceptions to being included?** |

Yes.  Some people are excluded from the Class by definition.  Excluded from the Class are AMD and the Individual Defendants; members of the immediate families of the Individual Defendants; AMD's subsidiaries and affiliates; any person who was an officer or director of AMD or any of AMD's subsidiaries or affiliates during the Class Period; any entity in which any Defendant has a controlling interest; AMD's employee retirement and benefit plan(s); any person or entity that validly and timely sought exclusion from the Class in connection with the Class Notice previously disseminated who does not opt back into the Class; and the legal representatives, heirs, successors and assigns of any such excluded person or entity.

Also excluded from the Class is anyone who submits a valid and timely request for exclusion from the Class, in accordance with the procedures set forth in Question 10 below.

| **6.** | **What if I am still not sure if I am included?** |

If you are still not sure whether you are included in the Class, you can ask for free help. You can call the Claims Administrator toll-free at (___) ___-___, send an e-mail to the Claims Administrator at _____, or write to the Claims Administrator, c/o Epiq Systems, Inc., P.O. Box _____, ____.  Or you can fill out and return the Proof of Claim form described in Question 8 to see if you qualify.

**THE SETTLEMENT BENEFITS — WHAT YOU GET**

| **7.** | **How much will my payment be?** |

In exchange for the Settlement and the release of the Released Claims against the Released Defendant Parties, Defendants have agreed to create a $29,500,000 cash fund, which will earn interest, to be distributed after the deduction of Court-approved fees and expenses

among all Class Members who submit a valid Claim Form and are found to be entitled to a distribution from the Net Settlement Fund ("Authorized Claimants").

If you are an Authorized Claimant entitled to a payment, your share of the Net Settlement Fund will depend on several things, including: how many Class Members timely send in valid Claim Forms; the total amount of recognized losses of other Class Members; how many shares of AMD common stock you purchased; the prices and dates of those purchases; and the prices and dates of any sales.

You can calculate your recognized loss in accordance with the formulas shown below in the Plan of Allocation. It is unlikely that you will receive a payment for all of your recognized loss. *See* the Plan of Allocation of Net Settlement Fund on pages___ for more information on your recognized loss.

### HOW YOU RECEIVE A PAYMENT: SUBMITTING A PROOF OF CLAIM FORM

**8. How can I receive a payment?**

To qualify for a payment, you must submit a timely and valid Claim Form. A Claim Form is included with this Settlement Notice. If you did not receive a Claim Form, you can obtain one on the internet at the website for the case: www.amdsecuritieslitigation.com. You can also ask for a Claim Form by calling the Claims Administrator toll-free at (___) ___-_____.

Please read the instructions carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it to the Claims Administrator so that it is **postmarked or electronically submitted no later than _____, 201__.**

**9. What am I giving up to receive a payment or stay in the Class?**

Unless you exclude yourself, or previously excluded yourself, you are staying in the Class, and that means that upon the "Effective Date," you will release all "Released Claims," including "Unknown Claims," as defined below, against the "Released Defendant Parties."

**"Released Claims"** means any and all actions, suits, claims, demands, rights, liabilities, damages, costs, restitution, rescission, interest, attorneys' fees, expert or consulting fees,

expenses, matters and issues known or Unknown (as defined below), contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, whether concealed or hidden, and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether based on federal, state, local, foreign, statutory or common law or any other law, rule or regulation, including claims under the Securities Act of 1933 or the Securities Exchange Act of 1934 or the securities laws of any state or territory, that have been or that might have been asserted by any Releasing Plaintiff Party against any of the Released Defendant Parties, arising out of, relating to, based upon, or in connection with both: (a) any purchase, acquisition, disposition, sale, or holding of AMD publicly traded common stock during the Class Period and (b) any facts, claims, matters, allegations, transactions, events, disclosures, representations, statements, acts, or omissions or failures to act that were alleged, set forth, referred to, or that could have been alleged in the Action against the Released Defendant Parties. For the avoidance of doubt, the following claims are not included as Released Claims: (i) *Wessels v. Read, et al.*, Case No. 1:14 cv-262486 (Santa Clara Super. Ct.); (ii) *Christopher Hamilton and David Hamilton v. Barnes, et al.*, Case No. 5:15-cv-01890 (N.D. Cal.); (iii) *Jake Ha v. Caldwell, et al.*, Case No. 3:15-cv-04485 (N.D. Cal.); (iv) those of any person or entity that validly and timely sought exclusion from the Class in connection with the Class Notice previously disseminated who does not opt back into the Class, and the legal representatives, heirs, successors and assigns of any such excluded person or entity; (v) all claims of any person or entity that submits a request for exclusion in connection with the Settlement, to the extent the Court grants any such request; or (vi) claims relating to the enforcement of the Settlement.

**"Released Defendant Party"** or **"Released Defendant Parties"** means Defendants, Defendants' Counsel, and each of their respective past or present subsidiaries, parents, affiliates, principals, successors and predecessors, joint venturers, assigns, officers, directors, shareholders, underwriters, trustees, partners, members, agents, fiduciaries, contractors, employees, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, financial or

investment advisors or consultants, banks or investment bankers, personal or legal

representatives, estates, heirs, related or affiliated entities, any entity in which a Defendant has a

controlling interest, any member of an Individual Defendant's immediate family, or any trust of

which any Individual Defendant is a settlor or which is for the benefit of any Defendant and/or

member(s) of his or her family, and each of the heirs, executors, administrators, predecessors,

successors, and assigns of the foregoing.

