# Exhibit 1

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Katherine C. Lubin (State Bar No. 259826)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Liaison Counsel*

**LABATON SUCHAROW LLP**
Jonathan Gardner (*pro hac vice*)
Carol C. Villegas (*pro hac vice*)
Alec T. Coquin (*pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

**MOTLEY RICE LLC**
James M. Hughes (*pro hac vice*)
William S. Norton (*pro hac vice*)
Max N. Gruetzmacher (*pro hac vice*)
Michael J. Pendell (*pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450

*Co-Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| BABAK HATAMIAN and LUSSA DENNJ SALVATORE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCED MICRO DEVICES, INC., RORY P. READ, THOMAS J. SEIFERT, RICHARD A. BERGMAN, AND LISA T. SU,<br><br>Defendants. | CASE NO. 4:14-cv-00226-YGR (JSC)<br><br>**CLASS ACTION**<br><br>**DECLARATION OF GEORGE HOPKINS, EXECUTIVE DIRECTOR OF ARKANSAS TEACHER RETIREMENT SYSTEM, IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND PAYMENT OF LITIGATION EXPENSES**<br><br>Date:  February 27, 2018<br>Time:  2:00 p.m.<br>Place: Courtroom 1, 4th Floor<br>Judge: The Hon. Yvonne Gonzalez Rogers |

I, GEORGE HOPKINS, declare as follows, pursuant to 28 U.S.C. §1746:

1. I am the Executive Director of Arkansas Teacher Retirement System ("ATRS"), one of the Court-appointed Class Representatives in the above-captioned securities class action (the "Action").[1] ATRS is an institutional investor that provides retirement, disability, and survivor benefits to the thousands of current and former employees of the Arkansas education community, and manages approximately $16 billion in assets held in trust.

2. I respectfully submit this declaration in support of (a) approval of the proposed class action settlement and plan of allocation and (b) Class Counsel's motion for an award of attorneys' fees and litigation expenses, which includes ATRS's application for reimbursement of costs and expenses pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). I have personal knowledge of the matters related to ATRS's application and of the other matters set forth in this declaration, as I, or others working under my direction, have been directly involved in monitoring and overseeing the prosecution of the Action, and I could and would testify competently thereto.

**Work Performed by ATRS on Behalf of the Class**

3. ATRS understands that the PSLRA was intended to encourage institutional investors with large losses to seek to manage and direct securities fraud class actions. ATRS is a large, sophisticated institutional investor that committed itself to vigorously prosecuting this litigation, through trial if necessary. In seeking appointment as a lead plaintiff in the case, and later class representative, ATRS understood its fiduciary duties to serve the interests of the class by participating in the management and prosecution of the case.

4. Since ATRS's appointment, I and my colleague Rod Graves, Deputy Director, have monitored and been engaged in all material aspects of the prosecution and resolution of this litigation. Among other things, we worked with counsel to gather documents and information relating to the Action, including responding to Defendants' document requests and interrogatories. We met with our attorneys on several occasions, and spoke with them on a

---

[1] All capitalized terms used herein, unless otherwise defined, have the same meanings as set forth in the Stipulation and Agreement of Settlement (the "Stipulation"), dated as of October 9, 2017.

regular basis, to discuss the status of the case and counsel's strategy for the prosecution, and eventual settlement, of the case. Mr. Graves sat for a deposition on September 23, 2015 in Little Rock, Arkansas, and traveled to California for mediation sessions in 2016 and 2017. ATRS also reviewed pleadings, motions, and other material documents filed throughout the case.

**ATRS Endorses Approval of the Settlement**

5. Based on its involvement throughout the prosecution and resolution of the Action, ATRS believes that the proposed Settlement is fair, reasonable, and adequate and in the best interest of the Class. ATRS believes that the proposed Settlement represents a substantial recovery for the Class, particularly in light of the substantial risks of continuing to litigate the Action, and it endorses approval of the Settlement by the Court.

