1
2
3
4

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Katherine L. Benson (State Bar No. 259826)
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

5

*Liaison Counsel*

6
7
8
9
10
11

**LABATON SUCHAROW LLP**
Jonathan Gardner (*pro hac vice*)
Carol C. Villegas (*pro hac vice*)
Alec T. Coquin (*pro hac vice*)
140 Broadway
New York, NY  10005
Telephone:  (212) 907-0700
Facsimile:  (212) 818-0477

**MOTLEY RICE LLC**
James M. Hughes (*pro hac vice*)
William S. Norton (*pro hac vice*)
Max N. Gruetzmacher (*pro hac vice*)
Michael J. Pendell (*pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
Telephone:  (843) 216-9000
Facsimile:  (843) 216-9450

12

*Co-Lead Counsel for the Class*

*Co-Lead Counsel for the Class*

13
14
15

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

16
17
18
19
20
21
22
23
24
25

BABAK HATAMIAN and LUSSA DENNJ SALVATORE, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

ADVANCED MICRO DEVICES, INC., RORY P. READ, THOMAS J. SEIFERT, RICHARD A. BERGMAN, AND LISA T. SU,

Defendants.

Case No. 4:14-cv-00226-YGR

CLASS ACTION

[~~PROPOSED~~] FINAL ORDER AND JUDGMENT

* As Modified by the Court *

26
27
28

[~~Proposed~~] Final Order and Judgment
Case No. 4:14-cv-00226-YGR

1

**WHEREAS**:

2     A.     A class action is pending in this Court entitled *Hatamian, et al. v. Advanced*

3     *Micro Devices, Inc., et al.*, Case No. 14-cv-00226-YGR (the "Action");

4     B.     Defendants in the Action are Advanced Micro Devices, Inc. ("AMD" or the

5     "Company"), and Rory P. Read, Thomas J. Seifert, Richard A. Bergman, and Lisa T. Su

6     (collectively, the "Individual Defendants" and with AMD, the "Defendants");

7     C.     By Order entered March 16, 2016, the Court certified a Class of:  all persons and

8     entities that, during the period from April 4, 2011 through October 18, 2012, inclusive, (the

9     "Class Period") purchased or otherwise acquired shares of the publicly traded common stock of

10     AMD (the "Class").  Excluded from the Class are AMD and the Individual Defendants; members

11     of the immediate families of the Individual Defendants; AMD's subsidiaries and affiliates; any

12     person who was an officer or director of AMD or any of AMD's subsidiaries or affiliates during

13     the Class Period; any entity in which any Defendant has a controlling interest; AMD's employee

14     retirement and benefit plan(s); any person or entity that validly and timely sought exclusion from

15     the Class in connection with the Notice of Pendency of Class Action (the "Class Notice")

16     previously disseminated who has not opted back into the Class (*see* Exhibit A hereto); and the

17     legal representatives, heirs, successors and assigns of any such excluded person or entity.

18     Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the Court's Order Granting

19     Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and

20     Setting Date for Hearing on Final Approval of Settlement, entered by the Court on October 25,

21     2017 (the "Preliminary Approval Order"), also excluded from the Class are those persons or

22     entities that submitted a timely and valid request for exclusion pursuant to the Settlement Notice

23     (defined below), which has been accepted by the Court (*see also* Exhibit A hereto);

24     D.     As of October 9, 2017, Class Representatives Arkansas Teacher Retirement

25     System ("ATRS") and KBC Asset Management NV ("KBC") (collectively, "Class

26     Representatives"), on behalf of themselves and each of the members of the certified Class, on the

27

28

[PROPOSED] FINAL ORDER AND JUDGMENT
CASE NO. 4:14-CV-00226-YGR

one hand, and Defendants, on the other hand, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the Action, which is annexed hereto as Exhibit B;

E.      Pursuant to the Preliminary Approval Order, the Court scheduled a hearing for February 27, 2018, at 2:00 p.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; and (ii) determine whether a judgment as provided for in the Stipulation should be entered;

F.      Also pursuant to the Preliminary Approval Order, the Court ordered that the Notice of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses (the "Settlement Notice") and a Proof of Claim and Release form ("Proof of Claim"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be mailed by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Class Members who could be identified through reasonable effort, and that a Summary Notice of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *Investor's Business Daily* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date;