"**Unknown Claims**" means any and all Released Claims that Class Representatives or

any other Class Member does not know or suspect to exist in his, her, or its favor at the time of

the release of the Released Defendant Parties, and any and all Released Defendants' Claims that

any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release

of the Releasing Plaintiff Parties, which if known by him, her, or it might have affected his, her,

or its decision(s) with respect to the Settlement, including the decision to object to the terms of

the Settlement or to exclude himself, herself, or itself from the Class.  With respect to any and all

Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the

Effective Date, Class Representatives and Defendants shall expressly, and each other Class

Member and Released Defendant Parties shall be deemed to have, and by operation of the

Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly

waived and relinquished any and all provisions, rights and benefits conferred by any law of any

state or territory of the United States, or principle of common law, which is similar, comparable,

or equivalent to Cal. Civ. Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO
> EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING
> THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST
> HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT
> WITH THE DEBTOR.**

Class Representatives, other Class Members, Defendants, or any Released Defendant Party may

hereafter discover facts, legal theories, or authorities in addition to or different from those which

any of them now knows or believes to be true with respect to the subject matter of the Released

Notice of Proposed Class Action Settlement and Motion
for Attorneys' Fees and Expenses
Case No. 4:14-cv-00226-YGR                                          11

Claims and the Released Defendants' Claims, but Class Representatives and Defendants shall

expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and

release, and each Class Member and Released Defendant Party shall be deemed to have waived,

compromised, settled, discharged, extinguished, and released, and upon the Effective Date and

by operation of the Judgment or Alternative Judgment shall have waived, compromised, settled,

discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims

and Released Defendants' Claims as applicable, known or unknown, suspected or unsuspected,

contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or

heretofore existed, or may hereafter exist, without regard to the subsequent discovery or

existence of such different or additional facts, legal theories, or authorities. Class

Representatives and Defendants acknowledge, and other Class Members and Released

Defendant Party by operation of law shall be deemed to have acknowledged, that the inclusion of

"Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was

separately bargained for and was a material element of the Settlement.

Please consult the Stipulation, filed with the Court and posted at www.
amdsecuritieslitigation.com, for additional defined terms.

The "Effective Date" will occur when an Order entered by the Court approving the

Settlement becomes final and not subject to appeal. If you remain a member of the Class, all of

the Court's orders will apply to you and legally bind you.

### EXCLUDING YOURSELF FROM THE CLASS

***If you already submitted a valid and timely request for exclusion in connection with the***

***Class Notice, you do not need to do so again.***[2]

If you **did not** previously submit a request for exclusion and **do not** want a payment from

this Settlement, but you want to keep any right you may have to sue or continue to sue

Defendants and the other Released Defendant Parties on your own concerning the Released

---

[2] If you are not sure whether you did, please call the Claims Administrator at (___) ____-____.

Claims, then you must take steps to remove yourself from the Class. This is called excluding

yourself or "opting out." **Please note:** if you decide to exclude yourself because you want to

bring your own lawsuit to pursue claims alleged in the Action, you may want to consult with an

attorney and discuss whether your individual claim would be time-barred by the applicable

statutes of limitations or repose. Also, Defendants may terminate the Settlement if Class

Members who purchased in excess of a certain amount of shares of AMD common stock seek

exclusion from the Class.

| 10. How do I exclude myself from the Class? |
| --- |

To exclude yourself from the Class, you must mail a signed letter stating that you

"request to be excluded from the Class in *Hatamian v. Advanced Micro Devices, Inc., et al.*, No.

14-cv-00226 (N.D. Cal.)." You cannot exclude yourself by telephone or e-mail. Your letter

must state the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and/or

sales of AMD common stock during the period from April 4, 2011 through October 18, 2012.

Your letter must include your name, mailing address, telephone number, e-mail address, and

signature. You must submit your exclusion request so that it is **postmarked no later than**

**_____, 201__** to:

*Advanced Micro Devices, Inc. Securities Litigation*
Claims Administrator
c/o Epiq Systems, Inc.
[    ]

Your exclusion request must comply with these requirements in order to be valid. If you

ask to be excluded, you will not receive any payment from the Net Settlement Fund, and you

cannot object to the Settlement.

| 11. If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same thing later? |
| --- |

No. Unless you properly exclude yourself, you remain in the Class and you give up any

rights to sue Defendants and the other Released Defendant Parties for any and all Released

Claims. If you have a pending lawsuit, **speak to your lawyer in that case immediately**. You

must exclude yourself from this Class to continue your own lawsuit. Remember, the exclusion

deadline is _____, 201__.

## OPTING-BACK INTO THE CLASS

**12. What if I previously requested exclusion in connection with the Class Notice and now want to be eligible to receive a payment from Settlement? How do I opt-back into the Class?**

If you previously submitted a request for exclusion from the Class in connection with the Class

Notice, you may opt-back into the Class and be eligible to receive a payment from the

Settlement. If you are not certain whether you previously submitted a request for exclusion,

please contact the Claims Administrator at (___) ____-____ for assistance.

In order to opt-back into the Class, you, individually or through counsel, must submit a written

"Request to Opt-Back into the Class" to the Claims Administrator, addressed as follows:

*Advanced Micro Devices, Inc.,* c/o Epiq Systems, Inc., P.O. Box _____, ____. This

request must be ***postmarked no later than_____ ___, 201__***. Your Request to Opt-Back into

the Class must (i) state the name, address, and telephone number of the person or entity

requesting to opt-back into the Class; (ii) state that such person or entity "requests to opt-back

into the Class in *Hatamian v. Advanced Micro Devices, Inc., et al.,* No. 14-cv-00226 (N.D.

Cal.)"; and (iii) be signed by the person or entity requesting to opt-back into the Class or an

authorized representative.