**ATRS Supports Class Counsel's Motion for an Award of Attorneys' Fees and Payment of Litigation Expenses**

6. ATRS also believes that Class Counsel's request for an award of attorneys' fees is fair and reasonable. ATRS has evaluated Class Counsel's fee request in light of the very substantial work performed, the risks and challenges in the litigation, as well as the favorable recovery obtained for the Class. ATRS understands that Class Counsel will also devote additional time in the future to administering the Settlement. ATRS further believes that the litigation expenses requested are reasonable, and represent the costs and expenses that were necessary for the successful prosecution and resolution of this case. Based on the foregoing, and consistent with its obligation to obtain the best result at the most efficient cost on behalf of the Class, ATRS fully supports Class Counsel's motion for attorneys' fees and payment of litigation expenses.

7. In addition, ATRS understands that reimbursement of a lead plaintiff's reasonable costs and expenses, including lost wages, is authorized under §21D(a)(4) of the PSLRA, 15 U.S.C. §78u-4(a)(4). Consequently, in connection with Class Counsel's request for payment of litigation expenses, ATRS seeks reimbursement in the amount of $8,348.25, which represents the cost of the 104 hours that ATRS devoted to supervising and participating in the litigation.

8.      Rod Graves and I were the primary points of contact between ATRS and Labaton Sucharow. We regularly consulted with counsel throughout the course of the litigation. We also reviewed court filings, responded to discovery (including the production of documents and sitting for a deposition), and attended two mediation sessions.

9.      In total, I dedicated at least 25 hours to this Action on behalf of ATRS. This was time that I did not spend conducting ATRS's usual business. My effective hourly rate is $108.91 per hour.[2] The total cost of my time is $2,722.75.

10.     In total, Mr. Graves dedicated at least 75 hours to this Action on behalf of ATRS. This was time that he did not spend conducting ATRS's usual business. His effective hourly rate is $72.78 per hour.[3] The total cost of his time is $5,458.50.

11.     Additionally, Chris Ausbrooks, ATRS's IT manager, performed work in connection with the Action at my or Mr. Graves' direction. He helped respond to discovery requests and assisted in ATRS's efforts to compile and provide responsive information and performed other necessary tasks at our direction.

12.     In total, Mr. Ausbrooks dedicated at least 4 hours to this Action on behalf of ATRS. This was time that he did not spend conducting ATRS's usual business. Mr. Ausbrooks' effective hourly rate is $41.75 per hour.[4] The total cost of his time is $167.00.

**Conclusion**

13.     In conclusion, ATRS endorses the Settlement as fair, reasonable, and adequate, and believes it represents a very favorable recovery for the Class. ATRS further supports Class Counsel's attorneys' fee and litigation expense request and believes that it represents fair and reasonable compensation for counsel in light of the extensive work performed, the recovery obtained for the Class, and the attendant litigation risks. Finally, ATRS requests reimbursement for its costs in the amount of $8,348.25. Accordingly, ATRS respectfully requests that the Court

---

[2] This hourly rate is based upon salary, benefits, and related taxes.
[3] This hourly rate is based upon salary, benefits, and related taxes.
[4] This hourly rate is based upon salary, benefits, and related taxes.

CASE NO. 4:14-CV-00226-YGR (JSC)
DECLARATION OF GEORGE HOPKINS IN SUPPORT OF MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR FEES & EXPENSES

3

1 | approve the motion for final approval of the proposed Settlement and the motion for an award of
2 | attorneys' fees and payment of litigation expenses.

4 | I declare under penalty of perjury under the laws of the United States of America that the
5 | foregoing is true and correct, and that I have the authority to execute this Declaration on behalf
6 | of ATRS.

7 | Executed this 22 day of January, 2018 at Little Rock, Arkansas.

*[signature]*
George Hopkins
Executive Director
Arkansas Teacher Retirement System