G.      The Settlement Notice and the Summary Notice advised potential Class Members of the date, time, place, and purpose of the Settlement Hearing.  The Settlement Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were postmarked by February 6, 2018, that new requests for exclusion from the Class were to be postmarked by February 6, 2018, and that any requests to opt-back into the Class were to be postmarked by February 6, 2018;

H.      The provisions of the Preliminary Approval Order as to notice were complied with;

[PROPOSED] FINAL ORDER AND JUDGMENT
CASE NO. 4:14-CV-00226-YGR

3

1    I.    On January 23, 2018, Class Representatives moved for final approval of the

2    Settlement, as set forth in the Preliminary Approval Order.  The Settlement Hearing was duly

3    held before this Court on February 27, 2018, at which time all interested Persons were afforded

4    the opportunity to be heard; and

5    J.    This Court has duly considered Class Representatives' motion, the affidavits,

6    declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the

7    submissions and arguments presented with respect to the proposed Settlement;

8    NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND

9    DECREED that:

10    1.    This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with

11    the Court on October 9, 2017 and annexed hereto as Exhibit B; and (ii) the Settlement Notice,

12    which was filed with the Court on January 23, 2018.  Capitalized terms not defined in this

13    Judgment shall have the meaning set forth in the Stipulation.

14    2.    This Court has jurisdiction over the subject matter of the Action and over all

15    parties to the Action, including all Class Members.

16    3.    The Court finds that the mailing and publication of the Settlement Notice,

17    Summary Notice, and Proof of Claim: (i) complied with the Preliminary Approval Order; (ii)

18    constituted the best notice practicable under the circumstances; (iii) constituted notice that was

19    reasonably calculated to apprise Class Members of the effect of the Settlement, of the Plan of

20    Allocation, of Class Counsel's request for an award of attorney's fees and payment of litigation

21    expenses incurred in connection with the prosecution of the Action, of Class Members' right to

22    object, seek exclusion from, and/or opt-back into the Class, and of their right to appear at the

23    Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to

24    receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of

25    the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process

26    Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7),

27

28

1  as amended by the Private Securities Litigation Reform Act of 1995.  No Class Member is

2  relieved from the terms of the Settlement, including the releases provided for therein, based upon

3  the contention or proof that such Class Member failed to receive actual or adequate notice.  A

4  full opportunity has been offered to the Class Members to object to the proposed Settlement and

5  to participate in the hearing thereon.  The Court further finds that the notice provisions of the

6  Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting

7  period has elapsed.  Thus, it is hereby determined that all members of the Class are bound by this

8  Judgment, except those persons listed on Exhibit A to this Judgment.

9          4.      There have been two objections to the Settlement.  One submitted by John F.

10  Lackey (ECF Nos. 347, 355) and one submitted by Colin Hutcheson (ECF No. 351-3).  Both

11  have been considered by the Court and each is hereby overruled.  Mr. Lackey's request for

12  reimbursement of expenses is also denied, as his objection did not confer a benefit on the Class.

13          **Specifically, Mr. Lackey's objection is based on a misunderstanding of the Supreme**

14  **Court's holding in _Dura Pharm., Inc. v. Broudo_, 544 U.S. 336 (2005).  In _Dura_, the**

15  **Supreme Court held that the Private Securities Litigation Reform Act of 1995 requires**

16  **"that a plaintiff prove that the defendant's misrepresentation (or other fraudulent conduct)**

17  **proximately caused the plaintiff's economic loss." _Id_. at 356.  In so holding, the Court**

18  **rejected a standard which "would allow recovery where a misrepresentation leads to an**

19  **inflated purchase price but nonetheless does not proximately cause any economic loss." _Id_.**

20          **According to Mr. Lackey, "[i]f [named] plaintiffs, alone, are being paid under a**

21  **theory of 'artificial inflation' (as Plaintiffs assert), 'interested parties' are not receiving a**

22  **pro rate share in proportion to their Recognized Loses."  (Dkt. No. 369 at 2.)  However,**

23  **Mr. Lackey is incorrect that some plaintiffs "are being paid under" a different theory of**

24  **recovery.  As discussed at the hearing held on February 27, 2018, all plaintiffs including the**