**Please note:** Opting-back into the Class ***does not mean*** that you will automatically be entitled to

receive proceeds from the Settlement. **If you wish to be eligible to participate in the**

**distribution of proceeds from the Settlement, you are also required to submit the Proof of**

**Claim form that is being distributed with this Settlement Notice.** *See* Question 8, above.

## THE LAWYERS REPRESENTING YOU

**13. Do I have a lawyer in this case?**

Notice of Proposed Class Action Settlement and Motion
for Attorneys' Fees and Expenses
Case No. 4:14-cv-00226-YGR                                                                14

The Court ordered the law firms of Labaton Sucharow LLP and Motley Rice LLC to represent all Class Members. These lawyers are called Class Counsel. You will not be separately charged for these lawyers. The Court will determine the amount of Class Counsel's fees and expenses, which will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 14. How will the lawyers be paid? |
| --- |

Class Counsel, and other attorneys who assisted Class Counsel, have not been paid for any of their work. They will ask the Court to award them, from the Settlement Fund, attorneys' fees of no more than 30% of the Settlement Fund, which includes interest on such fees at the same rate as earned by the Settlement Fund. Class Counsel will also seek payment of litigation expenses in connection with the prosecution of this Action of no more than $3,000,000, plus interest on such expenses at the same rate as earned by the Settlement Fund, which may include reimbursements to the Class Representatives for their expenses (including lost wages), pursuant to the Private Securities Litigation Reform Act of 1995.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| 15. How do I tell the Court that I do not like something about the proposed Settlement? |
| --- |

If you are a Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, and/or the Fee and Expense Application. You may write to the Court about your objection. You can ask the Court not to approve the Settlement, however you cannot ask the Court to order a larger settlement; the Court can only approve or deny this Settlement. If the Court denies approval, the settlement payments will not be sent out and the lawsuit will continue. If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

Notice of Proposed Class Action Settlement and Motion
for Attorneys' Fees and Expenses
Case No. 4:14-cv-00226-YGR                                    15

To object, you must send a signed letter stating that you "object to the proposed Settlement in *Hatamian v. Advanced Micro Devices, Inc. et al.*, No. 14-cv-00226 (N.D. Cal.)." You must include: (i) your name, address, telephone number, e-mail address, and signature; (ii) identify the date(s), price(s), and number(s) of shares of AMD common stock purchased, acquired, and/or sold; state the reasons why you object to the Settlement and which part(s) of the Settlement you object to; and (iii) include any legal support and/or evidence, to support your objection. Unless otherwise ordered by the Court, any Class Member who does not object in the manner described in this Settlement Notice will be deemed to have waived any objection and shall be forever foreclosed from making any future objection. Your objection must be submitted to the Court either by mailing the objection to the Clerk of the Court at the address below or by filing the objection in person at the location below, and mailed to Class Counsel and Defendants' Counsel, so that it is **postmarked on or before _____, 201__:**

## **The Court**

Clerk of the Court
United States District Court for the Northern District of California
Oakland Courthouse
1301 Clay Street
Oakland, CA 94612

| **Class Counsel** | **Defendants' Counsel** |
|---|---|
| LABATON SUCHAROW LLP<br>Jonathan Gardner, Esq.<br>140 Broadway<br>New York, NY 10005 | LATHAM & WATKINS LLP<br>Matthew Rawlinson, Esq.<br>140 Scott Drive<br>Menlo Park, CA 94025 |
| MOTLEY RICE LLC<br>James M. Hughes, Esq.<br>28 Bridgeside Blvd.<br>Mt. Pleasant, SC 29464 | COOLEY LLP<br>Patrick E. Gibbs, Esq.<br>3175 Hanover Street<br>Palo Alto, CA 94304 |

You do not need to attend the Settlement Hearing to have your written objection considered by the Court. However, any Class Member who has complied with the procedures

set out in this Question 15 and below in Question 18 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court, either in person or through an attorney, arranged at his, her, or its own expense.

| 16. | **What is the difference between objecting and excluding?** |

Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Fee and Expense Application. You can still recover from the Settlement, and you will still be bound by the Settlement and any Court order in this Action. **You can object *only* if you stay in the Class**.

Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

### THE SETTLEMENT HEARING

| 17. | **When and where will the Court decide whether to approve the proposed Settlement?** |

The Court will hold the Settlement Hearing on _____, 2018 at ____ ___.**m**., in Courtroom 1, 4th Floor of the Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612.

At this hearing, the Court will consider (i) whether the Settlement is fair, reasonable, and adequate, and should be finally approved; (ii) whether the proposed Plan of Allocation is fair, reasonable, and adequate; and (iii) the application of Class Counsel for an award of attorneys' fees and payment of litigation expenses. The Court will take into consideration any written objections filed in accordance with the instructions in Question 15. We do not know how long it will take the Court to make these decisions.

You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members. If you want to attend the hearing, you should check with Class Counsel beforehand to be sure that the date and/or time has not changed, periodically check the Court's website at www.cand.uscourts.gov/ygr, or periodically check the case-specific website at www.amdsecuritieslitigation.com to see if the Settlement Hearing stays as calendared or is changed.

**18.  May I speak at the Settlement Hearing?**

You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must submit a statement that it is your intention to appear in "*Hatamian v. Advanced Micro Devices, Inc. et al.*, No. 14-cv-00226 (N.D. Cal.)."  Persons who intend to object to the Settlement, the Plan of Allocation, or Class Counsel's Fee and Expense Application and desire to present evidence at the Settlement Hearing must also include in their objections (prepared and submitted in accordance with the answer to Question 15 above) the identity of any witness they may wish to call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing.  You may not speak at the Settlement Hearing if you excluded yourself from the Class or if you have not provided written notice of your objection and/or intention to speak at the Settlement Hearing in accordance with the procedures described in Questions 10, 15, and 18.

## IF YOU DO NOTHING

**19.  What happens if I do nothing at all?**

If you do nothing and you are a member of the Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8).  To start, continue, or be a part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims in this case, you must exclude yourself from the Class (*see* Question 10).