25  **named plaintiffs in this matter shall receive the same pro rata share of the Settlement**

26  **amount.**

27   

28   

[PROPOSED] FINAL ORDER AND JUDGMENT
CASE NO. 4:14-cv-00226-YGR

1   **Next, Mr. Hutcheson's objection is not directed to the Settlement but rather**

2   **plaintiffs' counsel's decision to pursue a case against defendants in the first place.**

3       5.      In light of the benefits to the Class, the complexity, expense and possible duration

4   of further litigation against Defendants, the risks of establishing liability and damages, the costs

5   of continued litigation, the Court hereby fully and finally approves the Settlement as set forth in

6   the Stipulation in all respects, and finds that the Settlement is, in all respects, fair, reasonable and

7   adequate, and in the best interests of the Class.  This Court further finds the Settlement set forth

8   in the Stipulation is the result of arm's-length negotiations between experienced counsel

9   representing the interests of the Class and Defendants, all of whom had a firm understanding of

10  the factual and legal issues in dispute.  **Finally, the Court finds that the Settlement amount**

11  **represents approximately 7% of the estimated maximum damages in this matter.  (Dkt. No.**

12  **349 at 8.)  This percentage is more than double the median settlements as a percentage of**

13  **estimated damages obtained in securities class actions between 2007 and 2016.  (*See* Dkt.**

14  **No. 351-10, Cornerstone Research Securities Class Action Settlements: 2016 Review and**

15  **Analysis at 12, Fig. 7) (median settlements ranged from 2–3% of estimated maximum**

16  **damages between 2007 and 2016).**

17      6.      The Corrected Amended Class Action Complaint for Violations of the Federal

18  Securities Laws filed on June 11, 2014 (the "CAC") is dismissed in its entirety, with prejudice,

19  and without costs to any Party, except as otherwise provided in the Stipulation.

20      7.      The Court finds that during the course of the Action, the Parties and their

21  respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of

22  Civil Procedure.

23      8.      Class Representatives and each and every other Class Member are hereby

24  permanently and forever enjoined from commencing, instituting, prosecuting, or maintaining any

25  and all of the Released Claims against any and all of the Released Defendant Parties, as set forth

26  in the Stipulation.  Furthermore, Defendants are hereby permanently and forever enjoined from

27

28  [PROPOSED] FINAL ORDER AND JUDGMENT
    CASE NO. 4:14-cv-00226-YGR

6

commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants'
Claims against any and all of the Releasing Plaintiff Parties, as set forth in the Stipulation.  For
purposes of this Judgment:

a. "Released Claims" means any and all actions, suits, claims, demands, rights, liabilities, damages, costs, restitution, rescission, interest, attorneys' fees, expert or consulting fees, expenses, matters and issues known or Unknown (as defined below), contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, whether concealed or hidden, and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether based on federal, state, local, foreign, statutory or common law or any other law, rule or regulation, including claims under the Securities Act of 1933 or the Securities Exchange Act of 1934 or the securities laws of any state or territory, that have been or that might have been asserted by any Releasing Plaintiff Party against any of the Released Defendant Parties, arising out of, relating to, based upon, or in connection with both: (a) any purchase, acquisition, disposition, sale, or holding of AMD publicly traded common stock during the Class Period and (b) any facts, claims, matters, allegations, transactions, events, disclosures, representations, statements, acts, or omissions or failures to act that were alleged, set forth, referred to, or that could have been alleged in the Action against the Released Defendant Parties.  For the avoidance of doubt, the following claims are not included as Released Claims: (i) *Wessels v. Read, et al.*, Case No. 1:14 cv-262486 (Santa Clara Super. Ct.); (ii) *Christopher Hamilton and David Hamilton v. Barnes, et al.*, Case No. 5:15-cv-01890

1   (N.D. Cal.); (iii) *Jake Ha v. Caldwell, et al.*, Case No. 3:15-cv-04485

2   (N.D. Cal.); (iv) those of any Person who is listed on Exhibit A hereto; or

3   (vi) claims relating to the enforcement of the Settlement.