## GETTING MORE INFORMATION

**20.  Are there more details about the proposed Settlement?**

This Settlement Notice summarizes the proposed Settlement.  More details are in the Stipulation.  Class Counsel's motions in support of final approval of the Settlement, the request for attorneys' fees and litigation expenses, and approval of the proposed Plan of Allocation will

Notice of Proposed Class Action Settlement and Motion
for Attorneys' Fees and Expenses
Case No. 4:14-cv-00226-YGR                                                    18

be filed with the Court no later than _____, 201__ and available from Class Counsel, the

Claims Administrator, or the Court, pursuant to the instructions below.

You may review the Stipulation or documents filed in the case at the Office of the Clerk

of the United States District Court for the Northern District of California, 1301 Clay Street,

Oakland, CA 94612, on weekdays (other than court holidays) between 9:00 a.m. and 4:00 p.m.

Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action

through the Court's on-line Case Management/Electronic Case Files System at

https://www.pacer.gov.

You can also get a copy of the Stipulation and other case documents by calling the

Claims Administrator toll free at (___) ____-_____; writing to the Claims Administrator at

*Advanced Micro Devices, Inc. Securities Litigation,* c/o Epiq Systems, Inc., P.O. Box _____,

____; or visiting the websites: www.amdsecuritieslitigation.com, www.labaton.com, or

www.motleyrice.com where you will find answers to common questions about the Settlement,

download copies of the Stipulation or Claim Form, and locate other information.

**Please do not Call the Court with Questions about the Settlement.**

**PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND**

**A.    Preliminary Matters**

The Settlement Amount and the interest it earns is the "Settlement Fund." The

Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and

Administration Expenses, Taxes, and any other fees or expenses approved by the Court is the

"Net Settlement Fund." The Net Settlement Fund will be distributed to members of the Class

who timely submit valid Claim Forms that show a Recognized Claim according to the Plan of

Allocation approved by the Court. The Court may approve this Plan of Allocation or modify it

without additional notice to the Class. Any order modifying the Plan of Allocation will be

posted on the case website at: www.amdsecuritieslitigation.com, and at www.labaton.com, or

www.motleyrice.com.

The purpose of this Plan of Allocation of the Net Settlement Fund ("Plan of Allocation" or "Plan") is to establish a reasonable and equitable method of distributing the Net Settlement Fund among Authorized Claimants who allegedly suffered economic losses as a result of the alleged violations of the federal securities laws. For purposes of determining the amount an Authorized Claimant may recover under this Plan, Class Counsel have conferred with their damages expert. This Plan is intended to be consistent generally with an assessment of, among other things, the damages that Class Counsel and Class Representatives believe were recoverable in the Action. The Plan, however, is not a formal damages analysis and the calculations made pursuant to the Plan are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. An individual Class Member's recovery will depend on, for example: (a) the total number of claims submitted; (b) when the Class Member purchased or acquired AMD publicly traded common stock; and (c) whether and when the Class Member sold his, her, or its shares of AMD common stock.

This Plan of Allocation generally measures the amount of loss that a Class Member can claim for purposes of making *pro rata* allocations of the Net Settlement Fund to Authorized Claimants. For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of AMD common stock. In this case, Class Representatives allege that Defendants issued false statements and omitted material facts from April 4, 2011 through October 18, 2012, inclusive, (the Class Period) which artificially inflated the price of AMD common stock. It is alleged that the corrective information released to the market after market hours on September 28, 2011, July 9, 2012, July 19, 2012, October 11, 2012, and October 18, 2012, impacted the market price of AMD common stock in a statistically significant manner and removed the alleged artificial inflation from AMD common stock prices on September 29, 2011, July 10, 2012, July 20, 2012, October 12, 2012, and October 19, 2012. Accordingly, in order to have a compensable loss, AMD common stock must have been purchased or otherwise acquired during the Class Period and held through at least one of the alleged corrective disclosures listed above.

Because the Net Settlement Fund is less than the total losses alleged to be suffered by Class Members, the formulas described below for calculating Recognized Losses are not intended to estimate the amount that will actually be paid to Authorized Claimants. Rather, these formulas provide the basis on which the Net Settlement Fund will be distributed among Authorized Claimants on a *pro rata* basis. An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of the Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the payment of any claim. Class Representatives, Class Counsel, and anyone acting on their behalf, likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

**B.** **Calculation of Recognized Loss Amounts**

For purposes of determining whether a Claimant has a "Recognized Claim," purchases, acquisitions, and sales of AMD common stock will first be matched on a First In/First Out ("FIFO") basis as set forth below.

A "Recognized Loss Amount" will be calculated as set forth for each purchase or acquisition of AMD publicly traded common stock during the Class Period from April 4, 2011 through October 18, 2012, inclusive, that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero.

For each share of AMD publicly traded common stock purchased or otherwise acquired during the Class Period and sold before the close of trading on January 16, 2013, an "Out of Pocket Loss" will be calculated. Out of Pocket Loss is defined as the purchase or acquisition price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes,

and commissions).  To the extent that the calculation of the Out of Pocket Loss results in a

negative number, that number shall be set to zero.

For each share of AMD publicly traded common stock purchased or otherwise acquired

from April 4, 2011 through and including October 18, 2012 and:

1. Sold before the close of trading on September 28, 2011, the Recognized Loss Amount for each such share shall be zero.

2. Sold after the close of trading on September 28, 2011, and before the close of trading on October 18, 2012, the Recognized Loss Amount for each such share shall be ***the lesser of***:

    i. the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in Table 1, on page ___, below, ***minus*** the dollar artificial inflation applicable to each such share on the date of sale as set forth in Table 1, on page ___, below; or

    ii. the Out of Pocket Loss.

3. Sold after the close of trading on October 18, 2012, and before the close of trading on January 16, 2013,[3] the Recognized Loss Amount for each such share shall be ***the lesser of:***

    i. the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in Table 1, on page ___, below; or

    ii. the actual purchase/acquisition price of each such share ***minus*** the average closing price from October 19, 2012, up to the date of sale as set forth in Table 2, on page ___, below; or

    iii. the Out of Pocket Loss.