4   b.   "Released Defendant Party" or "Released Defendant Parties" means

5   Defendants, Defendants' Counsel,  and each of their respective past or

6   present subsidiaries, parents, affiliates, principals, successors and

7   predecessors, joint venturers, assigns, officers, directors, shareholders,

8   underwriters, trustees, partners, members, agents, fiduciaries, contractors,

9   employees, attorneys, insurers, co-insurers, reinsurers, controlling

10   shareholders, accountants or auditors, financial or investment advisors or

11   consultants, banks or investment bankers, personal or legal

12   representatives, estates, heirs, related or affiliated entities, any entity in

13   which a Defendant has a controlling interest, any member of an Individual

14   Defendant's immediate family, or any trust of which any Individual

15   Defendant is a settlor or which is for the benefit of any Defendant and/or

16   member(s) of his or her family, and each of the heirs, executors,

17   administrators, predecessors, successors, and assigns of the foregoing.

18   c.   "Released Defendants' Claims" means all claims, demands, rights,

19   remedies, liabilities, and causes of action of every nature and description

20   whatsoever, including both known claims and Unknown Claims (as

21   defined below), whether arising under federal, state, local, statutory,

22   common or foreign law, or any other law, rule, or regulation, that

23   Defendants could have asserted against any of the Releasing Plaintiff

24   Parties that arise out of or relate in any way to the institution, prosecution,

25   or settlement of the claims in the Action, except for claims relating to the

26   enforcement of the Settlement.

27

28   [PROPOSED] FINAL ORDER AND JUDGMENT
CASE NO. 4:14-cv-00226-YGR

8

1        d.    "Released Parties" means the Released Defendant Parties and the

2             Releasing Plaintiff Parties.

3        e.    "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" means each and

4             every Class Member, Class Representatives, Class Counsel, Liaison

5             Counsel, and each of their respective past or present trustees, officers,

6             directors, partners, employees, contractors, auditors, principals, agents,

7             attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries,

8             general or limited partners or partnerships, and limited liability companies;

9             and the spouses, members of the immediate families, representatives, and

10            heirs of any Releasing Plaintiff Party who is an individual, as well as any

11            trust of which any Releasing Plaintiff Party is the settlor or which is for

12            the benefit of any of their immediate family members.  Releasing Plaintiff

13            Parties does not include any Person who timely and validly seeks

14            exclusion from the Class.

15        f.    "Unknown Claims" means any and all Released Claims that Class

16            Representatives or any other Class Member does not know or suspect to

17            exist in his, her, or its favor at the time of the release of the Released

18            Defendant Parties, and any and all Released Defendants' Claims that any

19            Defendant does not know or suspect to exist in his, her, or its favor at the

20            time of the release of the Releasing Plaintiff Parties, which if known by

21            him, her, or it might have affected his, her, or its decision(s) with respect

22            to the Settlement, including the decision to object to the terms of the

23            Settlement or to exclude himself, herself, or itself from the Class.  With

24            respect to any and all Released Claims and Released Defendants' Claims,

25            the Parties stipulate and agree that, upon the Effective Date, Class

26            Representatives and Defendants shall expressly, and each other Class

27

28

Member and Released Defendant Parties shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Class Representatives, other Class Members, Defendants, or any Released Defendant Party may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims and the Released Defendants' Claims, but Class Representatives and Defendants shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Class Member and Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, known or

1                      unknown, suspected or unsuspected, contingent or absolute, accrued or

2                      unaccrued, apparent or unapparent, which now exist, or heretofore existed,

3                      or may hereafter exist, without regard to the subsequent discovery or

4                      existence of such different or additional facts, legal theories, or authorities.

5                      Class Representatives and Defendants acknowledge, and other Class

6                      Members and Released Defendant Party by operation of law shall be

7                      deemed to have acknowledged, that the inclusion of "Unknown Claims" in

8                      the definition of Released Claims and Released Defendants' Claims was

9                      separately bargained for and was a material element of the Settlement.