---

[3] October 19, 2012 through January 16, 2013 is the "90-day look-back period" after the end of the Class Period.  Pursuant to Section 21(D)(e)(1) of the PSLRA, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day look-back period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with this requirement, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of AMD common stock during the 90-day look-back period (October 19, 2012 through January 16, 2013). The mean (average) closing price for AMD common stock during this 90-day look-back period was $2.26.

4. Held as of the close of trading on January 16, 2013, the Recognized Loss Amount for each such share shall be ***the lesser of***:

      i. the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in Table 1, on page __, below; or

      ii. the actual purchase/acquisition price of each such share ***minus*** $2.26.

## C.    <u>Additional Provisions</u>

Publicly traded AMD common stock is the only security eligible for recovery under the Plan of Allocation. With respect to AMD common stock purchased or sold through the exercise of an option, the purchase/sale date of the AMD common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

If a Class Member has more than one purchase/acquisition or sale of AMD common stock during the Class Period, all purchases/acquisitions and sales shall be matched on a FIFO basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

Purchases or acquisitions and sales of AMD shares shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of shares during the Class Period shall not be deemed a purchase, acquisition or sale of shares for the calculation of Recognized Loss, unless (i) the donor or decedent purchased or otherwise acquired such shares during the Class Period; (ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares; and (iii) it is specifically so provided in the instrument of gift or assignment. Any claimant that sold AMD common stock "short" will have no Recognized Loss with respect to such purchase during the Class Period to cover said short sale.

The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

Payment according to this Plan of Allocation will be deemed conclusive against all Authorized Claimants.  Recognized Claims will be calculated as defined herein by the Claims Administrator and cannot be less than zero.

Distributions to eligible Authorized Claimants will be made after claims have been processed.  After an initial distribution of the Net Settlement Fund, if there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, Class Counsel shall, if feasible and economical, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion.  These redistributions shall be repeated until the balance in the Net Settlement Fund is no longer feasible to distribute to Authorized Claimants.  Any balance that still remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, shall be donated in equal amounts to Bay Area Legal Aid and Consumer Federation of America.

Each claimant is deemed to have submitted to the jurisdiction of the United States District Court for the Northern District of California with respect to his, her, its claim.

## SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

In the previously mailed Class Notice, you were advised that if, for the beneficial interest of any person or entity other than yourself, you purchased AMD common stock during the period from April 4, 2011 through October 18, 2012, inclusive, must either: (1) request from the Claims Administrator sufficient copies of the Class Notice to forward to all such beneficial owners, and forward them to all such beneficial owners; or (2) provide a list of the names and addresses of all such beneficial owners to the Claims Administrator.

1      If you chose the first option, *i.e.*, you elected to mail the Class Notice directly to

2  beneficial owners, you were advised that you must retain the mailing records for use in

3  connection with any further notices that may be provided in the Action.  If you elected this

4  option, the Claims Administrator will forward the same number of Settlement Notices and Proof

5  of Claim and Release Forms (together, the "Claim Packet") to you to send to the beneficial

6  owners **WITHIN SEVEN (7) CALENDAR DAYS** of receipt of the Claim Packets.  If you

7  require more copies than you previously requested, please contact the Claims Administrator at

8  (___) ___-___ and let them know how many additional Claim Packets you require.  You must

9  mail the Claim Packets to the beneficial owners **WITHIN SEVEN (7) CALENDAR DAYS** of

10  your receipt of the packets.

11      If you chose the second option, the Claims Administrator will send a copy of the Claim

12  Packet to the beneficial owners whose names and addresses you previously supplied.  Unless you

13  have identified additional beneficial owners whose names you did not previously provide, **you**

14  **need do nothing further at this time**.  If you believe that you have identified additional

15  beneficial owners **whose names you did not previously provide** to the Claims Administrator,

16  you must either (a) **WITHIN SEVEN (7) CALENDAR DAYS** of receipt of the Claim Packet,

17  provide a list of the names and addresses of all such beneficial owners to the Claims

18  Administrator at *Advanced Micro Devices, Inc. Securities Litigation,* c/o Epiq Systems, Inc.,

19  P.O. Box _____, _____; or (b) **WITHIN SEVEN (7) CALENDAR DAYS** of receipt of the

20  Claim Packet, request from the Claims Administrator sufficient copies of the Claim Packet to

21  forward to all such beneficial owners which you shall, **WITHIN SEVEN (7) CALENDAR**

22  **DAYS** of receipt of the Claim Packet from the Claims Administrator, mail to the beneficial

23  owners.  If you elect to send the Claim Packet to beneficial owners you shall also send a

24  statement to the Claims Administrator confirming that the mailing was made and shall retain

25  your mailing records for use in connection with any further notices that may be provided in the

26  Action.

27

28

Notice of Proposed Class Action Settlement and Motion
for Attorneys' Fees and Expenses
Case No. 4:14-cv-00226-YGR                                                    25

1    Upon full and timely compliance with these directions, you may seek reimbursement of

2   your reasonable expenses actually incurred, by providing the Claims Administrator with proper

3   documentation supporting the expenses for which reimbursement is sought.  Copies of this

4   Settlement Notice and the Claim Form may also be obtained from the website for this Action,

5   www.amdsecuritieslitigation.com, or by calling the Claims Administrator at (___)____-_____.