10        9.      **Contribution/Indemnification Bar Order**:  All Persons are barred from

11  commencing, prosecuting, or asserting any Barred Claims (defined below).  All Barred Claims

12  are hereby extinguished, discharged, satisfied, and unenforceable.  If any provision of this Bar

13  Order is held to be unenforceable after the date of entry of this Judgment, such provision shall be

14  replaced with such other provision as may be necessary to afford all Released Parties the fullest

15  protection permitted by law from any Barred Claim.  For purposes of this Judgment, "Barred

16  Claim" means any claim, however styled, whether for indemnification, contribution, or

17  otherwise and whether arising under state, federal or common law, against a Person where the

18  claim is or arises from a Released Claim and the alleged injury to such Person bringing the claim

19  arises from that Person's alleged liability to the Class or any Class Member, including any claim

20  in which a Person seeks to recover (i) any amounts such Person has or might become liable to

21  pay to the Class or any Class Member and/or (ii) any costs, expenses, or attorneys' fees from

22  defending any claim by the Class or any Class Member.

23        10.     Notwithstanding the foregoing ¶ 9, nothing in this Judgment:

24                a.      will bar or constitute a release of any claim by any of the Released

25                      Defendant Parties for insurance or reinsurance coverage arising out of,

26                      related to, or in connection with this Action or the Released Claims; or

27

28  [PROPOSED] FINAL ORDER AND JUDGMENT
      CASE NO. 4:14-cv-00226-YGR

b.      shall prevent any Person listed on Exhibit A hereto, and the legal representatives, heirs, successors and assigns of any such excluded person or entity, from pursuing any claim against any Released Defendant Party; if any such Person pursues any such claim against any Released Defendant Party, nothing in this Judgment or in the Stipulation shall operate to preclude such Released Defendant Party from (i) asserting any claim of any kind against such Person, including any Released Defendants' Claim, or (ii) seeking contribution or indemnity from any Person, including any other Released Defendant Party, in respect of the claim made by a Person listed on Exhibit A, and the legal representatives, heirs, successors and assigns of any such excluded person or entity.

11.     Each Class Member, whether or not such Class Member executes and delivers a Proof of Claim, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

12.     This Judgment and the Stipulation, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)     do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any allegation by plaintiffs and the Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any

liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever;

(b)     do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of plaintiffs, or any other member of the Class as evidence of any infirmity in the claims of plaintiffs, or the other members of the Class;

(c)     do not constitute, and shall not be offered or received against or to the prejudice of Defendants, plaintiffs, any other member of the Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, plaintiffs, other members of the Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d)     do not constitute, and shall not be construed against Defendants, plaintiffs, or any other member of the Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)     do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against plaintiffs, or any other member of the Class that any of their claims are without merit or infirm or that damages recoverable under the CAC would not have exceeded the Settlement Amount.

13.     The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

14.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

15.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16.     The Parties are hereby directed to consummate the Stipulation and to perform its terms.

17.     A separate order shall be entered regarding Class Counsel's motion for an award of attorneys' fees and payment of expenses.  A separate order shall be entered regarding the Plan of Allocation set forth in the Notice.  Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

18.     The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

19.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction for a period of one year from the date of this Judgment over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) hearing and determining applications for attorneys' fees, costs, interest and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

//
//
//
//

Dated: __March 2_____, 2018

HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

| Count | Name | City | State |
|---|---|---|---|
| 1 | SAM MERCURIO | GRANBURY | TX |
| 2 | GUISEPPE MANZELLA | CHICAGO | IL |
| 3 | DAVID M SMITH | KANSAS CITY | MO |
| 4 | GLENN MCKOY | NEW YORK | NY |
| 5 | JAMES C GRAY | COOKEVILLE | TN |
| 6 | MICHAEL E MORAN | GREENSBURG | PA |
| 7 | SERGE FAVRE | GLAND | Switzerland |
| 8 | JASON GUTOWSKI | ROCKVILLE | MD |
| 9 | ANDREW BOORDA | MIDDLETOWN | RI |
| 10 | RAYMOND J PIRES | LINCOLN | RI |
| 11 | RICHARD LETT & DIANE LETT | STOUTSVILLE | MO |
| 12 | HAROLD VAN BUREN & SUE VAN BUREN | CHANDLER | AZ |
| 13 | ALICE STATON & LEONARD EWENSTEIN | NEW YORK | NY |
| 14 | REZA ASADI & DOROTHY ESTERLE-ASSADI | ATHENS | OH |
| 15 | MARCUS ROUX | AMBLER | PA |
| 16 | ADAM FRISBIE | CEDAR FALLS | IA |
| 17 | CLAUDIO ANDREONI | NEW YORK | NY |