6        All communications concerning the foregoing should be addressed to the Claims

7   Administrator:

8
*Advanced Micro Devices, Inc. Securities Litigation*
Claims Administrator
c/o Epiq Systems, Inc.
[    ]
Phone: [    ] Fax: [    ]
[e-mail]
www.amdsecuritieslitigation.com

12

13   Dated: _____, 2017          BY ORDER OF THE UNITED STATES
                                              DISTRICT COURT FOR THE
14                                            NORTHERN DISTRICT OF
                                              CALIFORNIA

## TABLE 1

### AMD Common Stock Artificial Inflation
### for Purposes of Calculating Purchase and Sale Inflation

| Purchase or Sale Date | Artificial Inflation |
|---|---|
| April 4, 2011 - September 28, 2011 | $1.40 |
| September 29, 2011 - July 9, 2012 | $0.56 |
| July 10, 2012 - July 19, 2012 | $0.41 |
| July 20, 2012 - October 11, 2012 | $0.09 |
| October 12, 2012 - October 18, 2012 | $0.01 |

## TABLE 2

### AMD Average Closing Price During 90-Day Look Back
### October 19, 2012 – January 16, 2013

| Date | Average Closing Price between October 19, 2012, and Date Shown | Date | Average Closing Price between October 19, 2012, and Date Shown |
|---|---|---|---|
| 10/19/2012 | $2.18 | 12/5/2012 | $2.05 |
| 10/22/2012 | $2.14 | 12/6/2012 | $2.05 |
| 10/23/2012 | $2.14 | 12/7/2012 | $2.06 |
| 10/24/2012 | $2.13 | 12/10/2012 | $2.07 |
| 10/25/2012 | $2.12 | 12/11/2012 | $2.08 |
| 10/26/2012 | $2.12 | 12/12/2012 | $2.09 |
| 10/31/2012 | $2.11 | 12/13/2012 | $2.10 |
| 11/1/2012 | $2.11 | 12/14/2012 | $2.10 |
| 11/2/2012 | $2.11 | 12/17/2012 | $2.11 |
| 11/5/2012 | $2.11 | 12/18/2012 | $2.12 |
| 11/6/2012 | $2.11 | 12/19/2012 | $2.13 |
| 11/7/2012 | $2.10 | 12/20/2012 | $2.14 |
| 11/8/2012 | $2.09 | 12/21/2012 | $2.15 |
| 11/9/2012 | $2.08 | 12/24/2012 | $2.16 |
| 11/12/2012 | $2.08 | 12/26/2012 | $2.16 |
| 11/13/2012 | $2.08 | 12/27/2012 | $2.17 |
| 11/14/2012 | $2.07 | 12/28/2012 | $2.17 |
| 11/15/2012 | $2.06 | 12/31/2012 | $2.17 |
| 11/16/2012 | $2.05 | 1/2/2013 | $2.18 |
| 11/19/2012 | $2.04 | 1/3/2013 | $2.19 |

| | | | | |
|---|---|---|---|---|
| 11/20/2012 | $2.03 | | 1/4/2013 | $2.20 |
| 11/21/2012 | $2.03 | | 1/7/2013 | $2.21 |
| 11/23/2012 | $2.02 | | 1/8/2013 | $2.21 |
| 11/26/2012 | $2.02 | | 1/9/2013 | $2.22 |
| 11/27/2012 | $2.01 | | 1/10/2013 | $2.23 |
| 11/28/2012 | $2.01 | | 1/11/2013 | $2.24 |
| 11/29/2012 | $2.01 | | 1/14/2013 | $2.24 |
| 11/30/2012 | $2.02 | | 1/15/2013 | $2.25 |
| 12/3/2012 | $2.03 | | 1/16/2013 | $2.26 |
| 12/4/2012 | $2.04 | | | |

# EXHIBIT 2

**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
Joy A. Kruse (State Bar No. 142799)
Katherine L. Benson (State Bar No. 259826)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Liaison Counsel*

**LABATON SUCHAROW LLP**
Jonathan Gardner (*pro hac vice*)
Carol C. Villegas (*pro hac vice*)
Alec T. Coquin (*pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

**MOTLEY RICE LLC**
James M. Hughes (*pro hac vice*)
William S. Norton (*pro hac vice*)
Max N. Gruetzmacher (*pro hac vice*)
Michael J. Pendell (*pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450

*Co-Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| BABAK HATAMIAN and LUSSA DENNJ SALVATORE, individually and on behalf of all others similarly situated, | Case No. 4:14-cv-00226-YGR |
| Plaintiffs, | <u>CLASS ACTION</u> |
| v. | **PROOF OF CLAIM AND RELEASE** |
| ADVANCED MICRO DEVICES, INC., RORY P. READ, THOMAS J. SEIFERT, RICHARD A. BERGMAN, AND LISA T. SU, | EXHIBIT 2 |
| Defendants. | |

To recover as a Class Member based on your claims in the action entitled *Hatamian, et al. v. Advanced Micro Devices, Inc., et al.*, Case No. 14-cv-00226-YGR (N.D. Cal.) (the "Action"), YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED PROOF OF CLAIM FORM ("CLAIM FORM"), ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, **ON OR BEFORE** _____, **2018**, ADDRESSED AS FOLLOWS:

> *Advanced Micro Devices, Inc. Securities Litigation*
> Claims Administrator
> c/o Epiq Systems, Inc.
> XXX
> XXXX
> www.amdsecuritieslitigation.com

Submission of this Claim Form, however, does not assure that you will share in the proceeds of the settlement of the Action.

If you are a Class Member, and you did not timely and validly request exclusion in connection with the previously mailed Notice of Pendency of Class Action or the proposed settlement, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT THIS CLAIM FORM.

**TABLE OF CONTENTS**                                                         **PAGE #**

| PART I – | CLAIMANT IDENTIFICATION | _ |
|---|---|---|
| PART II – | GENERAL INSTRUCTIONS | _ |
| PART III – | SCHEDULE OF TRANSACTIONS IN AMD PUBLICLY TRADED COMMON STOCK | _ |
| PART VI – | SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS | _ |

# PART I - <u>CLAIMANT IDENTIFICATION</u>

When filling out this form, type or print in the boxes below in CAPITAL LETTERS; do not use red ink, pencils, or staples. Instructions are on page ____.

Beneficial Owner's First Name          MI     Beneficial Owner's Last Name

| | | | | | | | | | | | | | |     | | |     | | | | | | | | | | | | | | | |

Co-Beneficial Owner's First Name          MI     Co-Beneficial Owner's Last Name

| | | | | | | | | | | | | | |     | | |     | | | | | | | | | | | | | | | |

Entity Name (if claimant is not an individual)

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

Address1 (street name and number)

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

Address2 (apartment, unit, or box number)

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

City                                                                 State     ZIP/Postal Code

| | | | | | | | | | | | | | | | | | | | | |     | | |     | | | | | | | |

Foreign Country (only if not USA)

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

Social Security Number          Taxpayer Identification Number

| | | | | | | | | | | | | | | | | | | | | | |

Telephone Number (home)          Telephone Number (work)

| | | | | - | | | | | - | | | | |     | | | | | - | | | | | - | | | | |

Email address

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

Account Number (if filing for multiple accounts, file a separate Proof of Claim for each account)

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

Claimant Account Type (check appropriate box):

     Individual (includes joint owner accounts)     Pension Plan       Trust
     Corporation     Estate
     IRA/401K     Other _____ (please specify)

## PART II – <u>GENERAL INSTRUCTIONS</u>

If you purchased or otherwise acquired shares of the publicly traded common stock of Advanced Micro Devices, Inc. ("AMD" or the "Company") during the period from April 4, 2011 through October 18, 2012, inclusive (the "Class Period"), use Part I of this form entitled "Claimant Identification" to list the claimant name, mailing address, and account information if relevant (such as for a claim submitted on behalf of an IRA, Trust, or estate account). Please list the most current claimant or account name, as this is the information that will appear on a check, if the claim is eligible for payment. Please also provide a telephone number and/or e-mail address, in the event the Claims Administrator needs to contact you with questions about the claim. If your Claimant Identification information changes, please notify the Claims Administrator in writing at the address below.

All joint purchasers must sign this Claim Form. If you are acting in a representative capacity on behalf of a Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents or other documents which provide you with the authority to submit the claim. Please also indicate your representative capacity under your signature on page __ of this Claim Form.

Use Part III of this form entitled "Schedule of Transactions in AMD Publicly Traded Common Stock" to supply all required details of your transaction(s). Neither the Claims Administrator, the Defendants, nor the Class Representatives have access to your transactional information. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to all of your purchases or acquisitions of AMD publicly traded common stock which took place from April 4, 2011 through October 18, 2012, inclusive, and ***all*** of your sales of AMD common stock which took

place from April 4, 2011 through January 16, 2013, whether such transactions resulted in a profit or a loss. You must also provide the amount of AMD publicly traded common stock you held at the beginning of trading on April 4, 2011 and at the close of trading on January 16, 2013. This information is needed in order to calculate your claim under the Plan of Allocation. Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of AMD common stock. The date of a "short sale" is deemed to be the date of sale of AMD common stock. COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS SHOULD BE ATTACHED TO YOUR CLAIM. **FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

**PART III – SCHEDULE OF TRANSACTIONS IN AMD PUBLICLY TRADED COMMON STOCK**

    A.    State the number of shares of AMD Common Stock held at the beginning of trading (*i.e.,* before market open) on April 4, 2011: _____

    B.    Separaetely list each and every open market purchase of AMD common stock during the period from April 4, 2011 through October 18, 2012, inclusive, and provide the following information (*must be documented*):

| Trade Date Month Day Year | Number of Shares Purchased or Acquired | Purchase Price Per Share | Total Purchase Price (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| 1._____ | 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ | 3._____ |

IMPORTANT: If any purchase listed covered a "short sale," please mark Yes:

☐ Yes

B. Separately list each and every open market sale of AMD common stock during the period from April 4, 2011 through January 16, 2013, inclusive, and provide the following information (*must be documented*):

| Trade Date Month Day Year | Number of Shares Sold | Sales Price Per Share | Total Sales Price (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| 1._____ | 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ | 3._____ |

C. State the total number of shares of AMD common stock held at the close of trading on January 16, 2013: _____

**PART IV -    SUBMISSION TO JURISDICTION OF**
**COURT AND ACKNOWLEDGMENTS**

1.     I (We) submit this Claim Form under the terms of the Stipulation and Agreement of Settlement described in the Settlement Notice, available at www.amdsecuritieslitigation.com.  I (We) also submit to the jurisdiction of the United States District Court, Northern District of California, with respect to my (our) claim as a Class Member.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the same purchases or sales of AMD common stock during the relevant periods and know of no other person having done so on my (our) behalf.

2.     I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases of AMD common stock that took place from April 4, 2011 through October 18, 2012, and all of my (our) sales of AMD common stock from April 4, 2011 through January 16, 2013, as well as the number of shares held by me (us) at the opening of trading on April 4, 2011 and the close of trading on January 16, 2013.

I (We) declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this _____ day of _____
(Month/Year)

_____          _____
Signature of Claimant                                      Signature of Joint Claimant, if any

_____          _____
Print Name of Claimant                                   Print Name of Joint Claimant, if any

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.  Please sign above.

2.  Remember to attach copies of supporting documentation.

3.  **Do not send** originals of certificates or other documentation as they will not be returned.

4.  Keep a copy of your Claim Form and all supporting documentation for your records.

5.  If you desire an acknowledgment of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.

6.  If you move, please send your new address to the address below.

7.  **Do not use red pen or highlighter** on the Claim Form or supporting documentation.

**THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR, IF MAILED, POSTMARKED
NO LATER THAN _____, 2018, ADDRESSED AS FOLLOWS:**

*Advanced Micro Devices, Inc. Securities Litigation*
Claims Administrator
c/o Epiq Systems, Inc.
[XXXXXXXXXXXXX}
Phone: [XXX-XXX-XXXX] Fax: [XXX-XXX-XXXX]
[e-mail]
www.amdsecuritieslitigation.com

# EXHIBIT 3

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Joy A. Kruse (State Bar No. 142799)
Katherine L. Benson (State Bar No. 259826)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Liaison Counsel*

**LABATON SUCHAROW LLP**
Jonathan Gardner (*pro hac vice*)
Carol C. Villegas (*pro hac vice*)
Alec T. Coquin (*pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Co-Lead Counsel for the Class*

**MOTLEY RICE LLC**
James M. Hughes (*pro hac vice*)
William S. Norton (*pro hac vice*)
Max N. Gruetzmacher (*pro hac vice*)
Michael J. Pendell (*pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| BABAK HATAMIAN and LUSSA DENNJ SALVATORE, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>ADVANCED MICRO DEVICES, INC., RORY P. READ, THOMAS J. SEIFERT, RICHARD A. BERGMAN, AND LISA T. SU,<br><br>            Defendants. | Case No. 4:14-cv-00226-YGR<br><br><u>CLASS ACTION</u><br><br>**SUMMARY NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**<br><br>EXHIBIT 3 |

**TO: ALL PERSONS AND ENTITIES THAT, DURING THE PERIOD FROM APRIL 4, 2011 THROUGH OCTOBER 18, 2012, INCLUSIVE, PURCHASED OR OTHERWISE ACQUIRED SHARES OF THE PUBLICLY TRADED COMMON STOCK OF ADVANCED MICRO DEVICES, INC.**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Northern District of California, that Class Representatives Arkansas Teacher Retirement System and KBC Asset Management NV, on behalf of themselves and the certified Class, and Advanced Micro Devices, Inc., and the other named defendants (collectively, the "Defendants"), have reached a settlement in the above-captioned action (the "Action") in the amount of $29,500,000 in cash (the "Settlement Amount") that, if approved by the Court, will resolve all claims in the Action.[1]

A hearing will be held before the Honorable Yvonne Gonzalez Rogers of the United States District Court for the Northern District of California in Courtroom 1, Oakland Courthouse, 4th Floor, 1301 Clay Street, Oakland, CA 94612 at __:__ ___.m. on _____ __, 2018 to, among other things, determine whether (1) the Settlement should be approved by the Court as fair, reasonable, and adequate; (2) the Plan of Allocation for distribution of the Settlement Amount, and any interest thereon, less Court-awarded attorneys' fees, Notice and Administration Expenses, Taxes, and any other costs, fees, or expenses approved by the Court (the "Net Settlement Fund") should be approved as fair, reasonable, and adequate; and (3) the application of Class Counsel for an award of attorneys' fees of no more than 30% of the Settlement Fund (or up to $8,850,000) and payment of expenses of no more than $3,000,000 from the Settlement Fund, which may include the expenses of Class Representatives pursuant to the Private Securities Litigation Reform Act of 1995, should be approved. The Court may change the date of the Settlement Hearing without providing another notice. You do NOT need to attend the Settlement Hearing in order to receive a distribution from the Net Settlement Fund.

IF YOU ARE A MEMBER OF THE CLASS, **YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT** AND YOU MAY BE ENTITLED TO SHARE IN THE NET

---

[1] The complete terms of the Settlement are in the Stipulation and Agreement of Settlement, dated _____ __, 2017, which can be viewed at www.amdsecuritieslitigation.com.

SETTLEMENT FUND. If you have not yet received the full Notice of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses (the "Settlement Notice") and a Proof of Claim and Release form ("Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator or visiting its website:

*Advanced Micro Devices, Inc. Securities Litigation*
Claims Administrator c/o Epiq Systems, Inc.
[XXXXXXXXXXXX]
Phone: [XXX-XXX-XXXX] Fax: [XXX-XXX-XXXX]
[e-mail]
www.amdsecuritieslitigation.com

Inquiries may also be made to Class Counsel:

LABATON SUCHAROW LLP
Jonathan Gardner, Esq.
140 Broadway
New York, NY 10005
Tel: (888) 219-6877
www.labaton.com
settlementquestions@labaton.com

MOTLEY RICE LLC
James M. Hughes, Esq.
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Tel: (800) 449-4900
www.motleyrice.com

If you are a Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form postmarked or electronically submitted ***no later than*** _____ __, 201__. If you are a Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you previously submitted a valid and timely request for exclusion from the Class in connection with the Notice of Pendency of Class Action ("Class Notice") and you wish to remain excluded, no further action is required. However if you did not, to exclude yourself from the Class now, you must submit a written request for exclusion in accordance with the instructions set forth in the Settlement Notice such that it is postmarked ***no later than*** _____ __, 201__. If you are a Class Member and do not exclude yourself from the Class, **you will be bound** by any judgments or orders entered by the Court in the Action.

If you previously submitted a request for exclusion from the Class in connection with the Class Notice but you want to ***opt-back*** into the Class now for the purpose of being eligible to receive a payment from the Net Settlement Fund, you may do so. In order to opt-back into the

Class, you must submit a request in writing such that it is postmarked ***no later than*** _____, ***201__***, in accordance with the instructions set forth in the Settlement Notice.

Any objections to the Settlement, Plan of Allocation, and/or application for attorneys' fees and payment of expenses must be filed with the Court and mailed to counsel in accordance with the instructions set forth in the Settlement Notice postmarked ***no later than*** _____ __, ***201__.***

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.** ALL QUESTIONS ABOUT THIS NOTICE, THE SETTLEMENT, OR YOUR ELIGIBILITY TO PARTICIPATE IN THE SETTLEMENT SHOULD BE DIRECTED TO THE CLAIMS ADMINISTRATOR AT THE ADDRESS LISTED ABOVE.

Dated: _____, 2017          BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA